TODD KIM
Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division

HAYLEY A. CARPENTER (CA Bar No. 312611)
TYLER M. ALEXANDER (CA Bar No. 313188)
Trial Attorneys
Natural Resources Section
150 M St. NE, Washington, D.C.
Washington, DC  20002
(202) 305-0242 (Carpenter)
(202) 305-0238 (Alexander)
hayley.carpenter@usdoj.gov
tyler.alexander@usdoj.gov

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
MEDFORD DIVISION

| | |
|---|---|
| **BLUE MOUNTAINS BIODIVERSITY PROJECT**, an Oregon non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>**HOMER WILKES,** in his official capacity as Undersecretary for Natural Resources and Environment, United States Department of Agriculture; **GLENN CASAMASSA**, in his official capacity as Regional Forester for Region 6; **SHANE JEFFRIES**, in his official capacity as Forest Supervisor of the Ochoco National Forest; **MICHAEL RAMSEY**, in his official capacity as District Ranger for the Lakeview Ranger District, Fremont Winema National Forest; and the **UNITED STATES FOREST SERVICE**,<br><br>Defendants. | Case No. 1:22-cv-01500-CL<br><br><br>**DEFENDANTS' MOTION TO DISMISS** |

## I.     MOTION

Defendants move to dismiss Plaintiff Blue Mountains Biodiversity Project's ("Plaintiff") Complaint. Compl. ¶¶ 65-67, ECF No. 1. Each of Plaintiff's claims rests on the allegation that the United States Department of Agriculture's Forest Service was required to hold an administrative pre-decisional objection period before promulgating the 2021 Eastside Screens Amendment: Forest Management Direction for Large Diameter Trees in Eastern Oregon and Southeastern Washington ("Eastside Screens Amendment"). That contention fails because Department of Agriculture regulations make plain that an objection period is not required for a decision—like the Eastside Screens Amendment—signed by the United States Department of Agriculture's Under Secretary of Natural Resources and Environment ("Under Secretary"). *See* 36 C.F.R. § 219.51(b). Thus, Plaintiff fails to state a claim for relief, and Plaintiff's three claims should be dismissed with prejudice under Federal Rule of Civil Procedure 12(b)(6). Defendants have conferred telephonically with Plaintiff's counsel regarding this motion, but the Parties were not able to resolve the dispute. Plaintiff opposes this Motion.

## II.     INTRODUCTION

On a practical level, this case represents an attack on the authority vested in the Under Secretary of the Department of Agriculture to manage our national forests. Reflecting this vested authority, Department of Agriculture regulations allow the Under Secretary to make a *final* determination, foregoing the usual administrative objection period, for plans, plan amendments, or plan revisions that the Under Secretary "proposes." 36 C.F.R. § 219.51(b). Although sparingly used, this final determination authority is critical for allowing the Agency to act nimbly in solving the many challenges threatening the health of our national forests. Plaintiff attempts to undermine this lawful exercise of authority by unreasonably narrowing the definition

United States' Mem. in Supp. of Mot. to Dismiss
*Blue Mountains Biodiversity Project v. Wilkes, et al.*
Case No. 1:22-cv-01500-CL (D. Oregon)                                          2

of "proposed" to exclude any decision signed by the Under Secretary if it happens to have been first introduced or identified by another department official. This interpretation runs counter to the plain meaning of the regulation and to case law interpreting its language. Therefore, the legal theory underpinning the entirety of Plaintiff's Complaint is incorrect, and the Court should dismiss it under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

### III.     FACTUAL BACKGROUND[1]

This action concerns the 2021 Eastside Screens Amendment, which amended the Forest Plans for six national forests in Eastern Oregon and Southeastern Washington. *See* Compl. ¶ 2. Although Plaintiff nominally also challenges the South Warner Habitat Restoration Project ("South Warner Project" or the "Project"), the only alleged deficiency Plaintiff identifies in that Project is that it was issued pursuant to the allegedly unlawful Eastside Screens Amendment. *Id.* ¶¶ 2-4.

Plaintiff's First Claim alleges that the Forest Service violated Department of Agriculture regulations—promulgated under the National Forest Management Act ("NFMA")—and the Administrative Procedure Act ("APA") by not holding an objection period for the Eastside Screens Amendment. *Id.* ¶ 65. Plaintiff's Second Claim alleges that the Forest Service violated Departmental regulations and the APA by allegedly failing to provide an adequate explanation for why the Forest Service did not hold an objection period for the Eastside Screens Amendment. *Id.* ¶ 66. Plaintiff's Third Claim alleges that Defendants violated NFMA and the APA by

---

[1] For purposes of its motion to dismiss, Defendants assume that the allegations in the Complaint are true. Defendants do not, however, admit that any of the allegations are true. Nor do Defendants waive any right to later contest any of the allegations.

United States' Mem. in Supp. of Mot. to Dismiss
*Blue Mountains Biodiversity Project v. Wilkes, et al.*
Case No. 1:22-cv-01500-CL (D. Oregon)                                                                 3

approving the South Warner Project because the Project relies on the allegedly unlawful Eastside Screens Amendment.  *Id.* ¶ 67.

## IV.  LEGAL BACKGROUND

### A.  National Forest Management Act

"NFMA and its implementing regulations provide for forest planning and management by the Forest Service on two levels: (1) forest level, and (2) individual project level." *Native Ecosystems Council v. Weldon*, 697 F.3d 1043, 1056 (9th Cir. 2012).  First, at the forest level, NFMA directs the Department of Agriculture to "develop, maintain, and, as appropriate, revise land and resource management plans for units of the National Forest System." 16 U.S.C. § 1604(a). Second, at the project level, the Service analyzes and issues decisions on site-specific projects.  Under NFMA, site-specific projects must be consistent with the applicable forest plan. 16 U.S.C. § 1604(i).  The Forest Service may amend forest plans, and those "[p]lan amendments may be broad or narrow," 36 C.F.R. § 219.13(a), ranging from project-specific to forest-wide, National Forest System Land Management Planning, 77 Fed. Reg. 21,162-01, 21,268 (Apr. 9, 2012) ("Management Planning"); *see also* 16 U.S.C. § 1604(f)(4) (authorizing forest plan to be amended "in any manner whatsoever").

The U.S. Department of Agriculture has promulgated regulations under NFMA providing for pre-decisional objection processes. *See* 36 C.F.R. §§ 218.1-218.16; §§ 219.50-219.62.  The regulations in Section 219 apply to forest plan adoptions, amendments, and revisions, while those in Section 218 apply to project or permit decisions. *Id.*  In both cases, the regulations exempt decisions "proposed" by the Secretary of Agriculture ("Secretary") or Under Secretary from the objection process.  36 C.F.R. § 218.13(b); 36 C.F.R. § 219.51(b).

United States' Mem. in Supp. of Mot. to Dismiss
*Blue Mountains Biodiversity Project v. Wilkes, et al.*
Case No. 1:22-cv-01500-CL (D. Oregon)                                         4

B. **National Environmental Policy Act**

Congress enacted the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321-4370m-12, to establish a process for federal agencies to consider the environmental impacts of major federal actions. *Vt. Yankee Nuclear Power Corp. v. Nat. Res. Def. Council, Inc.*, 435 U.S. 519, 558 (1978). NEPA imposes procedural rather than substantive requirements. *Robertson v. Methow Valley Citizens Council*, 490 U.S. 332, 350 (1989).

NEPA's implementing regulations provide that an agency may prepare an environmental assessment, as the Forest Service prepared for the Eastside Screens Amendment, Compl. ¶ 55, to determine whether a proposed federal action will have a significant impact. 40 C.F.R. § 1508.9 (2020). If the agency concludes in the environmental assessment that there is a significant effect from the proposed project, the federal agency must prepare an environmental impact statement analyzing and disclosing these effects through a consideration of alternatives. 40 C.F.R. § 1502.1.

C. **Administrative Procedure Act**

Challenges to agency action are reviewed under the APA. A court may set aside an agency action only if it determines that the action was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). This standard of review is "highly deferential, presuming the agency action to be valid and affirming the agency action if a reasonable basis exists for its decision." *Nw. Ecosystem All. v. U.S. Fish & Wildlife Serv.*, 475 F.3d 1136, 1140 (9th Cir. 2007) (internal citation omitted). This is especially true in the context of management of national forests, for "Congress has consistently acknowledged that the Forest Service must balance competing demands in managing National Forest System lands." *The Lands Council v. McNair*, 537 F.3d 981, 990 (9th Cir. 2008) (en banc).

United States' Mem. in Supp. of Mot. to Dismiss
*Blue Mountains Biodiversity Project v. Wilkes, et al.*
Case No. 1:22-cv-01500-CL (D. Oregon)                                                                 5

## V.  STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a claim is dismissed "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (citation omitted). "On a motion to dismiss, the court accepts the facts alleged in the complaint as true." *Id.* (citation omitted).  The United States moves to dismiss all three of Plaintiff's claims under Rule 12(b)(6) because these claims are based on the incorrect and non-cognizable legal theory that U.S. Department of Agriculture's regulations require the Department to hold an objection period for a Forest Service decision signed by the Under Secretary.

## VI.  ARGUMENT

### A.  The Department did not violate its regulations by not providing an administrative objection period for the Eastside Screens Amendment.

Plaintiff alleges that the Forest Service violated Departmental regulations by exempting the Eastside Screens Amendment from the predecisional objection process.  Compl. ¶¶ 55, 65-67.  The Department's regulations, however, provide that "[p]lans, plan amendments, or plan revisions proposed by the Secretary of Agriculture or the Under Secretary for Natural Resources and Environment are not subject to the [objection] procedures," but rather, "constitute[] the final administrative determination of the U.S. Department of Agriculture."  36 C.F.R. § 219.51(b). Although the Under Secretary was identified as the official responsible for the Eastside Screens Amendment when the Final Environmental Assessment ("EA") and Decision Notice / Finding of No Significant Impact ("DN/FONSI") were published, Plaintiff argues that the objection process nevertheless applies because the Ochoco National Forest Supervisor was listed as the Responsible Official in an initial notice and the Amendment's Preliminary EA, and thus, the

United States' Mem. in Supp. of Mot. to Dismiss
*Blue Mountains Biodiversity Project v. Wilkes, et al.*
Case No. 1:22-cv-01500-CL (D. Oregon)                                                                                    6

Eastside Screens Amendment was not "proposed," only signed, by the Under Secretary. Compl. ¶¶ 50, 52, 55. That argument lacks merit.

The Department expressly contemplated, and decided not to subject, Secretarial officer decisions to administrative objections when it promulgated the regulations establishing the forest planning objection process. *See* 36 C.F.R. § 219.51(b). As the rule's accompanying preamble explains:

> *Comment: Secretary decisions subject to administrative review.* Some respondents felt decisions made by the Secretary or the Under Secretary for Natural Resources and Environment affecting the Forest Service should be subject to administrative review.
>
> *Response:* Land management plan decisions made by the Secretary or Under Secretary for Natural Resources and Environment have never been subject to appeal or objection. The Department chooses not to change this approach. The Agency anticipates that approvals of plans, plan amendments, or plan revisions by the Secretary or Under Secretary will continue to be rare occurrences.

Management Planning, 77 Fed. Reg. at 21,247-48 (emphasis added).

The Department's determination to exclude decisions made by the Secretary or Under Secretary from the objection process is entirely consistent with the Department's overall statutory and regulatory system of management and oversight of the National Forest System. The Under Secretary is a Senate-confirmed, presidentially appointed officer. *See* 7 U.S.C. § 6961(b). Congress directed that he or she be delegated "those functions under the jurisdiction of the Department that are related to natural resources and environment . . . ." *Id*. § 6961(c)(1). Accordingly, the Secretary of Agriculture—to whom "all functions" of "all other officers, and of all agencies and employees, of the Department of Agriculture" have been transferred, *see* Reorganization Plan No. 2 of 1953, § 1(a), 67 Stat. 633, *confirmed by* Anti-Disruption Reorganization Act, Pub. L. No. 98-532, 98 Stat. 2705 (1984)—has delegated the duties of

United States' Mem. in Supp. of Mot. to Dismiss
*Blue Mountains Biodiversity Project v. Wilkes, et al.*
Case No. 1:22-cv-01500-CL (D. Oregon)                                        7

"[p]rotect[ing], manag[ing], and administer[ing] the national forests" to the Under Secretary. 7 C.F.R. § 2.20(a)(2)(ii).

The regulations exempting the Under Secretary's decisions from the objection process provide that: "Nothing in this subpart restricts the Secretary of Agriculture from exercising any statutory authority regarding the protection, management, or administration of [National Forest System] lands." 36 C.F.R. § 219.60.  Another of the Department's delegation regulations reinforces the point that the Secretary and Under Secretary may always exercise authority they have delegated to other officials: "No delegation of authority by the Secretary or a general officer contained in this part shall preclude the Secretary or general officer from exercising any of the authority so delegated." 7 C.F.R. § 2.12.  Plaintiff's interpretation of the regulations is untenable because—contrary to the statutory and regulatory delegations described above—it would disqualify both the Under Secretary and the Secretary from making final decisions in the first instance on forest plan approvals, amendments, or revisions if any other official had first identified or introduced the amendment.

Plaintiff's crabbed reading would strip the Under Secretary of his lawfully delegated authority to make final decisions in the first instance whenever the Department of Agriculture amends a forest plan or plans.  That consequence follows from Plaintiff's argument because, under the regulations, objections to a decision must be reviewed by an official at "the next higher administrative level." 36 C.F.R. § 219.56(e).  But the only official at a higher administrative level than the Under Secretary is the Secretary of Agriculture, and if the Secretary were to serve as the reviewing official for the Under Secretary's signed amendment, the Under Secretary's decision on the amendment would no longer be "final," in contravention of 36 C.F.R. § 219.51(b).

United States' Mem. in Supp. of Mot. to Dismiss
*Blue Mountains Biodiversity Project v. Wilkes, et al.*
Case No. 1:22-cv-01500-CL (D. Oregon)                                                                                                    8

Even if the Secretary of Agriculture could review objections to the Under Secretary's decisions through some process not found in the regulations, subjecting the Under Secretary's decision to Secretarial review would essentially prevent the Secretary from delegating final decisionmaking authority to the Under Secretary. Doing so would conflict with the statute and regulation conferring upon the Under Secretary, without limitation, "those functions" of the Department related to natural resources, including the authority to "manage" and "administer the national forests." 7 U.S.C. § 6961(c)(1); 7 C.F.R. § 2.20(a)(2)(ii).

Plaintiff's argument also would have absurd consequences for the Secretary, to whom the regulation that Plaintiff relies, 36 C.F.R. § 219.51(b), also applies. The Secretary is the cabinet official exercising full "supervision and control" over the Department of Agriculture. 7 U.S.C. § 2202. But the objection process cannot apply to him because there is no one to serve as a "reviewing officer" over his or her decisions. *See* 36 C.F.R. 219.56(e). As with decisions by the Under Secretary, the Secretary's decisions are also "final" for the Department. 36 C.F.R. § 219.51(b).

Plaintiff's narrow reading of "proposed"—as excluding decision documents signed by the Under Secretary where the idea originated with another Department official—contradicts the plain meaning of the term "proposed" in other, analogous regulations. *See* Compl. ¶ 55. Specifically, NEPA's implementing regulations apply to "proposals" for "major Federal actions." 42 U.S.C. § 4332(2)(C). A "proposal" exists under NEPA when a federal agency "has a goal and is actively preparing to make a decision on one or more alternative means of accomplishing that goal and the effects can be meaningfully evaluated." 40 C.F.R. § 1508.23 (2020). In other words, whether an idea can be deemed a "proposal" has nothing to do with who originated the idea, but, rather, whether the idea is sufficiently developed to permit the

United States' Mem. in Supp. of Mot. to Dismiss
*Blue Mountains Biodiversity Project v. Wilkes, et al.*
Case No. 1:22-cv-01500-CL (D. Oregon)                                                                 9

meaningful weighing of alternatives and impacts. That broader understanding of "proposal," which disregards the origin of a decision, is also found in the Forest Service Handbook: "When the Forest Service accepts an external proponent's proposal (like a powerline or ski resort) it becomes an Agency proposal to authorize the action." FOREST SERV., HANDBOOK 1909.15, ch. 10, § 11.2 (2012). The broader interpretation is also consistent with the Department's analogous regulations governing administrative objections to Forest Service projects and permits, which refer to "proposals made below the level of the Chief," or by the Chief himself, 36 C.F.R. § 218.3(a), and do not distinguish approvals based on which official *originally conceived of* the proposed activity.

      The Fourth Circuit recently held that this broader interpretation of "proposed" is correct. *See Wild Va. v. U.S. Forest Serv.*, 24 F.4th 915, 927 (4th Cir. 2022). There, a company applied to the Forest Service to build a pipeline on National Forest System land. *Id.* at 922-23. The Forest Service did not hold an objection period for its decision to authorize the pipeline because the Under Secretary signed the decision. *Id.* at 926-27. Plaintiffs there argued that the authorization should have been subject to the administrative objection process because "[the pipeline company], not the Under Secretary for Natural Resources and Environment, 'proposed' the Pipeline project." *Id.* at 927. The Fourth Circuit held that the plaintiffs' "interpretation of the term 'proposed' as it is used in the exception [referring to 36 C.F.R. § 218.13(b), the analog to 36 C.F.R. § 219.51(b), but for projects and permits rather than forest plans] is too narrow and ignores the broader regulatory scheme." *Id.* The Court further explained "that a proposal, for purposes of the exception, does not mean the application triggering action by the Forest Service but, rather, how the Forest Service decides to act in response to that application" and that "[t]here is no distinction based on the source of the project's application." *Id.* Accordingly, because the

United States' Mem. in Supp. of Mot. to Dismiss
*Blue Mountains Biodiversity Project v. Wilkes, et al.*
Case No. 1:22-cv-01500-CL (D. Oregon)                                                                                                  10

Under Secretary signed the decision document authorizing the pipeline, "the proposal was not subject to the predecisional review process." *Id.* (citations omitted). The same result should follow here, where the Under Secretary—though not the genesis—was the ultimate decisionmaker. Such a reading aligns with the Department's contemporaneous interpretation set out in the regulation's preamble quoted above that focuses on the "decision" and "approvals," not who had an idea first. *See* Management Planning, 77 Fed. Reg. at 21,247.

In sum, the Secretary properly delegated final decisonmaking authority regarding forest plan amendments to the Under Secretary, and neither the regulations nor the statutes cited by Plaintiff support disqualifying either of those officials from "propos[ing]" and approving matters such as the Eastside Screens Amendment without an objection period. Given that the Under Secretary "proposed" and executed the Eastside Screens Amendment expressly citing 36 C.F.R. § 219.51(b), Plaintiff's Claim One—arguing that the Forest Service violated its objection regulations and that the Eastside Screens Amendment is an arbitrary and capricious decision as a result, Compl. ¶ 65—is based on an incorrect and non-cognizable legal theory and should be dismissed. Plaintiff's Claim Three, which argues that the South Warner Project violates NFMA because it relies on the allegedly invalid Eastside Screens Amendment, Compl. ¶ 67, is also based on an incorrect and non-cognizable legal theory because it hinges on whether the Under Secretary properly forewent an objection period for the Eastside Screens Amendment.

Plaintiff's Claim Two, which contends that the DN/FONSI did not adequately explain why the Eastside Screens Amendment was not subject to the objection process, Compl. ¶ 66, is also based on an incorrect and non-cognizable legal theory. Although Plaintiff is correct that "36 C.F.R. § 219.51(d) requires that, when a plan amendment is not subject to the objection process, the responsible official 'shall include an explanation with the signed decision document,'"

United States' Mem. in Supp. of Mot. to Dismiss
*Blue Mountains Biodiversity Project v. Wilkes, et al.*
Case No. 1:22-cv-01500-CL (D. Oregon)                                                                    11

Compl. ¶ 56, the regulation does not set forth any requirements for how detailed that explanation need be. *See Merrill Ditch-Liners, Inc. v. Pablo*, 670 F.2d 139, 141 (9th Cir. 1982) ("We conclude that the facts of this case fall under the narrow exception to judicial review: the statute . . . is drawn in such broad terms that there is no law to apply." (internal quotation marks and citation omitted)). Thus, it was sufficient for the signed decision document, in this case the DN/FONSI, to state that the Eastside Screens Amendment was not subject to the objection process "because it is signed by the Under Secretary for Natural Resources and Environment." Compl. ¶ 56 (quoting DN/FONSI at 13). The clear language of 36 C.F.R. § 219.51(b)— "Plans, plan amendments, or plan revisions proposed by the Secretary . . . or the Under Secretary . . . are not subject to the procedures set forth in this section. A decision by the Secretary or Under Secretary constitutes the final administrative determination of the U.S. Department of Agriculture"—further undercuts the need for additional explanation on this point. *See Forest Serv. Emps. for Env't Ethics v. U.S. Forest Serv.*, 726 F. Supp. 2d 1195, 1212 (D. Mont. 2010) ("The discussion is brief, but the regulations require nothing more . . . The Forest Service's discussion of the effects on fish is adequate." (citation omitted)). The DN/FONSI's explanation easily clarified that the Decision fell under 36 C.F.R. § 219.51(b), and Plaintiff points to no authority requiring a more detailed explanation—nor could it.

## VII. CONCLUSION

In Plaintiff's three claims, it asks this Court to contradict both the plain reading of 36 C.F.R. § 219.51(b) and the Fourth Circuit Court of Appeal's interpretation of a parallel and analogous regulation. These claims lack merit. The Court should reject the claims and dismiss the entirety of Plaintiff's Complaint with prejudice under Federal Rule of Civil Procedure 12(b)(6).

United States' Mem. in Supp. of Mot. to Dismiss
*Blue Mountains Biodiversity Project v. Wilkes, et al.*
Case No. 1:22-cv-01500-CL (D. Oregon)                                                    12

Respectfully submitted this 17th day of January, 2023.

        TODD KIM
        Assistant Attorney General
        U.S. Department of Justice
        Environment and Natural Resources Division

        /s/     *Hayley A. Carpenter*
        HAYLEY A. CARPENTER (CA Bar No. 312611)
        TYLER M. ALEXANDER (CA Bar No. 313188)
        Trial Attorneys
        Natural Resources Section
        P.O. Box 7611
        Washington, DC  20044
        (202) 305-0242 (Carpenter)
        (202) 305-0238 (Alexander)
        hayley.carpenter@usdoj.gov
        tyler.alexander@usdoj.gov

        *Attorneys for Defendants*

United States' Mem. in Supp. of Mot. to Dismiss
*Blue Mountains Biodiversity Project v. Wilkes, et al.*
Case No. 1:22-cv-01500-CL (D. Oregon)                                                                 13