Thomas Buchele, OSB No. 081560
Earthrise Law Center
Lewis & Clark Law School
10101 S. Terwilliger Blvd.
Portland, OR 97219-7799
Tel: 503-768-6736
Fax: 503-768-6642
Email: tbuchele@lclark.edu

Austin Starnes, OSB No. 224970
Blue Mountains Biodiversity Project
5113 SE 30th Ave, Apt 237
Portland, OR 97202
Tel: 317-964-3776
Email: austin@bluemountainsbiodiversityproject.org

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## MEDFORD DIVISION

| | |
|---|---|
| **BLUE MOUNTAINS BIODIVERSITY PROJECT,** an Oregon nonprofit corporation, <br><br>          Plaintiff, <br><br>     v. <br><br> **HOMER WILKES,** Under Secretary for Natural Resources and Environment, United States Department of Agriculture, in his official capacity; **UNITED STATES DEPARTMENT OF AGRICULTURE,** an agency of the United States; **GLENN CASAMASSA,** Regional Forester for Region 6, in his official capacity; **SHANE JEFFRIES,** Forest Supervisor, Ochoco National Forest, in his official capacity; **MICHAEL RAMSEY,** District Ranger for the Lakeview Ranger District, Fremont Winema National Forest, in his official capacity; | Case No. 1:22-cv-01500-CL <br><br> **RESPONSE AND OBJECTION TO DEFENDANTS' NOTICE OF RELATED CASE** |

**UNITED STATES FOREST SERVICE,**
an agency of the United States Department
of Agriculture,

        Defendants.

Plaintiff Blue Mountains Biodiversity Project ("BMBP") hereby objects to Defendants' Notice of Related Case, ECF No. 23, filed with this Court on January 17, 2023.

The Medford Division of the District of Oregon is the appropriate venue for this case. Plaintiff Blue Mountains Biodiversity Project's ("BMBP") Complaint alleges three counts of legal violations, all of which have tangible harms that will be felt on-the-ground in the Fremont-Winema National Forest ("FWNF"). ECF No. 1, at 21–22, ¶¶ 65–67. These harms stem from the South Warner Habitat Restoration Project ("South Warner Project" or "Project"), which the United States Forest Service ("Forest Service" or "Service") approved for implementation in Lake County, Oregon on December 27, 2021. South Warner Decision Memo at 15. The South Warner Project authorized the commercial logging of up to 16,000 acres, including white fir trees up to 30" diameter at breast height ("DBH"), in reliance upon the FWNF Land and Resource Management Plan ("LRMP" or "Forest Plan") as illegally amended by the 2021 *Eastside Screens Amendment: Forest Management Direction for Large Diameter Trees in Eastern Oregon and Southeastern Washington* ("Eastside Screens Amendment").

BMBP challenged both the South Warner Project and the 2021 Eastside Screens Amendment to the FWNF Forest Plan in reliance upon *Ohio Forestry Association, Inc. v. Sierra Club*, 523 U.S. 726, 733 (1998), in which the Supreme Court held that most potentially illegal Forest Plan provisions are not ripe for judicial review until they are implemented in a site-specific forest management project. The South Warner Project is the first project implemented by the Forest Service to rely upon the 2021 Eastside Screens Amendment, and because the South

RESPONSE AND OBJECTION TO DEFENDANTS' NOTICE OF RELATED CASE      2

Warner Project will be implemented on the FWNF in Lake County, Oregon, this case was required to be filed in the Medford Division. According to the District of Oregon's Local Rule for Civil Procedure ("LR") 3-2(b), "'divisional venue' means the division of the Court in which a substantial part of the events or omissions giving rise to the claim occurred[.]" The District of Oregon and the Ninth Circuit have determined that this "substantial part" test is satisfied in the "division where the [agency] decision would be implemented." *See Nw. Evn't Def. Ctr. v. U.S. Army Corps of Eng'rs*, Civ. No. 10-1129-AC, 2011 WL 1527598, at *5 (D. Or. Apr. 20, 2011) (citing *Or. Nat. Res. Council Fund v. Brong*, 492 F.3d 1120, Fed Def.'s Mot. to Reassign, Ex. 2 (9th Cir. 2007) (granting defendant's Motion to Reassign a Bureau of Land Management decision made in Portland regarding a timber sale in southern Oregon to Medford); *Siskiyou Reg'l Educ. Project v. U.S. Forest Serv.*, No. CV-05-1429, 2005 WL 2675114, at *1 (D. Or. Dec. 19, 2005) (transferring a challenge to a timber sale in Josephine County, but approved by Forest Service officials located in Portland, to Medford)).

Defendants' Notice of Related Case, in which Defendants intimate that the legal claims and underlying facts are the same between the current case and *Greater Hells Canyon Council v. Wilkes*, No. 2:22-cv-00859-HL, goes beyond a simple notice to the Court but falls short of the briefing associated with a motion to transfer. In other words, Defendants are implicitly asking the Court to transfer this case to a different division to be considered along with the *Greater Hells Canyon Council* case without actually making a motion in order to explain why such a transfer or reassignment is appropriate or necessary. BMBP's legal challenge ultimately turns on two agency decisions that are or will be implemented within the jurisdiction of the Medford Division. Both the FWNF Plan as amended by the 2021 Eastside Screens Amendment and the South Warner Project that relies upon that amended Forest Plan can only ever be implemented on the FWNF in southern Oregon. Therefore, BMBP's legal challenge clearly satisfies the "substantial part" test for the Medford Division. And although Federal Courts acknowledge that venue is often appropriate in more than one division, *see Employers Mutual Casualty Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1166 (10th Cir. 2010), there is no requirement that a court "determine the

best venue, merely a proper venue." *Astro-Med, Inc. v. Nihon Kohden America, Inc.*, 591 F.3d 1, 12 (1st Cir. 2009). Because the legal allegations in this case satisfy Oregon's "substantial part" test, properly vesting jurisdiction in the Medford Division selected by Plaintiff BMBP, the burden should fall on Defendants to file an actual motion to transfer under 28 U.S.C. § 1404 or some similar rule and then make the required "strong showing of inconvenience," which they have not done in their Notice of Related Case. *See Decker Coal v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

Moreover, if the federal government truly believes these cases to be related, it has not explained why it is choosing to adjudicate the supposed "common question of law" in *Greater Hells Canyon Council* via summary judgement and in the current case via a Motion to Dismiss.[1] Adjudicating the legal merits underlying these cases in separate manners is a further indication that the legal challenges are not as related as Defendants would have this Court believe. If Defendants affirmatively believe that the interests of justice and judicial economy are best served by having this case decided in Pendleton, a motion should have been filed in which the facts and legal arguments they would rely upon could have been briefed. Additionally, because Defendants did not file a Motion to Transfer Venue nor a Motion to Consolidate under LR 42-3, no applicable Local Rule provides Defendants an opportunity to respond to this Objection.

Defendants cite to LR 42-2 in both their caption and the body of their Notice for the reported need to have this case in front of Magistrate Judge Hallman in the Pendleton Division of the District of Oregon. ECF No. 23, at 1–2. LR 42 loosely follows the structure and format of Federal Rules of Civil Procedure ("FRCP") 42 in that both rules exclusively consider related cases for purposes of either consolidation *or* separate trials. Counsel for Defendants in this case,

---

[1] Defendants also claim in their Notice that, given their concurrently filed Motion to Dismiss (ECF No. 24), the supposed "common legal issue" between the two cases "will soon ripen for review." ECF No. 23, at 2. However, given the current briefing schedule set in *Greater Hells Canyon Council*, the "common legal issue" up for summary judgment will not be fully briefed until April 21, 2023. *Greater Hells Canyon Council*, ECF No. 55 (order approving the revised briefing schedule set forth in ECF No. 54, at 2). In *BMBP v. Wilkes*, Defendants' Motion to Dismiss is set to be fully briefed and ripe for judicial review by February 21, 2023. ECF No. 26.

RESPONSE AND OBJECTION TO DEFENDANTS' NOTICE OF RELATED CASE       4

both in emails before and during our telephone conferral on January 12, 2023, have made it clear that consolidation with *Greater Hells Canyon Council* is not feasible and will not be sought. Therefore, neither LR 42 or FRCP 42, including any supposedly required Notice of Related Case under LR 42-2, is applicable to BMBP's legal challenge. Given that consolidation is not feasible, Defendants' Notice of Related Case under LR 42-2 rings hollow and has no bearing on the venue of this case, and only serves to have the Court reassign or transfer the case without Defendants having to fully brief a motion in order to do so.

Defendants' Notice also contains numerous factual omissions that all weigh heavily on maintaining the separation of these two cases and keeping the current case in front of Magistrate Judge Clarke in the Medford Division. ECF No. 23, at 1–2. As already briefly discussed above, Defendants' Notice focuses entirely on the few similarities between the two relevant cases, ignoring the multitude of differences that have key impacts on where venue is appropriate. In fact, Defendants mischaracterize and omit BMBP's legal claims outlined in its Complaint, ECF No. 1, at 21–22, ¶¶ 65–67.

In discussing the similarity of legal claims between the two cases, Defendants state that "[t]here are other legal theories in *Greater Hells Canyon Council*, but the objection period claim is the sole theory in Plaintiff's Complaint." ECF No. 23, at 2, note 1. This is simply not true. While it is true that BMBP believes the South Warner Project to be illegal based partially on the failure of the Forest Service to hold an objection period as required by 36 C.F.R. Part 219, Subpart B, and as promised in the Federal Register and other Forest Service documents, this footnote completely ignores BMBP's legal claim regarding the Forest Service's insufficient explanation under 36 C.F.R. § 219.51(d). This is in fact a separate legal claim regarding the need to explain why the Under Secretary believes an objection process is not necessary, held apart from the actual need to have an objection process. In other words, even if it is eventually determined that the Under Secretary was not required to actually propose the plan amendment as required by the text of 36 C.F.R. § 219.51(b), it would still need to be determined whether or not the Under Secretary's given explanation, which simply parrots the text of the regulation, was

sufficient to support not having an objection process. Moreover, this is not a claim that appears anywhere in the *Greater Hells Canyon Council* case. Therefore, Defendants' footnote claiming otherwise is incorrect and serves to obfuscate the factual and legal distinctions between the two cases.

Additionally, nowhere in Defendants' Notice do they feel it necessary to bring up that BMBP is challenging a site-specific, on-the-ground timber sale on the FWNF in Lake County, Oregon. *See* EFC No. 23. And, although discussing a potential risk of inconsistent rulings, also makes no mention of the fact that BMBPs requested relief is much narrower than the comprehensive relief requested by Plaintiffs in *Greater Hells Canyon Council*. *Id.* The *Greater Hells Canyon Council* Complain outlines and alleges numerous claims under the National Environmental Procedure Act that can be found nowhere in the current legal challenge before this Court, *see Greater Hells Canyon Council*, Case No. 2:22-cv-00859-HL, ECF No. 1, at 39–42, ¶¶ 184–203. As such, the requested relief sought by Plaintiffs in *Greater Hells Canyon Council* is much broader than BMBP's Prayer for Relief, which is purely limited to remedying the effects of the 2021 Eastside Screens Amendment that will be felt on the FWNF. *See* ECF No. 1, at 22–23.

Again, although filing only a Notice of Related Case, Defendants are in effect asking the Court to treat said notice as a motion to transfer without briefing the applicable legal standards for an intra-district transfer under 28 U.S.C. § 1404(b). This puts BMBP in the awkward position of having to anticipate and respond to arguments regarding transfer that Defendants have not actually made. If this Court were inclined to consider the transfer issue, BMBP respectfully suggests the proper, and fairer, way to do so is to first require Defendants to file and support an actual motion to transfer. BMBP will address some of the possible factual and legal issues regarding a transfer of venue in an abundance of caution, but without waiving its right to respond to any arguments Defendants may eventually make in support of transfer or reassignment.

The factors considered and weighed for an intra-district transfer under 28 U.S.C. § 1404(b) are the same as those considered for an inter-district transfer under § 1404(a), which

"authorizes courts to transfer an action '[f]or the convenience of the parties and witnesses, in the interest of justice … to any other district or division where it might have been brought[.]'" *USI Ins. Servs., LLC v. Aitkin*, No. 2:21-cv-00267- HZ, 2022 WL 3974535, at *1 (D. Or. Sept 1, 2022). Such factors include "(1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses; (4) the location of books and records; (5) which forum's law applies; (6) the interests of justice; and (7) administrative considerations." *Id.* at *2 (citing *Amini Innovation Corp. v. JS Imps., Inc.*, 497 F. Supp. 2d 1093, 1109 (C.D. Cal. 2007)). Of course, only a few of these are relevant to the type of administrative record-based case at issue here, so the following discussion will focus mostly on the plaintiff's choice of forum, the convenience of the parties, and the interests of justice.

Plaintiff's choice of forum, when the venue is indeed proper as it is here, is a weighty factor in a Court's consideration of transfer of venue. *Nw. Env't Def. Ctr.*, 2011 WL 1527598, at *7 ("Under § 1404[], … the defendant must make a 'strong showing of inconvenience to upset the plaintiff's choice of venue.'") (citing *Decker Coal*, 805 F.2d at 843). In the current case, venue is properly vested in the Medford Division not simply because this happened to be where BMBP decided to file this case, but because it is the venue where the relevant rules and caselaw, including the U.S. Supreme Court's decision in *Ohio Forestry*, say this case should have been filed. *See supra*, at 2–3.

The convenience of parties is a factor to be considered under 28 U.S.C. § 1404(a)–(b), but should have little bearing on the current divisional venue question before the Court. Counsel for Plaintiffs are based in Portland, and counsel for Defendants are based in Washington, D.C. The drive from Portland to either Medford or Pendleton is a lengthy one, and both Pendleton and Medford operate small airports with daily flights to and from Portland should parties wish to fly. If anything, the fact that the Rogue Valley International-Medford Airport is larger, with direct flights to and from more locations, weighs more heavily on Medford being the most convenient venue for all parties. Therefore, the convenience of parties is best served by keeping this case in the Medford Division.

As for the interests of justice, as noted in Defendants' Notice, the possibility of inconsistent between divisional rulings creating inconsistent agency obligations does weigh somewhat in favor of transfer. *See Western Watersheds Project v. Zinke*, No. 1:18-cv-00187-REB, 2018 WL 4210774, at *5–6 (E.D. Idaho Sept. 4, 2018). However, when the likelihood of inconsistent obligations is low—such as here, where plaintiffs in separate cases do not have "divergent interests," *see Arizona and New Mexico Coalition of Counties for Economic Growth v. U.S. Fish and Wildlife Service*, No. 15-00125 WJ/WPL, 2015 WL 9917341, at *6 (D. N.M. Apr. 23, 2015)—this consideration is not as weighty as it may otherwise be. *Greater Yellowstone Coal., Inc. v. Servheen*, No. CV 07-134-M-DWM, 2008 WL 11348320, at *2 (D. Mont. Mar. 14, 2008). In other words, although Plaintiffs in these two cases are requesting different reliefs, because these reliefs would not—and logically could not—"require[] Defendants to take inconsistent actions," the concern regarding inconsistent rulings is remote. *Id.* As briefly explained in *Greater Yellowstone Coalition*, "[c]onflicting orders would not exist if one court determined Defendants' decision was lawful and the other court determined Defendants' decision was unlawful because Defendants would not be required to take conflicting actions." *Id.* at note 3. Therefore, Defendants' concerns regarding inconsistent rulings have little to no bearing on the venue of this case.

Further, as discussed in *Greater Yellowstone Coalition*, the concern regarding inconsistent obligations presents more of an issue where cases are currently pending in different circuits. *Id.* at *2. Currently, both BMBP's challenge and the *Greater Hells Canyon Council* case are not only within the same circuit, but within the same district. Moreover, both are in front of Magistrate Judges, without full consent to a final judgment being issued by said Magistrate Judges. Given this, Defendants' cited concern about inconsistent rulings is heavily lessened, as any potential inconsistencies can be resolved by the District of Oregon Article III Judges or by the Ninth Circuit on appeal.

Perhaps the most pertinent discussion to come from *Greater Yellowstone Coalition* concerns the oft-beneficial effect of having more than one judge review and issue facts and

RESPONSE AND OBJECTION TO DEFENDANTS' NOTICE OF RELATED CASE        8

findings on complex and dense administrative record cases. *Id.* "[J]udicial resources would not be wasted by having two district courts decide similar cases. … If the two district courts reach different conclusions, having several perspectives on the lawfulness of Defendants' actions will aid the Ninth Circuit in resolving the cases on appeal." *Id.* (citing *E.I. du Pont de Nemours & Co. v. Train*, 430 U.S. 112, 135 (1977)); *Atchison, Topeka & Santa Fe Ry. v. Pena*, 44 F.3d 437, 447 (7th Cir. 1994) (Easterbrook, J., concurring)). Due to the administrative nature of the cases, such instances do not waste judicial resources because "the excess judicial resources that are expended during a trial will not be required[.]" *Greater Yellowstone Coal.*, 2008 WL 11348320, at *2.

An additional consideration when discussing the interests of justice is the timeliness of a judicial determination on the legal issues presented in BMBP's legal challenge. As discussed above, BMBP's complaint includes a challenge to the South Warner Project, which relies upon the 2021 Eastside Screens amendment to log trees up to 30" DBH. As this timber sale was signed and approved by District Ranger Michael on December 27, 2021, the Forest Service can begin selling logging contracts and begin logging operations at any point. South Warner Decision Memo at 15. Given the complex and comprehensive legal challenge outlined in the *Greater Hells Canyon Council* Complaint, including complex challenges under the National Environmental Procedure act not present in BMBP's challenge, BMBP has legitimate concerns about the potential delay that would undoubtedly result should this case be transferred and decided by Magistrate Judge Hallman, given that the complexity and number of claims present in a case often extends the amount of time necessary for any Magistrate Judge to hand down a well-reasoned Findings of Fact and Conclusions of Law. Given this concern, BMBP specifically chose to narrowly tailor its three legal counts of alleged legal violations under the National Forest Management Act in pursuit of a having the relevant Findings and Conclusions presented to the District of Oregon before any logging may implemented on the South Warner Project area. Given these considerations, BMBP believes the interests of justice are best served by keeping its narrow legal challenge in the Medford Division in front of Magistrate Judge Clarke.

**Conclusion**

For the reasons stated above, BMBP objects to Defendants' Notice of Related Case (ECF No. 23) and respectfully asks the Court to allow the current case to remain in the Medford Division in front of Magistrate Judge Clarke.

Dated: January 30, 2023

*s/Austin Starnes*_____
Austin Starnes, OSB No. 224970
Blue Mountains Biodiversity Project
5113 SE 30th Ave, Apt 237
Portland, OR 97202
Tel: 317-964-3776
Email: austin@bluemountainsbiodiversityproject.org

Thomas Buchele, OSB No. 081560
Earthrise Law Center
Lewis & Clark Law School
10101 S. Terwilliger Blvd.
Portland, OR 97219-7799
Tel: 503-768-6736
Fax: 503-768-6642
Email: tbuchele@lclark.edu

*Attorneys for Plaintiff*