TODD KIM
Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division

HAYLEY A. CARPENTER (CA Bar No. 312611)
TYLER M. ALEXANDER (CA Bar No. 313188)
Trial Attorneys
Natural Resources Section
150 M St. NE, Washington, D.C.
Washington, DC 20002
(202) 305-0242 (Carpenter)
(202) 305-0238 (Alexander)
hayley.carpenter@usdoj.gov
tyler.alexander@usdoj.gov

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
MEDFORD DIVISION

| | |
|---|---|
| **BLUE MOUNTAINS BIODIVERSITY PROJECT**, an Oregon non-profit corporation, <br><br> Plaintiff, <br><br> v. <br><br> **HOMER WILKES,** in his official capacity as Undersecretary for Natural Resources and Environment, United States Department of Agriculture; **GLENN CASAMASSA**, in his official capacity as Regional Forester for Region 6; **SHANE JEFFRIES**, in his official capacity as Forest Supervisor of the Ochoco National Forest; **MICHAEL RAMSEY**, in his official capacity as District Ranger for the Lakeview Ranger District, Fremont Winema National Forest; and the **UNITED STATES FOREST SERVICE**, <br><br> Defendants. | Case No. 1:22-cv-01500-CL <br><br> **DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS (RULE 12(b)(6))** |

**INTRODUCTION**

Defendants' Motion to Dismiss, ECF No. 24, asks this Court to resolve two legal questions: (1) must the Forest Service hold an objection period for decisions signed by the Under Secretary of Natural Resources and Environment and (2) in explaining why no objection period is required, need the Forest Service say more than that decisions by the Under Secretary are final? As explained in Defendants' opening brief, the answer to each is no. Plaintiffs' Complaint thus fails to state a claim and should be dismissed with prejudice under Rule 12(b)(6).

First, under the plain language of the Forest Service's Part 219 appeal regulations, no objection process is available for plan amendments approved by the Secretary or Under Secretary. 36 C.F.R. § 219.51(b). The regulation explains that "[a] decision by the Secretary or Under Secretary constitutes the final administrative determination of the U.S. Department of Agriculture." *Id.* Final means final. When the decisionmaker is the Under Secretary, his signature ends the administrative process. Indeed, decisions by the Under Secretary have never received an objection period. Management Planning, 77 Fed. Reg. at 21,247-48 (April 9, 2012).

Second, subsection (d) of the regulations requires the Forest Service to "include an explanation with the signed decision document" whenever "[a] plan amendment . . . is not subject to objection." *Id.* § 219.51(d). The agency did so here, citing the relevant regulation and explaining that the Eastside Screens Amendment was not subject to the objection process "'because it is signed by the Under Secretary for Natural Resources and Environment.'" Compl. ¶ 56 (quoting DN/FONSI at 13). The regulation requires nothing more.

Plaintiff's response goes wrong from the start, mischaracterizing Defendants' motion as asking the Court to defer to the Forest Service's interpretation of an ambiguous regulation. The regulation is not ambiguous. Read plainly and in context, subsection (b) is only susceptible to

United States' Reply in Supp. of Mot. to Dismiss
*Blue Mountains Biodiversity Project v. Wilkes, et al.*
Case No. 1:22-cv-01500-CL (D. Oregon)                                                                 1

one reading: the Under Secretary's decisions are not subject to the objection process because they are the final decisions of the agency. 36 C.F.R. § 219.51(b). Plaintiff can only reach a different conclusion by reading the second sentence of subsection (b) out of the regulation. And Plaintiff's reading results in absurdity, asking the Court to impose an objection period after the Under Secretary has reached the "final administrative determination" for the Department of Agriculture. *Id.* So beyond straying from the plain language of the regulation and the clear statement of contrary intent in the preamble to the 2012 Planning Rule, Plaintiff's reading defies reason.

Plaintiff's claim under subsection (d) is weaker still. Nothing in the text of the regulation requires more than a short, plain explanation of why no objection period is required. Plaintiff cites no authority supporting a broader reading, and Plaintiff's vague appeal to the Administrative Procedure Act (APA) does not withstand scrutiny.

Each of Plaintiff's claims fails. None can be saved; Plaintiff does not pretend otherwise and does not ask this Court for leave to amend. This Court should dismiss Plaintiff's Complaint with prejudice.

## ARGUMENT

### I.  Decisions by the Under Secretary are Final and Not Subject to Objection.

Defendants' opening brief explained that, when the Under Secretary is the decisionmaker for a forest plan amendment, he has "proposed" that amendment under 36 C.F.R. § 219.51(b) and no objection period is required. Defs.' Mot. to Dismiss. 2-3, ECF No. 24 (Defs.' Br). 36 C.F.R. § 219.51 (b) says:

> Plans, plan amendments, or plan revisions proposed by the Secretary of Agriculture or the Under Secretary for Natural Resources and Environment are not subject to the procedures set forth in this section. A decision by the Secretary or Under

United States' Reply in Supp. of Mot. to Dismiss
*Blue Mountains Biodiversity Project v. Wilkes, et al.*
Case No. 1:22-cv-01500-CL (D. Oregon)                                                                 2

Secretary constitutes the final administrative determination of the U.S. Department of Agriculture.

36 C.F.R. § 219.51(b). Read plainly, these two sentences exempt the Under Secretary's decisions from the pre-decisional objection process. The first sentence sets forth the rule—plan amendments proposed by the Secretary or Under Secretary are not subject to objection. The second sentence sets forth the why—because those decisions by the Under Secretary are the final decisions of the Department of Agriculture. So decisions made by the Under Secretary are "proposed" by him and do not receive an objection period.

Any ambiguity is resolved in the responses to comments found in the preamble to regulation itself. *See Safer Chems., Healthy Fams. v. U.S. Env't Prot. Agency*, 943 F.3d 397, 419 (9th Cir. 2019) ("We recognize that to the extent a rule is ambiguous, its preamble—even if not itself reviewable as final agency action—may help explain the promulgating agency's intent."). There, the Forest Service responded to a comment requesting that "decisions made by the Secretary or the Under Secretary for Natural Resources and Environment affecting the Forest Service . . . be subject to administrative review." 77 Fed. Reg. at 21,247. That is the very same request Plaintiff makes of the Court here. But as the Forest Service explained, "[l]and management plan decisions made by the Secretary or Under Secretary for Natural Resources and Environment have never been subject to appeal or objection. The Department chooses not to change this approach." *Id.* Adopting a different reading would thus impose on the agency a procedure it expressly rejected. *See Vt. Yankee Nuclear Power Corp. v. Nat. Res. Def. Council, Inc.*, 435 U.S. 519, 524 (1978) ("Agencies are free to grant additional procedural rights in the exercise of their discretion, but reviewing courts are generally not free to impose them if the agencies have not chosen to grant them.").

United States' Reply in Supp. of Mot. to Dismiss
*Blue Mountains Biodiversity Project v. Wilkes, et al.*
Case No. 1:22-cv-01500-CL (D. Oregon)                                                                                          3

The regulatory structure reinforces this point.  Under the regulations, objections are made to "the line officer at the next higher administrative level above the responsible official."  36 C.F.R. § 219.56(e).  But the Under Secretary is the highest administrative level for the Forest Service.  *See* 7 C.F.R. § 2.20(a)(2)(ii) (delegating to the Under Secretary authority to "[p]rovide national leadership in forestry," "[p]rotect, manage, and administer the national forests," and to "[e]xercise the administrative appeal review functions of the Secretary of Agriculture" for decisions by the Forest Service).  That the objection regulations do not provide for a reviewing officer for decisions by the Under Secretary shows that those regulations were never intended to apply to the Under Secretary's decisions.  Plaintiff's response ignores this problem.  *See* Pl's. Br. 13-14 (discussing the objection regulations with no explanation about how they could function for a decision by the Under Secretary).

Nothing Plaintiff says in response changes this plain reading.  Contrary to Plaintiff's strawman arguments, the Forest Service is not asking for *Kisor/Auer* deference or suggesting that the regulation is ambiguous.  *See* Pl's. Opp'n to Mot. to Dismiss 12, 14, ECF No. 30 (Pl's. Br.) (citing *Kisor v. Wilkie*, 139 S. Ct. 2400, 2404 (2019)).  Subsection (b) only has one plausible reading: that decisions by the Under Secretary are exempt from the objection period.

Plaintiff gets to the wrong result by narrowly reading "proposed" as meaning "origin," *see id.* at 3, 11-13, and by reading the second sentence of subsection (b) out of the regulation.  *Id.* at 9-10, 15.  Just last year, the Fourth Circuit rejected this narrow reading of "proposed" for identical language in the Forest Service's Part 218 appeal regulations, 36 C.F.R. § 218.13(b).  *Wild Va.*, 24 F.4th at 927.  Plaintiff seeks to glide past *Wild Virginia* by arguing that the case "involve[d] a third-party proposal, which inherently injects ambiguity into the origin of a project."  Pl's. Br. 17.  But that explanation makes no sense.  First, nothing in the regulation or

United States' Reply in Supp. of Mot. to Dismiss
*Blue Mountains Biodiversity Project v. Wilkes, et al.*
Case No. 1:22-cv-01500-CL (D. Oregon)                                                                                  4

the Fourth Circuit's opinion suggests that the word "proposed" has different meanings for internal and external Forest Plan amendment proposals. The regulation does not read "plan amendments proposed by the Secretary (or else by third parties) are not subject to appeal." Second, there is less—not more—ambiguity about the "origin" of an application from a third party, which necessarily comes from outside the agency. In contrast, within the Department of Agriculture, officers often act to advance goals described by higher officials. For example, a regional forester might prepare an amendment in response to nationwide priorities from the Under Secretary. In that scenario, the Under Secretary's guidance may have been the "origin," though the formal administrative process began under an inferior officer.

      The rule Plaintiff would have this Court adopt also departs from reason. Nothing supports treating external ideas as "proposed" by the Under Secretary but not those from subordinates. Rather, as the Fourth Circuit explained, wherever the idea originates, the regulations are concerned with "how the Forest Service decides to act in response." *Wild Va.*, 24 F.4th at 927. Here, that response was the final decision to adopt the amendment. The Under Secretary thus "proposed" the amendment. *See id.* at 926 (the Under Secretary proposed a project when "the Forest Service, via the United States Department of Agriculture's Under Secretary for Natural Resources and Environment, issued a second [Record of Decision] approving the Pipeline.").

      Plaintiff also argues that "proposed" must mean "origin" because "the origin of a proposal is imperative to the regulatory scheme as a whole." Pl's. Br. 13. In support, Plaintiff points to 36 C.F.R. § 219.56(e)'s designation of the reviewing officer as the "line officer at the next higher administrative level above the responsible official." *Id.* But "responsible official" does not mean the "origin" of a proposal. Rather, the responsible official is "[t]he official with

United States' Reply in Supp. of Mot. to Dismiss
*Blue Mountains Biodiversity Project v. Wilkes, et al.*
Case No. 1:22-cv-01500-CL (D. Oregon)                                                                 5

the authority and responsibility to oversee the planning process and to approve a plan, plan amendment, and plan revision." 36 C.F.R. § 219.62.  That person may change over the life of a proposal[1]—for example, because of taking another role within the agency, because of retirement, or through a higher officer deciding to exercise delegated authority.  *See* 7 C.F.R. § 2.12 ("No delegation of authority by the Secretary or a general officer contained in this part shall preclude the Secretary or general officer from exercising any of the authority so delegated.").  The objection period takes place just before a final decision, and so when the responsible official changes, the objection regulations are concerned with the responsible official at the *end* of the administrative process, not the *beginning*.  *See* 36 C.F.R. § 219.56(a) (timeliness of objections turns on the publication date for "the public notice for a plan, plan amendment, or plan revision before approval"); *id.* § 219.52(c)(1) (public notice must "inform the public of the availability of . . . the appropriate final environmental documents [and] the draft plan decision document").  The responsible official at the time of decision here was the Under Secretary, to whom the objection regulations do not apply.

    Plaintiff further errs in arguing that the second sentence in subsection (b) has nothing to do with the first, but merely defines when a decision is a "Final Agency Action" under the APA,

---

[1] The regulations explain who may serve as the responsible official for a forest plan amendment, a list that includes the Under Secretary.  *See id.* § 219.2(b)(3) ("The supervisor of the national forest . . . or other comparable administrative unit is the responsible official for development and approval of a . . . plan amendment . . . for lands under the responsibility of the supervisor, unless a regional forester; the Chief; the Under Secretary, Natural Resources and Environment; or the Secretary acts as the responsible official.").  Nothing in the regulations prevents the responsible official from changing during the amendment process.  Instead, the requirement that the Forest Service identify the responsible official in each public notification during the planning and objection process shows that the responsible official can—and often does—change.  *See id.* § 219.16(d) ("Public notices required by this section . . . must clearly . . . identify the responsible official . . .").

United States' Reply in Supp. of Mot. to Dismiss
*Blue Mountains Biodiversity Project v. Wilkes, et al.*
Case No. 1:22-cv-01500-CL (D. Oregon)                                                                                          6

5 U.S.C. § 704. Pl's. Br. 9-10, 15.[2]  This explanation strains credulity.  Only a few Forest Service decisions are signed by the Secretary or Under Secretary, so defining "final agency action" as a decision by the Secretary or Under Secretary would be incomplete at best and misleading at worst.  Nor is this a natural reading of a forest planning regulation that does not mention the APA or judicial review.  The title of § 219.51 is "[p]lans, plan amendments, or plan revisions not subject to objection."  36 C.F.R. § 219.51.  Consistent with that title, the second sentence in subsection (b) explains that "plan amendments" signed by the Under Secretary are of that species "not subject to objection."  *Id.*

Plaintiff also fails to follow its own argument to its logical conclusion.  An agency decision is "final" and ripe for judicial review when it is the "consummation of the agency's decisionmaking process."  *Bennett v. Spear*, 520 U.S. 154, 156, 178 (1997) (citation omitted).  At that point, the agency has had its "last word" and "[n]o further agency decisionmaking on that issue can be expected."  *Fairbanks N. Star Borough v. U.S. Army Corps of Eng'rs*, 543 F.3d 586, 593 (9th Cir. 2008) (citation omitted).  Pre-decisional procedures have no place once the agency has had its "last word."  So even Plaintiff ends up at the same destination—the Under Secretary's signature marks the "consummation of the agency's decisionmaking process," ending the administrative process without an objection period.

---

[2] In the same breath, Plaintiff argues that treating any decision by the Under Secretary as "proposed" by him renders the first sentence of subsection (b) superfluous. *See* Pl's. Br. 15.  As discussed above, the first sentence sets forth the rule and the second the explanation for the rule.  Neither is superfluous, and both are necessary to understand the regulation.  It is Plaintiff's reading that fails to give effect to the whole text.  ("If possible, every word and every provision is to be given effect (*verba cum effectu sunt accipienda*).  None should be ignored.  None should needlessly be given an interpretation that causes it to duplicate another provision or to have no consequence.").  ANTONIN SCALIA & BRYAN A. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 174 (2012).

United States' Reply in Supp. of Mot. to Dismiss
*Blue Mountains Biodiversity Project v. Wilkes, et al.*
Case No. 1:22-cv-01500-CL (D. Oregon)                                                                                7

Plaintiff next tries to dodge the 2012 Planning Rule preamble by arguing that the Department's statement that "[l]and management plan decisions made by the Secretary or Under Secretary for Natural Resources and Environment have never been subject to appeal or objection," 77 Fed. Reg. at 21,247, is not an "authoritative interpretation." Pl's. Br. 20-21. The preamble is a contemporaneous rejection of Plaintiff's reading of the regulations; it could hardly be more emphatic or authoritative. *City of Las Vegas v. F.A.A.*, 570 F.3d 1109, 1117 (9th Cir. 2009) (when a regulation is susceptible to more than one reading, "we consult the preamble of the final rule as evidence of context or intent of the agency promulgating the regulations." (citation omitted)).

The bulk of what remains of Plaintiff's opposition is a general protest about unfairness and surprise, accompanied by vague arguments that subjecting the Under Secretary's decisions to an objection period is in the public interest. *See, e.g.*, Pl's. Br. 2 (complaining that the Under Secretary's decision is a "bait-and-switch"); *id.* 19-20 (arguing that the Under Secretary's decision constitutes "unfair surprise"); *id.* 19 (speculative argument that, under the plain reading of subsection (b), "the Under Secretary could sign any final decision document for any forest plan or plan amendment with impunity.").[3] At most, these are half-hearted estoppel arguments. But there is no basis in the regulation—or in the limited waiver of sovereign immunity found in the APA—for this Court to estop the Under Secretary from making a final decision. Just the

---

[3] Plaintiff was not deprived of an opportunity to participate in the administrative process. As Plaintiff admits, it submitted substantive comments on the draft analysis. Pl's. Br. 6. And as documented at length in the record lodged before Judge Hallman, the Forest Service provided ample outreach and engagement opportunities, including through public fora and meetings. *Cf. Nw. Coal. for Alternatives to Pesticides v. Lyng*, 844 F.3d 588, 596 (9th Cir. 1988) ("Since Northwest clearly participated in the project and communicated these views . . . . Northwest was not prejudiced as a result of the violation").

United States' Reply in Supp. of Mot. to Dismiss
*Blue Mountains Biodiversity Project v. Wilkes, et al.*
Case No. 1:22-cv-01500-CL (D. Oregon)                                                                 8

opposite. The Under Secretary has, at the direction of Congress, been delegated authority to manage the National Forests. *See* 7 C.F.R. § 2.20(a)(2)(ii) (delegating to the Under Secretary the power to "[p]rotect, manage, and administer the national forests"); 7 C.F.R. § 2.12 (explaining that the Under Secretary may always exercise authority he delegates to another officer). And nothing in the agency's appeal regulations is intended to restrict that authority. 36 C.F.R. § 219.60 ("Nothing in this subpart restricts the Secretary of Agriculture from exercising any statutory authority regarding the protection, management, or administration of [National Forest System] lands.").

There is no threat an "autocratic administration of the management of our national forests." Pl's. Br. 19. Though the objection process does not apply, Courts may review the Under Secretary's decisions under the highly deferential standard provided by the APA.[4] The APA provides for review of final agency actions, 5 U.S.C. § 704, and grants District Courts jurisdiction to "hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law." *Id.* § 706(2). Land management plan amendments signed by the Secretary or Under Secretary may be challenged under the APA for conformity to other federal statutes, including the National Environmental Policy Act (NEPA), the National Forest Management Act, and the Endangered Species Act. *See, e.g.*, *Seattle Audubon Soc'y v. Moseley*, 80 F.3d 1401, 1404 (9th Cir. 1996) (reviewing NEPA challenge to land management plan amendments on Forest Service and Bureau of Land Management lands adopted by the Secretaries of Agriculture and Interior). Such a

---

[4] Other jurisdictional requirements apply. For example, the prospective plaintiff must have standing and the amendment must be ripe for review. *See Ohio Forestry Ass'n v. Sierra Club*, 523 U.S. 726, 733 (1998) (explaining the ripeness requirement for forest plan amendments).

United States' Reply in Supp. of Mot. to Dismiss
*Blue Mountains Biodiversity Project v. Wilkes, et al.*
Case No. 1:22-cv-01500-CL (D. Oregon)                                                                                      9

challenge to the Eastside Screens Amendment is proceeding before Judge Hallman right now. *See* Defs.' Not. of Related Case, ECF No. 23.

In a final effort to avoid dismissal, Plaintiff suggests this Court defer on deciding this straightforward question of law until Defendants lodge the administrative record. *See* Pl's. Br. 22. Plaintiff cites no authority for this argument. Pure questions of law are properly resolved at Rule 12. *See Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008) (citing *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).[5] The Court should dismiss Plaintiff's Complaint now, not later.

This argument also undermines Plaintiff's strenuous objection to relating this case over to Judge Hallman, who already has the administrative record and is addressing the same objection period issue right now.[6] *See* Pl's. Resp. & Obj. to Not. of Related Case. If Plaintiff wants the Court to have the record before resolving these questions of law, that option still exists through reassigning the case to Judge Hallman.

Read plainly and in context, 36 C.F.R. § 219.51(b) provides that decisions by the Under Secretary are not subject to the pre-decisional objection process. Plaintiff's contrary reading does not give effect to the entire regulation. Worse, binding the agency to the very suggestion

---

[5] Plaintiff's brief faults Defendants for citing a pre-*Twombly* case for the black letter rule that courts should dismiss complaints that lack a cognizable legal theory. Pl's. Br. 4 (alleging "the correct standard of review"). As *Johnson* shows, the Ninth Circuit has done so as well. This is because *Twombly* and *Iqbal* deal with the sufficiency of factual allegations at the pleading stage—irrelevant here—not whether the District Court may dismiss a claim that lacks a cognizable legal theory. *Id.* at 1121-22.

[6] Plaintiff's request that the Court defer resolution of this motion to dismiss until the record is filed and the case briefed on summary judgment also undercuts Plaintiff's claim that it is concerned that transfer of this matter to Judge Hallman would delay resolution of the case. Pl's. Resp. & Obj. to Not. of Related Case 9, ECF No. 27.

United States' Reply in Supp. of Mot. to Dismiss
*Blue Mountains Biodiversity Project v. Wilkes, et al.*
Case No. 1:22-cv-01500-CL (D. Oregon)                                                            10

rejected in the 2012 Planning Rule would frustrate the plain intent of the agency to preserve the ability of the Under Secretary to exercise his authority to make "the final administrative determination of the U.S. Department of Agriculture." 36 C.F.R. § 219.51(b); *accord* 77 Fed. Reg. at 21,247. Plaintiff's first claim fails and should be dismissed with prejudice.

### II. The Forest Service Explained Why No Objection Process was Required by Citing the Relevant Regulation.

36 C.F.R. § 219.51(d) says that "[w]hen a plan, plan amendment, or plan revision is not subject to objection under this subpart, the responsible official shall include an explanation with the signed decision document." The Forest Service did so here by explaining that there would be no objection process because the decision "'is signed by the Under Secretary for Natural Resources and Environment.'" Compl. ¶ 56 (quoting DN/FONSI at 13). Nothing more is required.

Plaintiff argues this explanation "misquot[es] and misappl[ies] the language of § 219.51(b). Pl's. Br. 2, 23-25. This argument is parasitic of Plaintiff's flawed interpretation of the regulation and fails for the same reasons. Defendants did not "misquote" or "misapply" § 219.51(b), but provided an accurate citation to the regulation and explanation of how it exempts decisions by the Under Secretary from the objection process.

Plaintiff next argues that the Under Secretary needs to explain why he decided to become the responsible official and sign the DN/FONSI. *See* Pl's. Br. 7, 24-25. That argument finds no footing in the text of the regulation. *See* 36 C.F.R. § 219.51(d). Courts cannot impose procedural obligations untethered from the agency's regulations. *See Perez v. Mortg. Bankers Ass'n*, 575 U.S. 92, 102 (2015) ("courts lack authority to impose upon an agency its own notion of which procedures are 'best' or most likely to further some vague, undefined public good."

United States' Reply in Supp. of Mot. to Dismiss
*Blue Mountains Biodiversity Project v. Wilkes, et al.*
Case No. 1:22-cv-01500-CL (D. Oregon)                                                                                                    11

(quoting *Vt. Yankee*, 435 U.S. at 549) (cleaned up)). Requiring more from the agency here "would violate 'the very basic tenet of administrative law that agencies should be free to fashion their own rules of procedure.'" *Id.* (quoting *Vt. Yankee*, 435 U.S. at 544).

Finally, Plaintiff makes a vague appeal to the APA, arguing that 5 U.S.C. § 706(2) itself requires a longer explanation. *See* Pl's. Br. 24-25. But all the APA requires is that the agency provide "a rational basis for its decision." *Crickon v. Thomas*, 579 F.3d 978, 982 (9th Cir. 2009) (citation omitted). It was rational for the agency to determine that a regulation exempting the Under Secretary's decisions from the objection process obviated the need to hold an objection period. And again, it is undisputed that the Forest Service set forth that rational basis in the DN/FONSI. Compl. ¶ 55.

36 C.F.R. § 219.51(d) required the Forest Service to explain why the amendment would not receive a pre-decisional objection period, which the agency included in the DN/FONSI. Plaintiff's argument that the explanation is insufficient fails. This Court should dismiss that claim with prejudice.[7]

## CONCLUSION

Plaintiff asks this Court to bypass the plain reading of 36 C.F.R. § 219.51(b) and impose on the agency a procedural obligation the Department expressly rejected when it adopted the appeal regulations. Plaintiff's reading is untenable; it would frustrate the ability of the Secretary and Under Secretary to exercise their statutory power to serve as the final decisionmakers for forest plan amendments. And nothing in the objection regulations requires the agency to provide

---

[7] Plaintiff's third and final claim is that the South Warner Project should be set aside because it relies on the amendment. Compl. ¶ 67. Because Plaintiff's challenges to the amendment fail, this claim also fails and should also be dismissed with prejudice.

United States' Reply in Supp. of Mot. to Dismiss
*Blue Mountains Biodiversity Project v. Wilkes, et al.*
Case No. 1:22-cv-01500-CL (D. Oregon)                                              12

more than a straightforward explanation of why decisions by the Under Secretary do not receive objection. The Court should reject Plaintiff's claims and dismiss the entirety of Plaintiff's Complaint with prejudice under Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted this 8th day of March 2023,

> TODD KIM
> Assistant Attorney General
> U.S. Department of Justice
> Environment and Natural Resources Division
>
> */s/ Tyler M. Alexander*
> HAYLEY A. CARPENTER (CA Bar No. 312611)
> TYLER M. ALEXANDER (CA Bar No. 313188)
> Trial Attorneys
> Natural Resources Section
> P.O. Box 7611
> Washington, DC  20044
> (202) 305-0242 (Carpenter)
> (202) 305-0238 (Alexander)
> hayley.carpenter@usdoj.gov
> tyler.alexander@usdoj.gov
>
> *Attorneys for Defendants*

United States' Reply in Supp. of Mot. to Dismiss
*Blue Mountains Biodiversity Project v. Wilkes, et al.*
Case No. 1:22-cv-01500-CL (D. Oregon)                                    13

## CERTIFICATE OF COMPLIANCE

This brief complies with the applicable word-count limitation under LR 7-2(b), 26-3(b), 54-1(c), or 54-3(e) because it contains 3,964 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

                                                            */s/ Tyler M. Alexander*
                                                            TYLER M. ALEXANDER

United States' Reply in Supp. of Mot. to Dismiss
*Blue Mountains Biodiversity Project v. Wilkes, et al.*
Case No. 1:22-cv-01500-CL (D. Oregon)                                                                14