IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| BLUE MOUNTAINS BIODIVERSITY PROJECT, an Oregon non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>HOMER WILKES, in his official capacity as Undersecretary for Natural Resources and Environment, United States Department of Agriculture; GLENN CASAMASSA, in his official capacity as Regional Forester for Region 6; SHANE JEFFRIES, in his official capacity as Forest Supervisor of the Ochoco National Forest; MICHAEL RAMSEY, in his official capacity as District Ranger for the Lakeview Ranger District, Fremont Winema National Forest; and the UNITED STATES FOREST SERVICE,<br><br>Defendants. | Case No. 1:22-cv-01500-CL<br><br>**FINDINGS AND RECOMMENDATION** |

**CLARKE**, United States Magistrate Judge:

1 – Findings and Recommendation

This case comes before the Court on Defendants' Motion to Dismiss (ECF No. 24). For the reasons that follow, Defendants' motion should be DENIED.

## BACKGROUND

The following facts are taken from Plaintiff's complaint and are accepted as true for the purpose of the pending motion. *See* Compl., ECF No. 1.

During the 1990s, in response to concerns about over-logging, the United States Forest Service ("Forest Service") noted that "eastside ecosystems are stressed and unstable" because of "management practices of this century that have reduced diversity . . . and long-term productivity." *Id.* ¶ 48 (citation omitted). In 1994, the Forest Service established new standards known as the "Eastside Screens" for timber sales in the eastside forests, which include the Fremont-Winema National Forest ("FWNF"). *Id.* ¶ 49 (citation omitted). In addition to other requirements, the Eastside Screens prohibited logging "live trees" greater than 21" diameter at breast height ("DBH"). *Id.* (citation omitted).

In 2020, the Forest Service published a "Notice to initiate a land management plan amendment and a notice of availability[,]" which explained that "[t]he Forest Service is proposing to replace the 21" standard with a guideline that emphasizes recruitment of old trees and large trees[.]" *Id.* ¶ 50 (citing 85 Fed. Reg. 48,500–01 (Aug. 11, 2020)). This land management plan amendment is known as the "Eastside Screens Amendment." The Notice listed Ochoco Forest Supervisor, Shane Jeffries, as the Responsible Official and noted that the Preliminary EA ("PEA") and other related documents were available for public comment. *Id.* The Notice also explained that "[t]he EA is subject to Forest Service regulation 36 CFR 219, Subpart B, known as the administrative review, or objection, process." *Id.* A subsequent Notice extended the public comment period and again noted that "[t]his EA is subject to Forest Service

2 – Findings and Recommendation

regulation 36 CFR 219, Subpart B, known as the administrative review, or objection, process." *Id.* ¶ 51 (citing 85 Fed. Reg. 55,409 (Sep. 8, 2020)). The subsequent Notice did not name a Responsible Official but noted that any hardcopy comments should be submitted to "Shane Jeffries, Forest Supervisor, Ochoco National Forest." *Id.*

The Forest Service published the PEA in August 2020 and listed Shane Jeffries as the Responsible Official. *Id.* ¶ 52 (citation omitted). The PEA suggested raising the limit for what qualifies as a "large tree" for grand fir, white fir, and Douglas fir and recommended a new standard of 30" DBH for these trees. Plaintiff submitted comments on the Eastside Screens Amendment PEA on October 13, 2020. *Id.* ¶ 53.

On January 12, 2021, the Forest Service published the Final EA ("FEA") and Decision Notice/Finding of No Significant Impact ("DN/FONSI") for the Eastside Screens Amendment. *Id.* ¶ 54. The FEA and DN/FONSI included additional analysis on the environmental impacts to wildlife and plant species in the project area that was not included in the PEA. *Id.* Plaintiff emphasizes it did not have a chance to review and comment on the additional analysis. *Id.* The FEA and DN/FONSI listed then-Under Secretary for National Resources and Environment ("Under Secretary") James Hubbard as the Responsible Official. *Id.* ¶ 55 (citation omitted). The DN/FONSI also noted:

> In accordance with the regulation at 36 CFR 219.51(b), this plan amendment is not subject to objection (administrative review) because it is signed by the Under Secretary for Natural Resources and Environment. As such, this decision is the final administrative determination by the U.S. Department of Agriculture.

*Id.*

In December 2021, the Forest Service published a Decision Memo for the FWNF's South Warner Project that explained the Forest Service would be logging "larger [white fir] (<30") and other species to reduce competition around larger trees[.]" *Id.* ¶ 60 (citation omitted).

In October 2022, Plaintiff filed the instant action. *See* Compl., ECF No. 1. Plaintiff alleges that Defendants violated the National Forest Management Act ("NFMA") and the Administrative Procedure Act ("APA") in three ways: (1) Defendants approved the 2021 Eastside Screens Amendment without providing for an objection process in violation of 36 C.F.R. § 219.51(b); (2) Defendants failed to provide an explanation for why the 2021 Eastside Screens Amendment was not subject to the objection process in violation of 36 C.F.R. § 219.51(d); and (3) Defendants approved the South Warner Project, which authorizes the logging trees greater than 21" DBH, based on the 2021 Eastside Screens Amendment and in violation of the original Eastside Screens. *Id.* ¶¶ 65–67.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing

party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epstein Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quotation marks omitted).

## DISCUSSION

Defendants argue that Plaintiff's claims should be dismissed because they are "based on the incorrect and non-cognizable legal theory that U.S. Department of Agriculture's regulations require the Department to hold an objection period for a Forest Service decision signed by the Under Secretary." Defs.' Mot. Dismiss 6, ECF No. 24 ("Defs.' Mot."). Specifically, Defendants argue that: (1) decisions by the Under Secretary are "proposed" by the Under Secretary and therefore not subject to an objection process; and (2) the Forest Service adequately explained why an objection process was not required by citing the relevant regulation. Defs.' Reply 2–12, ECF No. 34. The Court addresses each argument in turn.

5 – Findings and Recommendation

I.     36 C.F.R. § 219.51(b)

At the heart of the parties' dispute is the meaning of the word "proposed" in 36 C.F.R. § 219.51(b). This section of the Department of Agriculture's regulations states that:

> Plans, plan amendments, or plan revisions proposed by the Secretary of Agriculture or the Under Secretary for Natural Resources and Environment are not subject to the procedures set forth in this section. A decision by the Secretary or Under Secretary constitutes the final administrative determination of the U.S. Department of Agriculture.

36 C.F.R. § 219.51(b). Defendants offer the following interpretation of Section 219.51(b):

> Read plainly, these two sentences exempt the Under Secretary's decisions from the pre-decisional objection process. The first sentence sets forth the rule—plan amendments proposed by the Secretary or Under Secretary are not subject to objection. The second sentence sets forth the why—because those decisions by the Under Secretary are the final decisions of the Department of Agriculture. So decisions made by the Under Secretary are "proposed" by him and do not receive an objection period.

Defs.' Reply 3, ECF No. 34. Plaintiff argues that, if the Court accepts Defendants' interpretation, "the Under Secretary is presumably able to both propose and approve a decision in one fell swoop with the simple signing of a Decision Notice." Pl.'s Resp. 14, ECF No. 30.

A court interprets regulations based on their plain language. *Pardini v. Unilever United States, Inc.*, --- F.4th ----, 2023 WL 2980312, at *6 (9th Cir. Apr. 18, 2023) (citing *Wards Cove Packing Corp. v. Nat'l Marine Fisheries Serv.*, 307 F.3d 1214, 1219 (9th Cir. 2002)). Here, the regulation's language is clear and unambiguous.[1] Defendants conflate "proposal" and "decision" in arguing that "decisions made by the Under Secretary are 'proposed' by him and do not receive an objection period." Defs.' Reply 3, ECF No. 34. The initial notices listed the Ochoco Forest

---

[1] Neither party argues that the regulation is ambiguous. *See* Pl.'s Resp. 11, ECF No. 30 ("The regulation 36 C.F.R. § 219.51(b) is not ambiguous[.]"); *see also* Defs.' Reply 4, ECF No. 34 ("[T]he Forest Service is not ... suggesting that the regulation is ambiguous.").

6 – Findings and Recommendation

Supervisor as the Responsible Official and noted that the PEAs were subject to the objection process. *See* Compl. ¶¶ 50–52. The Under Secretary was not listed as the Responsible Official until the Forest Service published the FEA and DN/FONSI in January 2021. *Id.* ¶¶ 54–55. It is true that a plan, plan amendment, or plan revision *proposed by* the Under Secretary is not subject to an objection process. But a proposal differs from a decision. Although the plain language of Section 219.51(b) is clear that a proposal by the Under Secretary qualifies as a decision by the Under Secretary, the logic does not work in reverse. In other words, a decision by the Under Secretary is not necessarily a proposal by the Under Secretary. When the Under Secretary is not involved with a proposed plan amendment before signing a Decision Notice, the Under Secretary cannot later retroactively claim that the Under Secretary proposed that plan amendment by simply signing the Decision Notice.

Defendants' reliance on the regulation's preamble is misplaced. "[T]o the extent a rule is ambiguous, its preamble—even if not itself reviewable as final agency action—may help explain the promulgating agency's intent." *Safer Chems., Healthy Families v. EPA*, 943 F.3d 397, 419 (9th Cir. 2019) (citations omitted). Here, because the regulation is clear and unambiguous, the preamble is of no consequence. *See id.* at 420 ("[B]ecause the scope provisions are not ambiguous on their face, reference to the preamble discussion would be improper."). As noted, neither party argues the regulation is ambiguous. *See* Pl.'s Resp. 11, ECF No. 30 ("The regulation 36 C.F.R. § 219.51(b) is not ambiguous[.]"); *see also* Defs.' Reply 4, ECF No. 34 ("[T]he Forest Service is not . . . suggesting that the regulation is ambiguous.").

Even if the regulation were ambiguous, the plain meanings of "proposal" and "decision" do not support Defendants' interpretation of the regulation. *See Wards Cove*, 307 F.3d at 1219 ("[T]he plain meaning of a regulation governs and deference to an agency's interpretation of its

7 – Findings and Recommendation

regulation is warranted only when the regulation's language is ambiguous." (citing *Christensen v. Harris Cty.*, 529 U.S. 576, 588 (2000))). A "proposal" is defined as: (1) "[s]omething offered for consideration or acceptance; a suggestion[,]" and (2) "[t]he act of putting something forward for consideration." *Proposal*, Black's Law Dictionary (11th ed. 2019). In contrast, a "decision" is defined as an "agency determination after consideration of the facts and the law[.]" *Decision*, Black's Law Dictionary (11th ed. 2019). In short, a proposal is something offered for consideration, and a decision is a determination made after consideration of a proposal. Defendants cannot plausibly conflate the two words to suggest that they refer to the same action.

Lastly, Defendants' reliance on *Wild Virginia* is unavailing. *See Wild Va. v. U.S. Forest Serv.*, 24 F.4th 915 (4th Cir. 2022).[2] In *Wild Virginia*, the plaintiffs argued that the Forest Service was required to hold an objection period before authorizing a pipeline's route through a national forest because a private company, not the Under Secretary, "proposed" the pipeline project. *Id.* at 926–27. The Fourth Circuit held that "the proposal was not subject to the predecisional review process" and explained that "[t]he regulations governing the predecisional review process make clear that a proposal, for purposes of the exception, does not mean the application triggering action by the Forest Service but, rather, how the Forest Service decides to act in response to that application." *Id.* at 927. Unlike the situation in *Wild Virginia*, the proposed plan amendment at issue here originated from a lower-ranking official within the Forest Service. The Fourth Circuit's opinion in *Wild Virginia* may have persuasive value in cases involving external proposals, but it has no bearing on the facts of this case.

---

[2] The regulation at issue in *West Virginia* was 36 C.F.R. § 218.13(b), which states: "Projects and activities proposed by the Secretary of Agriculture or the Under Secretary, Natural Resources and Environment, are not subject to the [objection process]. Approval of projects and activities by the Secretary or Under Secretary constitutes the final administrative determination of the U.S. Department of Agriculture." 36 C.F.R. § 218.13(b). Section 218.13(b) is contained in a subpart that "establishes a predecisional administrative review (hereinafter referred to as 'objection') process for proposed actions of the Forest Service concerning projects and activities implementing land and resource management plans documented with a Record of Decision or Decision Notice[.]" 36 C.F.R. § 218.1.

In sum, the Under Secretary's signature on a decision notice does not exempt a lower-ranking official's proposed plan amendment from the objection process. If the Under Secretary wishes to exempt a proposed plan amendment under Section 219.51(b), the Under Secretary must be involved with the proposal before signing a decision notice.

## II.     36 C.F.R. § 219.51(d)

The parties also dispute whether Defendants complied with the requirements set forth in 36 C.F.R. § 219.51(d), which states: "When a plan, plan amendment, or plan revision is not subject to objection under this subpart, the responsible official shall include an explanation with the signed decision document." *Id.* Here, the DN/FONSI explained:

> In accordance with the regulation at 36 CFR 219.51(b), this plan amendment is not subject to objection (administrative review) because it is signed by the Under Secretary for Natural Resources and Environment. As such, this decision is the final administrative determination by the U.S. Department of Agriculture.

Compl. ¶ 55 (citation omitted). Plaintiff argues that this explanation is insufficient because it misstates the requirements of 36 C.F.R. § 219.51(b), which only exempts plan amendments *proposed by* the Under Secretary. *See* Pl.'s Resp. 23, ECF No. 30. Defendants argue they did not misquote or misapply 36 C.F.R. § 219.51(b) and that Plaintiff's argument rests on its "flawed interpretation" of that section. *See* Defs.' Reply 11, ECF No. 34.

As explained above, Defendants cannot disregard the word "proposed" in § 219.51(b) by conflating it with the Under Secretary's "decision." *Cf. Nat'l Ass'n of Home Builders v. Defs. of Wildlife*, 551 U.S. 644, 669 (2007) ("[W]e have cautioned against reading a text in a way that makes part of it redundant." (citation omitted)). Accordingly, the Under Secretary's explanation in the DN/FONSI is inadequate because it misstates the requirements set forth in 36 C.F.R. § 219.51(b).

## RECOMMENDATION

For the reasons above, Defendants' Motion to Dismiss (ECF No. 24) should be DENIED.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment or appealable order.

The Findings and Recommendation will be referred to a district judge. Objections to this Findings and Recommendation, if any, are due fourteen (14) days from today's date. *See* Fed. R. Civ. P. 72. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED this __27__ day of April, 2023.

_____
MARK D. CLARKE
United States Magistrate Judge