TODD KIM
Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division

HAYLEY A. CARPENTER (CA Bar No. 312611)
TYLER M. ALEXANDER (CA Bar No. 313188)
Trial Attorneys
Natural Resources Section
150 M St. NE, Washington, D.C.
Washington, DC  20002
(202) 305-0242 (Carpenter)
(202) 305-0238 (Alexander)
hayley.carpenter@usdoj.gov
tyler.alexander@usdoj.gov

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## MEDFORD DIVISION

| | |
|---|---|
| **BLUE MOUNTAINS BIODIVERSITY PROJECT**, an Oregon non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>**HOMER WILKES,** in his official capacity as Undersecretary for Natural Resources and Environment, United States Department of Agriculture; **GLENN CASAMASSA**, in his official capacity as Regional Forester for Region 6; **SHANE JEFFRIES**, in his official capacity as Forest Supervisor of the Ochoco National Forest; **MICHAEL RAMSEY**, in his official capacity as District Ranger for the Lakeview Ranger District, Fremont Winema National Forest; and the **UNITED STATES FOREST SERVICE**,<br><br>Defendants. | Case No. 1:22-cv-01500-CL<br><br><br>**DEFENDANTS' OBJECTIONS TO THE FINDINGS AND RECOMMENDATION [ECF No. 38]** |

**INTRODUCTION**

Defendants' Motion to Dismiss asks this Court to give effect to the plain meaning of the Forest Service's predecisional objection regulation at 36 C.F.R. § 219.51(b). That regulation provides:

> Plans, plan amendments, or plan revisions proposed by the Secretary of Agriculture or the Under Secretary for Natural Resources and Environment are not subject to the procedures set forth in this section. A decision by the Secretary or Under Secretary constitutes the final administrative determination of the U.S. Department of Agriculture.

*Id.* If the regulation only contained the first sentence, the reading proffered by the Findings and Recommendation would be plausible. ECF No. 38 at 7 ("It is true that a plan, plan amendment, or plan revision *proposed* by the Under Secretary is not subject to an objection process. But a proposal differs from a decision."). But there is a second sentence: "A decision by the Secretary or Under Secretary constitutes the final administrative determination of the U.S. Department of Agriculture." 36 C.F.R. § 219.51(b). There is no room for a predecisional objection process for "final" decisions. Thus, when the decisionmaker is the Under Secretary, his or her signature ends the administrative process. Indeed, decisions by the Under Secretary have never received an objection period. Management Planning, 77 Fed. Reg. at 21,247-48 (April 9, 2012). The Findings and Recommendation never reckons with the second sentence of the regulation and so reaches an erroneous interpretation.

This error is repeated in the second portion of the Findings and Recommendation. ECF No. 38 at 9 ("the Under Secretary's explanation in the DN/FONSI is inadequate because it misstates the requirements set forth in 36 C.F.R. § 219.5 (b)"). Subsection (d) of the regulation requires the Forest Service to "include an explanation with the signed decision document whenever "[a] plan amendment . . . is not subject to objection." *Id.* § 219.51(d). The agency did

United States' Objections to Findings and Recommendation
*Blue Mountains Biodiversity Project v. Wilkes, et al.*
Case No. 1:22-cv-01500-CL (D. Oregon)                                                                                              1

so here, citing the relevant regulation and correctly explaining that the Eastside Screens Amendment was not subject to the objection process "'because it is signed by the Under Secretary for Natural Resources and Environment.'"  Compl. ¶ 56 (quoting DN/FONSI at 13). This explanation satisfies the regulation.

The Findings and Recommendation's holdings to the contrary are error.  This Court should review Defendants' Motion to Dismiss de novo and dismiss Plaintiff's Complaint with prejudice.

## BACKGROUND

This case is about the 2021 Eastside Screens Amendment, which amended the Forest Plans for six national forests in Eastern Oregon and Southeastern Washington.  *See* Compl. ¶ 2. Although Plaintiff nominally also challenges the South Warner Habitat Restoration Project, the only alleged deficiency Plaintiff identifies in that Project is that it was issued under the allegedly unlawful Eastside Screens Amendment.  *Id.* ¶¶ 2-4.

Plaintiff's First Claim alleges that the Forest Service violated Department of Agriculture regulations—promulgated under the National Forest Management Act—and the Administrative Procedure Act (APA) by not holding a predecisional objection period for the Eastside Screens Amendment.  *Id.* ¶ 65.  Plaintiff's Second Claim alleges that the Forest Service violated Departmental regulations and the APA by allegedly failing to provide an adequate explanation for why the Forest Service did not hold the objection period.  *Id.* ¶ 66.  Plaintiff's Third Claim alleges that Defendants violated NFMA and the APA by approving a Project that relies on the allegedly unlawful Eastside Screens Amendment.  *Id.* ¶ 67.

United States' Objections to Findings and Recommendation
*Blue Mountains Biodiversity Project v. Wilkes, et al.*
Case No. 1:22-cv-01500-CL (D. Oregon)                                                                                 2

Defendants moved to dismiss Plaintiff's Complaint based on the plain meaning of the Forest Service's appeal regulations. ECF No. 24. On April 27, 2023, Judge Clarke issued a Findings and Recommendation recommending that motion be denied.[1] ECF No. 38.

## STANDARD OF REVIEW

A motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) "tests the adequacy of the complaint's allegations." *Glazer Cap. Mgmt., L.P. v. Forescout Techs., Inc.*, 63 F.4th 747, 763 (9th Cir. 2023) (citing Fed. R. Civ. P. 12(b)(6)). Dismissal is appropriate where the Complaint lacks a cognizable legal theory. *Solida v. McKelvey*, 820 F.3d 1090, 1096 (9th Cir. 2016) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).

A party objecting to the findings and recommendation of a United States Magistrate Judge under 28 U.S.C. § 636(b) is entitled to "a de novo determination of those portions of the . . . specified proposed findings or recommendations to which objection is made." A de novo review entails "an independent, non-deferential, determination concerning the question whether the [Magistrate Judge] correctly applied the law." *Colan v. Mesa Petroleum Co.*, 951 F.2d 1512, 1518 (9th Cir. 1991), *as amended on denial of reh'g* (Dec. 23, 1991); *see also United States v. Raddatz*, 447 U.S. 667, 675 (1980) (regarding matters referred to a Magistrate Judge under § 636(b), "the district judge in making the ultimate determination of the matter, would have to give fresh consideration to those issues to which specific objection has been made by a party").

---

[1] On May 1, 2023, Judge Hallman held oral argument on cross motions for summary judgment in *Greater Hells Canyon Council v. Wilkes*, Case No. 2:22-CV-00859-HL, which raises the same question of regulatory interpretation addressed here. At the hearing, Judge Hallman indicated he would be referring his Findings and Recommendation to this Court sometime this summer.

United States' Objections to Findings and Recommendation
*Blue Mountains Biodiversity Project v. Wilkes, et al.*
Case No. 1:22-cv-01500-CL (D. Oregon)                                                                 3

This de novo review requirement following objection is necessary "to satisfy Article III concerns." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (citation omitted).

## ARGUMENT

I. **The Findings and Recommendation Fails to Give Effect to the Plain Language of 36 C.F.R. § 219.51(b), which Provides that the Under Secretary's Decisions are "Final" and so Not Subject to Objection.**

The Forest Service's objection regulations do not require a predecisional objection period for decisions by the Secretary of Agriculture or the Under Secretary for Natural Resources and Environment. Again, the regulation says:

> Plans, plan amendments, or plan revisions proposed by the Secretary of Agriculture or the Under Secretary for Natural Resources and Environment are not subject to the procedures set forth in this section. A decision by the Secretary or Under Secretary constitutes the final administrative determination of the U.S. Department of Agriculture.

36 C.F.R. § 219.51(b). The first sentence explains that plan amendments "proposed" by the Secretary or Under Secretary do not receive objection. *Id.* And the second sentence explains that all amendment decisions by the Secretary or Under Secretary are "final" and therefore not subject to predecisional objection. *Id.*

In construing identical language in the Forest Service's appeal regulations for projects and activities on National Forest System land, 36 C.F.R. § 218.13(b), the Fourth Circuit held that decisions signed by the Under Secretary are "proposed" by him under the objection regulations. *Wild Va. v. U.S. Forest Serv.*, 25 F.4th 915, 927 (4th Cir. 2022) (rejecting the reading of "proposed" adopted by the Findings and Recommendation as "too narrow and ignor[ing] the broader regulatory scheme."). The Findings and Recommendation—at Plaintiff's urging—seeks to distinguish *Wild Virginia* as dealing only with external applications. ECF No. 38 at 8. But that distinction finds no footing in the regulatory text or the Fourth Circuit's opinion; neither

United States' Objections to Findings and Recommendation
*Blue Mountains Biodiversity Project v. Wilkes, et al.*
Case No. 1:22-cv-01500-CL (D. Oregon)                                                                 4

suggests different meanings for "proposed" based on whether a project has an external vs. internal origin.² Rather, as the Fourth Circuit explained, the regulation's focus is not on the origin of a proposal, but on "how the Forest Service decides to act in response." *Wild Va.*, 24 F.4th at 927; *see also id.* ("[t]here is no distinction *based on the source* of the project's application" (emphasis added)). The same reasoning applies here. As the ultimate decisionmaker, the Under Secretary "proposed" the amendment under 36 C.F.R. § 219.51(b). *Cf. Wild Va.*, 24 F.4th at 926 (the Under Secretary proposed a project when "the Forest Service, via the United States Department of Agriculture's Under Secretary for Natural Resources and Environment, issued a second [Record of Decision] approving the Pipeline.").

Even if this Court disagrees with the Fourth Circuit's construction of "proposed," the Court must still give effect to the entire regulation. *See* ANTONIN SCALIA & BRYAN A. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 174 (2012) ("If possible, every word and every provision is to be given effect (*verba cum effectu sunt accipienda*). None should be ignored. None should needlessly be given an interpretation that causes it to duplicate another provision or to have no consequence."). The second sentence of subsection (b) states that "[a] decision by the Secretary or Under Secretary constitutes the final administrative determination of the U.S. Department of Agriculture." 36 C.F.R. § 219.51(b). That sentence means what it

---

² At oral argument, Plaintiff attempted to distinguish *Wild Virginia* by noting that, there, the agency designated the Under Secretary as the responsible official before issuing the decision notice. But the Fourth Circuit never mentioned this fact in its opinion. Plaintiff's attempt to conjure a new procedural notice requirement—and one that has no basis in the regulatory text— before the Under Secretary can reach a decision departs from well-established administrative law. *See Vt. Yankee Nuclear Power Corp. v. Nat. Res. Def. Council, Inc.*, 435 U.S. 519, 524 (1978) ("Agencies are free to grant additional procedural rights in the exercise of their discretion, but reviewing courts are generally not free to impose them if the agencies have not chosen to grant them.").

United States' Objections to Findings and Recommendation
*Blue Mountains Biodiversity Project v. Wilkes, et al.*
Case No. 1:22-cv-01500-CL (D. Oregon)                                            5

says—final means final, and final decisions are not subject to predecisional objections.  "It is well established that when the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." *Lamie v. U.S. Tr.*, 540 U.S. 526, 534 (2004) (citation omitted).  But rather than enforce the second sentence of subsection (b), the Findings and Recommendation renders it a nullity.[3]

The preamble to the regulation also supports Defendants' reading and specifically rejects the reading of the Findings and Recommendation.  *City of Las Vegas v. F.A.A.*, 570 F.3d 1109, 1117 (9th Cir. 2009) (if a regulation is susceptible to more than one reading, "we consult the preamble of the final rule as evidence of context or intent of the agency promulgating the regulations." (citation omitted)).  There, the Department of Agriculture responded to a comment urging the agency to adopt a provision providing that "decisions made by the Secretary or the Under Secretary for Natural Resources and Environment affecting the Forest Service . . . be subject to administrative review."  77 Fed. Reg. at 21,247.   The Department declined to do so, explaining that "[l]and management plan decisions made by the Secretary or Under Secretary for Natural Resources and Environment have never been subject to appeal or objection.  The Department chooses not to change this approach."  *Id.*  The Finding and Recommendation, however, disregards the Department of Agriculture's contemporaneous interpretation of its own regulations and improperly imposes on the agency a procedure it expressly rejected.  *See Vt. Yankee*, 435 U.S. at 524.

---

[3] Plaintiff's briefing argued that the second sentence in subsection (b) has nothing to do with the first, but merely defines when a decision is a "Final Agency Action" under the APA, 5 U.S.C. § 704.  Pl.'s Opp'n to Mot. to Dismiss, ECF No. 30, at 9-10, 15.  That explanation strains credulity and the Findings and Recommendation wisely declined to adopt it.  *See* Defs.' Reply in Support of Mot. to Dismiss, ECF No. 34, at 6-7.

United States' Objections to Findings and Recommendation
*Blue Mountains Biodiversity Project v. Wilkes, et al.*
Case No. 1:22-cv-01500-CL (D. Oregon)                                                                                      6

Finally, the Findings and Recommendation is also incompatible with the rest of the predecisional objection regulatory structure. Under the regulations, objections are made to "the line officer at the next higher administrative level above the responsible official." 36 C.F.R. § 219.56(e). But the Under Secretary is the highest administrative level for the Forest Service. *See* 7 C.F.R. § 2.20(a)(2)(ii) (delegating to the Under Secretary authority to "[p]rovide national leadership in forestry," "[p]rotect, manage, and administer the national forests," and "[e]xercise the administrative appeal review functions of the Secretary of Agriculture" for decisions by the Forest Service). There is no "line officer" above the Under Secretary of Agriculture, and the objection regulations do not separately identify a reviewing officer for decisions by the Under Secretary. That fact shows the regulations were never intended to apply to the Under Secretary's decisions. *See Safari Club Int'l v. Haaland*, 31 F.4th 1157, 1171 (9th Cir. 2022) ("In discerning the meaning of regulatory language, our task is to interpret the regulation as a whole, in light of the overall statutory and regulatory scheme, and not to give force to one phrase in isolation." (citation omitted)). More, subjecting the Under Secretary's decisions to the predecisional objection process deprives him of his statutory and regulatory roll as the final decisionmaker over National Forest System lands. *See* Defs.' Mot. to Dismiss, ECF No. 24, at 7-8. The Findings and Recommendation ignores these problems, as did Plaintiff in briefing and at argument.

Read plainly and in context, 36 C.F.R. § 219.51(b) provides that decisions by the Under Secretary are not subject to the pre-decisional objection process. The Findings and Recommendation errs by reading the second sentence out of the regulation. Worse, binding the agency to an interpretation rejected in the preamble to the Rule frustrates the Under Secretary's authority to make "the final administrative determination of the U.S. Department of

United States' Objections to Findings and Recommendation
*Blue Mountains Biodiversity Project v. Wilkes, et al.*
Case No. 1:22-cv-01500-CL (D. Oregon)                                                                                              7

Agriculture." 36 C.F.R. § 219.51(b); *accord* 77 Fed. Reg. at 21,247. The Court should decline to adopt the Findings and Recommendation's reading of 36 C.F.R. § 219.51(b) and should review this issue de novo.

> **II.  The Findings and Recommendation Errs by Failing to Credit the Forest Service's Straightforward Explanation of Why No Objection Process was Required.**

The same error infects the second section of the Findings and Recommendation, which concludes that "the Under Secretary's explanation [of why no objection period is required] in the DN/FONSI is inadequate because the Findings and Recommendation misstates the requirements set forth in 36 C.F.R. § 219.51(b)." ECF No. 38 at 9. 36 C.F.R. § 219.51(d) says that "[w]hen a plan, plan amendment, or plan revision is not subject to objection under this subpart, the responsible official shall include an explanation with the signed decision document." The Forest Service did so here by explaining that there would be no objection process because the decision "'is signed by the Under Secretary for Natural Resources and Environment.'" Compl. ¶ 56 (quoting DN/FONSI at 13). As explained above, the Under Secretary did not misstate the requirements in 36 C.F.R. § 219.51(b). The Court should thus also decline to adopt the Findings and Recommendation's conclusion about the Forest Service's compliance with subsection (d)'s notice requirement and review this issue de novo.

## CONCLUSION

The Findings and Recommendation elides the second sentence of 36 C.F.R. § 219.51(b) and so reaches an incorrect reading of the regulation that imposes a procedural obligation the Department of Agriculture explicitly rejected when it adopted the predecisional objection regulations. This error frustrates the ability of the Under Secretary to exercise his statutory

United States' Objections to Findings and Recommendation
*Blue Mountains Biodiversity Project v. Wilkes, et al.*
Case No. 1:22-cv-01500-CL (D. Oregon)                                     8

power as the final decisionmaker for Forest Plan amendments, and this Court should correct the Findings and Recommendation's oversight.

This Court should decline to adopt the Findings and Recommendation and should instead dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted this 11th day of March 2023,

        TODD KIM
        Assistant Attorney General
        U.S. Department of Justice
        Environment and Natural Resources Division

        */s/ Tyler M. Alexander*
        HAYLEY A. CARPENTER (CA Bar No. 312611)
        TYLER M. ALEXANDER (CA Bar No. 313188)
        Trial Attorneys
        Natural Resources Section
        P.O. Box 7611
        Washington, DC  20044
        (202) 305-0242 (Carpenter)
        (202) 305-0238 (Alexander)
        hayley.carpenter@usdoj.gov
        tyler.alexander@usdoj.gov

        *Attorneys for Defendants*

United States' Objections to Findings and Recommendation
*Blue Mountains Biodiversity Project v. Wilkes, et al.*
Case No. 1:22-cv-01500-CL (D. Oregon)                                                                                    9

## **CERTIFICATE OF COMPLIANCE**

This brief complies with the applicable word-count limitation under LR 7-2(b), 26-3(b), 54-1(c), or 54-3(e) because it contains 2510 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

                                          */s/ Tyler M. Alexander*
                                          TYLER M. ALEXANDER

United States' Objections to Findings and Recommendation
*Blue Mountains Biodiversity Project v. Wilkes, et al.*
Case No. 1:22-cv-01500-CL (D. Oregon)                                                                 10