Thomas Buchele, OSB No. 081560
Earthrise Law Center
Lewis & Clark Law School
10101 S. Terwilliger Blvd.
Portland, OR 97219
Tel: (503) 768-6736 (Buchele)
Fax: (503) 768-6642
Email: tbuchele@lclark.edu

Austin Starnes, OSB No. 224970
Blue Mountains Biodiversity Project
5113 SE 30th Ave, Apt 237
Portland, OR 97202
Tel: (317) 964-3776
Email: austin@bluemountainsbiodiversityproject.org

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### MEDFORD DIVISION

| | |
|---|---|
| **BLUE MOUNTAINS BIODIVERSITY PROJECT**, an Oregon nonprofit corporation, | Case No. 1:22-cv-01500-CL |
| Plaintiff, | **PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTIONS TO FINDINGS AND RECOMMENDATION** |
| v. | |
| **HOMER WILKES**, Under Secretary for Natural Resources and Environment, United States Department of Agriculture, in his official capacity, et al., | |
| Defendants. | |

## INTRODUCTION

In the Findings and Recommendation filed on April 27, 2023, Magistrate Judge Clarke recommends denying Defendants Homer Wilkes, the United States Forest Service ("Forest Service" or the "Service"), and its officers' (collectively "Defendants") Motion to Dismiss. *See generally* ECF No. 38. Defendants had moved to dismiss Plaintiff Blue Mountains Biodiversity Project's ("BMBP") claims pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing BMBP's claims fail as a matter of law and seeking their dismissal with prejudice. ECF No. 24.[1] BMBP's Complaint outlines three counts of legal violations under the National Forest Management Act ("NFMA") and the Administrative Procedure Act ("APA"). *See* ECF No. 1, at 21–22, ¶¶ 65–67.

Judge Clarke correctly found Defendants have not shown grounds for dismissal of BMBP's claims because Defendants' interpretation of the unambiguous regulations on which their Motion to Dismiss depends is contrary to the plain meaning of that regulatory language. The first regulation at issue, in BMBP's first claim, 36 C.F.R. § 219.51(b), creates a narrow exemption from Defendants' pre-decisional administrative review ("objection process") for plan amendments "proposed" by the Under Secretary of Agriculture. Defendants argue that the plain meaning of "proposed" includes plan amendments where the Under Secretary makes the decision to approve an amendment previously proposed by a lower-ranking Forest Service official. ECF No. 40, at 6. However, as Judge Clarke explained, the plain meaning of the words "proposed" or "proposal" and "decided" or "decision" are quite different. ECF No. 38, at 6–8. Defendants' interpretation, allowing a plan amendment decision made, but not proposed, by the Under Secretary to be exempt from Defendants' otherwise mandatory pre-decisional objection process, is inconsistent with the plain meaning of Section 219.51(b), which only exempts plan amendments "proposed" by the Under Secretary.

---

[1] All ECF references refer to the ECF pagination, noted at the top right of the documents in the docket.

Addressing BMBP's second claim, Judge Clarke also correctly found the second regulation at issue, 36 C.F.R. § 219.51(d) requires the Forest Service to "include an explanation with the signed decision document" when that plan is not subject to the objection process. But the only explanation offered by the Forest Service was to misstate the applicability of the exception under Section 219.51(b), which Judge Clarke found, makes that explanation plainly inadequate. ECF No. 38, at 9.[2] Judge Clarke recommends denying Defendants' Motion to Dismiss because he found Defendants' interpretation of the regulations at issue—and thus Defendants' purported authority—inconsistent with the plain language of those regulations.

Defendants filed timely objections to Judge Clarke's Findings and Recommendation. ECF No. 40. Defendants' objections, however, simply rehash arguments already rejected by Judge Clarke. Although they continue to agree that the regulations at issue are unambiguous, ECF No. 40, at 4, they offer no plain meaning of those regulations that would allow them to approve the plan amendment at issue without a pre-decisional objection process. As discussed below, Judge Clarke's Findings and Recommendation denying Defendants' Motion to Dismiss properly interprets relevant case law and the unambiguous plain language of the regulations at the center of BMBP's claims. Therefore, this Court should adopt Judge Clarke's Findings and Recommendation in its entirety.

## **BACKGROUND**

In the waning days of the last presidential administration, then-Undersecretary of Natural Resources and Environment, James Hubbard, signed and approved a proposed amendment to the Forest Plans for six national forests in eastern Oregon and southeastern Washington, the 2021 *Eastside Screens Amendment: Forest Management Direction for Large Diameter Trees in*

---

[2] BMBP's third claim is also legally cognizable because the South Warner Habitat Restoration Project ("South Warner Project" or the "Project") relies upon the illegally amended Fremont-Winema National Forest Land and Resource Management Plan ("LRMP" or "Forest Plan"), the Project itself is inconsistent with the legal portions of the current Forest Plan and therefore illegal. ECF No. 1, at 22, ¶ 67.

*Eastern Oregon and Southeastern Washington* ("2021 Eastside Screens Amendment"). ECF No. 1, at 17–18, ¶ 54. This amendment modified long-standing protections that prohibited the logging of "live trees" ≥21" DBH (the "21" Rule") and prohibited all logging in late and old structure stands below the historic range of variability. ECF No. 1 at 15, ¶ 49. The rule the amendment modified, known as the "Eastside Screens," dates back to the 1990s and was developed in response to the lack of large trees necessary for wildlife habitat due to over a century of over-logging. *Id.* at 11, ¶ 38; ECF No. 38 at 2.

The Forest Service began the process to amend the Forest Plans to replace the existing mandatory standards with non-mandatory guidelines in August 2020. Notice to initiate a land management plan amendment and notice of availability, 85 Fed. Reg. 48,500−01 (Aug. 11, 2020); ECF No. 1, at 16, ¶ 50. This official Federal Register Notice specified that "[t]he *proposal* would amend the land management plans" for the six forests, noting that "the Responsible Official will decide whether to select the *proposed* action, another alternative, or a combination of alternatives." 85 Fed. Reg. 48,500, 48,501 (emphasis added). Notice for this "proposed action" affirmatively told the public that "[t]his EA is subject to Forest Service regulation 36 CFR 219, Subpart B, known as the administrative review, or objection, process," and named Shane Jeffries, Ochoco Forest Supervisor, as the "Responsible Official for this amendment." ECF No. 1, at 16, ¶ 50; 85 Fed. Reg. 48,500–01. The notice did not mention the Under Secretary of Agriculture or indicate he played any role in proposing this amendment. 85 Fed. Reg. 48,501.

A subsequent Federal Register Notice in September 2020 extending the public comment period for the 2021 Eastside Screens Amendment similarly called the amendment "a *proposed* amendment to land management plans." Pacific Northwest Region; Oregon; Land Management Plan Amendment; Forest Management Direction for Large Diameter Trees in Eastern Oregon, 85 Fed. Reg. 55,409 (Sept. 8, 2020) (emphasis added); ECF No. 1, at 16, ¶ 51. Again, this Notice announced "[t]his EA is subject to ... [the] objection, process." 85 Fed. Reg. 55,409 (Sept. 8, 2020) (citing 36 C.F.R. § 219); ECF No. 1, at 16, ¶ 51. This September Notice did not identify a responsible official but directed commenters to mail hardcopy comments to Shane Jefferies, the

responsible official identified in the August Notice. 85 Fed. Reg. 55,409; 85 Fed. Reg. 48,501.
Neither public notice stated or implied that the 2021 Eastside Screens Amendment was proposed
by or was to be ultimately decided and approved by the Under Secretary of Natural Resources
and Environment; neither Notice mentioned the Under Secretary at all. Relying on the Forest
Service's repeated assurances that the Amendment would be subject to the objection process,
BMBP submitted substantive comments on the 174-page preliminary EA ("PEA") during the
sole opportunity for public input provided by the agency for a decision impacting vast swaths of
public land in eastern Oregon and southeastern Washington. ECF No. 1, at 17, ¶ 53. BMBP's
substantive comments normally would secure its regulatory-established right to comment on and
object to the Final Environmental Assessment ("FEA") and Draft Decision Notice ("DN"),
including any proposed Finding of No Significant Impact ("FONSI"). 36 C.F.R. § 219.53(a);
ECF No. 1, at 17, ¶ 53.

On January 12, 2021, in the final days of the outgoing administration, the Forest Service
published the FEA and final Decision Notice/Finding of No Significant Impact ("DN/FONSI")
for the 2021 Eastside Screens Amendment, approving the amendment and for the first time
naming Under Secretary of Natural Resources and Environment James Hubbard as the
Responsible Official. ECF No. 1, at 18, ¶ 55. The DN/FONSI states, "[i]n accordance with the
regulation at 36 CFR 219.51(b), this plan amendment is not subject to objection (administrative
review) because it is *signed by* the Under Secretary for Natural Resources and Environment. As
such, this decision is the final administrative determination by the U.S. Department of
Agriculture." ECF No. 1, at 18, ¶ 55; Eastside Screens Amendment DN/FONSI at 13 (emphasis
added). The DN/FONSI included over 70 pages of analysis that BMBP had not seen or had the
chance to review and comment on before the final administrative decision was made. ECF No. 1,
at 17, ¶ 54. Because the Forest Service illegally denied the public a pre-decisional objection
process, and reneged on its explicit promises to provide one, the public—including BMBP—
never got the opportunity to review, comment on, and object to the additional analysis in the
FEA and the final decision outlined in the DN/FONSI. ECF No. 1. at 17–18, ¶¶ 54–55.

## BMBP'S CLAIMS AND DEFENDANTS' MOTION TO DISMISS

BMBP's Complaint raises three claims. ECF No. 1, at 21–22, ¶¶ 65–67. BMBP's first claim challenges the United States Forest Service's illegal reliance on 36 C.F.R. § 219.51(b) in its approval of the 2021 Eastside Screens Amendment without holding an objection process as required by 36 C.F.R. Part 219, Subpart B. ECF No. 1, at 21, ¶ 65. BMBP's second claim challenges Defendants' lack of explanation as to why the 2021 Eastside Screens Amendment was not subject to the objection process, as required by 36 C.F.R. § 219.51(d). ECF No. 1, at 22, ¶ 66. BMBP's third claim challenges the approval of the South Warner Habitat Restoration Project ("South Warner Project" or "Project"), which relies upon the Fremont-Winema National Forest ("FWNF") Forest Plan, as illegally amended by the 2021 Eastside Screens Amendment, to authorize the logging of trees up to 30" diameter at breast height ("DBH"). *Id.* at 22, ¶ 67.

Defendants' Motion to Dismiss relies in part on their flawed interpretation of 36 C.F.R. § 219.51(b),[3] a regulation which Defendants admit is unambiguous. *See* ECF No. 34, at 2 ("The regulation is not ambiguous."). The Forest Service argued that the plain language of 36 C.F.R. § 219.51(b) authorizes the agency to approve a plan amendment without a pre-decisional objection period for amendments signed or decided, but not proposed by, the Under Secretary. ECF No. 24, at 2. In recommending this Court dismiss Defendants' motion, Judge Clarke found that Defendants' Motion to Dismiss rested on a flawed interpretation of the plain language of the regulation. ECF No. 38, at 5, 9. Specifically, Judge Clarke found that Defendants conflated the words "proposed" and "decision," and in doing so ignored the plain meaning of each of these terms. *Id.* at 7–8. Judge Clarke first found that the plain meaning of 36 C.F.R. § 219.51(b) did

---

[3] Section 219.51(b) reads as follows:

> Plans, plan amendments, or plan revisions proposed by the Secretary of Agriculture or the Under Secretary for Natural Resources and Environment are not subject to the procedures set forth in this section. A decision by the Secretary or Under Secretary constitutes the final administrative determination of the U.S. Department of Agriculture.

36 C.F.R. § 219.51(b).

not permit Defendants to avoid the objection process when the Under Secretary only signs—but does not propose—a plan amendment. *Id.* at 9. Judge Clarke next found that Defendants failed to comply with the requirements of 36 C.F.R. § 219.51(d)[4] because the only explanation Defendants provided misstates what 36 C.F.R. § 219.51(b) allows. ECF No. 38, at 9. Finding that Defendants improperly relied on and failed to follow the regulations underlying BMBP's claims, Judge Clarke recommends denying Defendants' Motion to Dismiss, ECF No. 24. ECF No. 38, at 10.

## STANDARD OF REVIEW

Under the Federal Magistrates Act, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party files timely objections to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3). Defendants filed timely objections to Judge Clarke's Findings and Recommendation, so the Findings and Recommendation are reviewed de novo.

## ARGUMENT

Judge Clarke correctly recommends this Court deny Defendants' Motion to Dismiss because Defendants' grounds for dismissal rest on a flawed interpretation of the unambiguous requirements of the governing regulations, 36 C.F.R. §§ 219.51(b), (d). ECF No. 38, at 8–10. Judge Clarke's Findings and Recommendation properly addresses the legal interpretation of each of these unambiguous regulations and should be adopted in full.

---

[4] Section 219.51(d) states "[w]hen a plan, plan amendment, or plan revision is not subject to objection under this subpart, the responsible official shall include an explanation with the signed decision document." 36 C.F.R. § 219.51(d).

I.      **Judge Clarke correctly found the plain meaning of 36 C.F.R. § 219.51(b) does not permit the Forest Service to avoid the objection process when a plan amendment is proposed by a lower-ranking official but approved by the Under Secretary.**

In recommending this Court reject Defendants' Motion to Dismiss, Judge Clarke found that the plain language of 36 C.F.R. § 219.51(b) only exempts plan amendments signed by the Under Secretary from the objection process if the Under Secretary also proposed the amendment. ECF No. 38, at 9. Judge Clarke's finding relies on the plain language of the regulation, which states that plan amendments "proposed by … the Under Secretary" are not subject to the objection process. Judge Clarke found that the Under Secretary's signature on a decision notice approving a plan amendment does not exempt the government from the objection process when the plan amendment was "proposed" by a lower-ranking official—as was the case here. ECF No. 38, at 9.

Defendants object to Judge Clarke's findings regarding BMBP's first claim on four grounds. First, Defendants argue Judge Clarke improperly distinguished this case from the Fourth Circuit opinion *Wild Virginia v. U.S. Forest Service*, 24 F.4th 915 (4th Cir. 2022), which interpreted a similar exemption in a related rule. *See* ECF No. 40, at 5–6. Second, Defendants argue Judge Clarke's interpretation of the rule fails to read the rule as a whole and ignores the second sentence of the rule. *Id.* at 6–7. Third, Defendants argue Judge Clarke improperly ignored the preamble of the regulation to aid in the interpretation. *Id.* at 7. Fourth and finally, Defendants argue Judge Clarke's reading of the statute renders it incompatible with other provisions of the objection regulations. *Id.* at 8. As addressed below, Defendants' objections identify no actual factual or legal error. Instead, Defendants attempt to justify their improper action of denying BMBP a pre-decisional objection process by rehashing properly rejected interpretations of unambiguous regulatory language.

A.    <u>The Findings and Recommendation properly distinguishes *Wild Virginia*.</u>

First, Defendants turn to the Fourth Circuit's decision in *Wild Virginia*, arguing the present case is indistinguishable from the Fourth Circuit's interpretation of Section 218.13(b)

merely because both interpret the term "proposed."[5] ECF. No. 40, at 4–5. In *Wild Virginia*, the Fourth Circuit found 36 C.F.R. § 218.13(b) applied to the Under Secretary's approval of a pipeline project which was initially "proposed" by a third party and approved by the Under Secretary. 24 F.4th at 927. The Fourth Circuit found the regulatory structure of the objection process "presume[s] that officers within the agency make proposals." *Wild Va.*, 24 F.4th at 927. So when, as was the case in *Wild Virginia*, a third party proposes an action, the Forest Service's decision to accept the third party's proposal "'becomes an Agency proposal to authorize the action.'" *Id.* (quoting U.S. Forest Serv., FSH 1909.15, National Environmental Policy Act Handbook, ch. 10, § 11.2 (2012), https://www.fs.fed.us/emc/nepa/nepa_procedures/index.shtml) [https://web.archive.org/web/20220519021840/https://www.fs.fed.us/emc/nepa/nepa_procedures /index.shtml].[6]

Judge Clarke correctly found that, unlike in *Wild Virginia*, "the proposed plan amendment at issue here originated from a lower-ranking official within the Forest Service." ECF No. 38, at 8. Defendants' assertion that "the Fourth Circuit held that decisions signed by the Under Secretary are 'proposed' by him under the objection regulations" distorts the court's holding, which only applies to proposals initiated by a third party. ECF No. 40, at 5. Therefore, the Fourth Circuit's finding relating to when an amendment is "proposed" for cases involving third-party proposals "has no bearing on the facts of this case." ECF No. 38, at 8. Defendants' objections refuse to acknowledge the Fourth Circuit's distinction between projects proposed by external parties and those proposed by Forest Service officials.[7] Judge Clarke correctly

---

[5] 36 C.F.R. § 218.13(b) is an analogous rule to 36 C.F.R. § 219.51(b), also referring to decisions, or "approvals," that have been "proposed" by the Secretary or Under Secretary, but in the context of "projects and activities" rather than "[p]lans, plan amendments, or plan revisions." 36 C.F.R. § 218.13(b); 36 C.F.R. § 219.51(b).

[6] The link in the original citation is no longer active. Chapter 10 of the Forest Service Handbook can be downloaded from this archived webpage.

[7] In a footnote, Defendants claim essentially that the designated "responsible official" was immaterial to the Fourth Circuit's holding because the court did not mention specifically that the Under Secretary was the "designated official" in its opinion. ECF No. 40, at 6 n.2. Before oral

distinguished *Wild Virginia*, and Defendants' reliance on the case fails to provide grounds for this Court to reject the Findings and Recommendation.

### B. The Findings and Recommendation properly gives effect to the entire regulation.

Second, Defendants argue Judge Clarke's findings do not give effect to the entire regulation, supposedly rendering the second sentence of the regulation a "nullity." ECF No. 40, at 7. Defendants' objections are unavailing for two reasons. First, Judge Clarke's Findings and Recommendation does not, as Defendants suggest, ignore the second sentence. Judge Clarke's findings address the language of the second sentence by requiring that the phrase "decision by the … Under Secretary," as used in the second sentence of Section 219.51(b), must refer to plan amendments actually "proposed by … the Under Secretary," as stated in the first sentence of that regulation. ECF No. 38, at 6–7. Second, Defendants' arguments are unavailing because they ask this Court to ignore the regulatory exemption's plain language. In doing so, Defendants effectively ignore the word "proposed" in the first sentence in favor of their interpretation that focuses only on the word "decision" in the second sentence.

The Findings and Recommendation addresses the second sentence by clarifying the meaning of "decision" as used in the second sentence refers to the "proposed" plan amendments discussed in the first sentence. *Id.* at 6–7. Courts interpret unambiguous regulations based on their plain language. *Pardini v. Unilever United States Inc.*, 65 F.4th 1081, 1087 (9th Cir. 2023) (citing *Wards Cove Packing Corp. v. Nat'l Marine Fisheries Serv.*, 307 F.3d 1214, 1219 (9th Cir

---

argument, BMBP submitted supplemental authority showing that the Forest Service did in fact designate the Under Secretary as the responsible official on the proposal for the pipeline project at issue in *Wild Virginia*. Pl. Notice of Supp. Auth., ECF No. 36; 85 Fed. Reg. 77,142, 77144 ("For the Forest Service, the responsible official is the Under Secretary…."). BMBP is not, as Defendants claim, attempting to "conjure a new procedural notice requirement," but instead showing that in *Wild Virginia*, the Forest Service properly followed its own regulations when the Under Secretary both proposed and approved the project. ECF No. 40, at 6 n.2.

2002)). Section 219.51(b) is unambiguous. ECF No. 38, at 6; ECF No. 30, at 16 ("The regulations at issue in this case are very clear and unambiguous in terms of what is required of the Forest Service."); ECF No. 34, at 5 ("[T]he Forest Service is not asking for *Kisor/Auer* deference or suggesting that the regulation is ambiguous."). Courts should avoid "reading a text in a way that makes part of it redundant." *Nat'l Ass'n of Home Builders v. Defs. of Wildlife*, 551 U.S. 644, 669 (2007) (citation omitted). The unambiguous language of the regulation is clear that the phrase "decision by the … Under Secretary" used in the second sentence refers only to plan amendments initially "proposed" by the Under Secretary, as is plainly stated by the first sentence. ECF No. 38, at 6–7. Thus, proposals made by the Under Secretary lead to final agency decisions made by the Under Secretary, and only such decisions would qualify for the regulatory exemption from the otherwise mandatory pre-decisional objection process, but "the logic does not work in reverse." *Id.* at 7.

As Judge Clarke explained: "When the Under Secretary is not involved with a proposed plan amendment before signing a Decision Notice, the Under Secretary cannot later retroactively claim that the Under Secretary proposed that plan amendment by simply signing the Decision Notice." *Id.* Defendants' objections distort the plain language of the first sentence in favor of their overly broad interpretation of the word "decision" used in the following sentence of the regulation. ECF No. 40, at 5–6. As Defendants explicitly affirmed that the regulation is unambiguous, their interpretation of the regulation, which "conflate[s] 'proposal' and 'decision,'" runs counter to the plain meaning, is not due deference, and does not provide grounds for this Court to decline to adopt Judge Clarke's Findings and Recommendation. *Id.*; ECF No. 38, at 6; ECF No. 34, at 5 (disclaiming *Kisor/Auer* deference); see also *Nat'l Ass'n of Home Builders*, 551 U.S. at 669.

In contending that Judge Clarke's reading of Section 219.51(b) nullifies the second sentence of the regulation, Defendants largely ignore the additional explanation for the second sentence that BMBP offered in its brief. *See* EFC No. 40, at 7 n.3. The second sentence clarifies that, in instances when the Secretary or Under Secretary has actually "proposed" a plan or plan

amendment, a subsequent decision by the Under Secretary would then constitute a "final agency action" ripe for judicial review. *See* ECF No. 30, at 22; 5 U.S.C. § 704; *see also Great Old Broads for Wilderness v. Kimbell*, 709 F.3d 836 (9th Cir. 2013) (discussing the objection process as part of the requirement to exhaust administrative remedies). Section 219 also uses parallel language in a different subsection to explain when an action that does undergo the objections process becomes a final decision. 36 C.F.R. § 219.57(b)(3) ("The response of the reviewing officer will be the final decision of the U.S. Department of Agriculture on the objection."). But even without this additional explanation for the regulation's second sentence, Judge Clarke correctly interpreted the first sentence—and the meaning of "proposed"—within the context of the regulation as a whole by looking at the plain meanings of the terms "proposed" and "decision" as used in that regulation. ECF No. 38, at 8.

> ### C.    The Findings and Recommendation properly found Section 219's preamble has no bearing on the interpretation of the regulation because the regulation is unambiguous.

Third, Defendants object to Judge Clarke's finding that "the preamble [of the rule] is of no consequence" to interpret the rule. ECF No. 38, at 7. Defendants' objection is in error because it ignores binding Ninth Circuit precedent. When a rule is unambiguous on its face, "reference to the preamble discussion would be improper" to interpret the rule. *Safer Chems., Healthy Fams. v. U.S. Env't Prot. Agency*, 943 F.3d 397, 420 (9th Cir. 2019). Defendants repeatedly assert that the plain language of the regulation at issue is unambiguous. *See, e.g.*, Def. Repl., ECF No. 34, at 2 ("The regulation is not ambiguous."); ECF No. 38, at 6 n.1 ("Neither party argues that the regulation is ambiguous."). Yet Defendants' objection asks the Court to apply a rule used only to interpret ambiguous provisions of regulations and statutes. ECF No. 40, at 7 (citing *City of Las Vegas v. Fed. Aviation Auth.*, 570 F.3d 1109, 1117 (9th Cir. 2009) ("*When a regulation is ambiguous*, we consult the preamble of the final rule as evidence of context or intent of the

agency promulgating the regulations." (emphasis added))).[8] Judge Clarke already addressed and rejected Defendants' reliance on the preamble, finding reference to the preamble inappropriate "because the regulation is clear and unambiguous." ECF No. 38, at 7 (citing *Safer Chems., Healthy Fams.*, 943 F.3d at 420).

Even if Defendants' objections implicitly argue in the alternative that the rule is ambiguous, this argument fails because the plain meaning of the regulation is unambiguous. ECF No. 38, at 7. Courts interpret regulations using the plain language of the regulation. *Pardini*, 65 F.4th at 1087 (citing *Wards Cove Packing Corp.*, 307 F.3d at 1219). The plain meaning of the terms "proposal" and "decision" are clear: "a proposal is something offered for consideration, and a decision is a determination made after consideration of a proposal." ECF No. 38, at 8. More specifically, Judge Clarke referred to Black's Law Dictionary to define the key terms at issue, "proposal," used in the first sentence, and "decision," used in the second sentence. Judge Clarke found a proposal is "(1) '[s]omething offered for consideration or acceptance; a suggestion[,]' and (2) '[t]he act of putting something forward for consideration.'" ECF No. 38, at 8 (citing *Proposal*, Black's Law Dictionary (11th ed. 2019)). In contrast, "a 'decision' is defined as an 'agency determination after consideration of the facts and the law[.]'" ECF No. 38, at 8 (citing *Decision*, Black's Law Dictionary (11th ed. 2019)).

Reading the two sentences of the regulation together, it "is clear that a proposal by the Under Secretary qualifies as a decision by the Under Secretary." *Id.* at 7. Decisions by the Under Secretary, however, are not by definition proposals by the Under Secretary that are exempt from the objection process. Thus, the "decision" noted in the second sentence refers specifically to the proposed plans, plan amendments, and plan revisions discussed in the first sentence. So, "decisions" are final if those "decisions" were also "proposed" by the Under Secretary.

---

[8] When quoting the court's finding in *City of Las Vegas*, Defendants omitted the language of "[w]hen a regulation is ambiguous," instead replacing the courts words with the phrase "if a regulation is susceptible to more than one reading." ECF No. 40, at 6; *see also Alaska Wilderness League v. Env't Prot. Agency*, 727 F.3d 934, 938 (9th Cir. 2013) ("A statute is ambiguous if it is susceptible to more than one reasonable interpretation.").

Defendants do not dispute Judge Clarke's definitions. Nor did they offer their own in their briefing. Thus, Defendants' reliance on the preamble to interpret the regulation fails to provide grounds for this Court to decline to adopt Judge Clarke's findings because the regulation is unambiguous.

**D.  The Findings and Recommendation's interpretation of 36 C.F.R. § 219.51(b) is consistent with the predecisional regulatory structure.**

Finally, Defendants argue that Judge Clarke's plain text interpretation of 36 C.F.R. § 219.51(b) is "incompatible with the rest of the predecisional objection regulatory structure" because the regulation does not identify a reviewing officer for objections to decisions made by the Under Secretary. ECF No. 40, at 8 (citing 36 C.F.R. § 219.56(e)). Defendants' objections fall flat because they ignore the relevant review regulations and create an imaginary inconsistency. Unless otherwise exempted, plan amendments are subject to the objection process. 36 C.F.R. § 219.17(b)(2) ("All plan amendments initiated after May 9, 2012, are subject to the objection process"). The objection process "gives an individual or entity an opportunity for an independent Forest Service review and resolution of issues *before the approval* of a plan, plan amendment, or plan revision." 36 C.F.R. § 219.50 (emphasis added).

BMBP does not suggest that all plan amendment decisions by the Under Secretary are subject to the objection process. BMBP's Complaint alleges only that the decision notice approving this plan amendment was illegal because the Under Secretary did not propose this amendment. ECF No. 1, at 2, ¶ 2. Accordingly, the Findings and Recommendation does not suggest that all plan amendment approvals by the Under Secretary are subject to an objection period. Instead, the Findings and Recommendation makes it clear that, if Defendants wished for the plan amendment to be exempt from the objection process, "the Under Secretary must be involved with the proposal before signing a decision notice," which did not happen here. ECF No. 38, at 9. In short, Defendants ask the Court to solve a problem that Defendants themselves created by having the Under Secretary approve a plan amendment already proposed by a lower-level official and therefore subject to the objection process.

II.     **Judge Clarke correctly found that Defendants' required explanation for not subjecting the amendment to the objection process was inadequate because the agency misstated the requirements set forth in 36 C.F.R. § 219.51(b).**

Defendants object to Judge Clarke's finding that the Under Secretary's explanation under 36 C.F.R. § 219.51(d) was inadequate. ECF No. 40, at 8. However, their argument fails because it relies on an erroneous reading of Section 219.51(b) and therefore misstates the regulation it purports to rely on. Section 219.51(d) requires the Forest Service to "include an explanation with the signed document" when a plan amendment is not subject to the objection process. In approving the plan, the Forest Service purported to comply with Section 219.51(d) by explaining that "[i]n accordance with the regulation at 36 C.F.R. § 219.51(b), this plan is not subject to [the] objection [process] … because it is *signed* by the Under Secretary …." ECF No. 1 at 18, ¶ 55. Defendants' purported explanation, however, disregards the plain language of Section 219.51(b) by conflating "decision" with "proposed." ECF No. 38, at 9. Thus, Defendants' explanation fails to comply with Section 219.51(d) "because it misstates the requirements set forth in 36 C.F.R. § 219.51(b)." ECF No. 38, at 9.[9] Defendants' objections to Judge Clarke's findings are entirely based on their erroneous reading of Section 219.51(b) discussed above: they argue that their explanation was proper because it proffered the already-rejected justification that "proposed" means that same thing as "decided." Just as this Court should adopt Judge Clarke's findings regarding the plain language of Section 219.51(b), this Court should also adopt Judge Clarke's findings that Defendants failed to comply with Section 219.51(d).

<u>CONCLUSION</u>

In his Findings and Recommendation, Judge Clarke recommends this Court deny Defendants' Motion to Dismiss because their motion is predicated on Defendants' erroneous

---

[9] BMBP believes Section 219.51(d) requires more than just repeating the regulatory language allowing for an exception to the objection process, and thus Defendants explanation would fail even if it did not misstate what Section 219.51(b) allows. ECF No. 1, at 22, ¶ 66. However, since misstating that regulation's requirements is clearly by itself an inadequate explanation, this Court need not resolve this issue in the context of Defendants' Motion to Dismiss.

reading of the plain language of the underlying regulations and the term "proposed." ECF No.

38. Defendants' objections offer no support for their request to this Court to reject Judge

Clarke's well-reasoned and supported findings on the regulations at issue, and instead attempt to

justify their improper action of denying BMBP a pre-decisional objection process by rehashing

properly rejected interpretations of unambiguous regulatory language. BMBP urges this Court to

adopt Judge Clarke's Findings and Recommendation, ECF No. 38, in full and deny Defendants'

Motion to Dismiss, ECF No. 24.


Dated: May 25, 2023

*s/ Thomas Buchele*_____
Thomas Buchele, OSB No. 081560
Earthrise Law Center
Lewis & Clark Law School
10101 S. Terwilliger Blvd.
Portland, OR 97219
Tel: (503) 768-6736 (Buchele)
Fax: (503) 768-6642
Email: tbuchele@lclark.edu

Austin Starnes, OSB No. 224970
Blue Mountains Biodiversity Project
5113 SE 30th Ave, Apt 237
Portland, OR 97202
Tel: (317) 964-3776
Email: austin@bluemountainsbiodiversityproject.org

*Attorneys for Plaintiff*