ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division

HAYLEY A. CARPENTER (CA Bar No. 312611)
Trial Attorney
Natural Resources Section
150 M St. NE, Washington, D.C.
Washington, DC  20002
(202) 305-0242
hayley.carpenter@usdoj.gov

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF OREGON
# MEDFORD DIVISION

| | |
|---|---|
| **BLUE MOUNTAINS BIODIVERSITY PROJECT**, an Oregon non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>**HOMER WILKES,** in his official capacity as Undersecretary for Natural Resources and Environment, United States Department of Agriculture; **JACQUELINE BUCHANAN**, in her official capacity as Regional Forester for Region 6; **JEFFREY MARSZAL**, in his official capacity as Forest Supervisor of the Ochoco National Forest; **DONALD "J.R." ASHCRAFT**, in his official capacity as District Ranger for the Lakeview Ranger District, Fremont Winema National Forest; and the **UNITED STATES FOREST SERVICE**,<br><br>Defendants. | Case No. 1:22-cv-01500-CL<br><br><br>**DEFENDANTS' MOTION TO DISMISS** |

# **Exhibit Table**

| Ex. 1 | South Warner Project Decision Memo |
|---|---|
| Ex. 2 | South Warner Project Decision Memo Amendment |
| Ex. 3 | Ashcraft Declaration |
| Ex. 4 | Cavanaugh Declaration |
| Ex. 5 | Excerpt from Eastside Screens Amendment Environmental Assessment |
| Ex. 6 | Excerpt from Eastside Screens Amendment Decision Notice |

United States' Mem. in Supp. of Mot. to Dismiss
*Blue Mountains Biodiversity Project v. Wilkes, et al.*
Case No. 1:22-cv-01500-CL (D. Oregon)                                          i

I. **MOTION**

Defendants move to dismiss Plaintiff Blue Mountains Biodiversity Project's ("Plaintiff") Complaint. Compl. ¶¶ 65-67, Dkt. No. 1 ("Compl."). Plaintiff's claims challenge the 2021 *Forest Plans Amendment: Forest Management Direction for Large Diameter Trees in Eastern Oregon and Southeastern Washington* ("Eastside Screens Amendment" or "Amendment") and the Amendment's implementation through the South Warner Habitat Restoration Project ("South Warner Project" or "Project"). The Court now lacks jurisdiction over these claims because the Amendment has been vacated in all material aspects by this Court in a different case. The Forest Service subsequently amended the Decision Memo for the South Warner Project to authorize action that would only rely on the non-vacated portion of the Amendment, and Plaintiff has not shown that its interests are harmed by the environmentally friendly portion of the Amendment that remains. Plaintiff's claims are therefore moot and should be dismissed with prejudice under Federal Rule of Civil Procedure 12(b)(1). Defendants have conferred telephonically with Plaintiff's counsel regarding this motion, but the Parties were not able to resolve the dispute. Plaintiff opposes this Motion.

II. **INTRODUCTION**

The 1995 Eastside Screens is a Forest Plan amendment that amended the plans of multiple forests in Eastern Oregon and Washington to add a standard preventing the harvest of trees over 21 inches in diameter in certain contexts. The 1995 Eastside Screens also contained provisions guiding management of standing dead trees, called snags. In January of 2021, the Forest Service issued the Decision Notice for the Eastside Screens Amendment. The Amendment replaced the above diameter standard in the 1995 Eastside Screens with a more flexible guideline for the harvest of large trees, and replaced the snag provisions of the 1995

United States' Mem. in Supp. of Mot. to Dismiss
*Blue Mountains Biodiversity Project v. Wilkes, et al.*
Case No. 1:22-cv-01500-CL (D. Oregon)   1

Eastside Screens with a standard and guidelines that will increase snags (and thus, important wildlife habitat) on the landscape. The Amendment also added provisions to ensure that enough green trees remain on the landscape to be able to meet snag requirements in the future.

The U.S. Forest Service (the "Service") approved the South Warner Project in December 2021, which authorized activities consistent with the Eastside Screens Amendment. Ten months later, Plaintiff brought this lawsuit challenging the Project and the Eastside Screens Amendment, which the Project applied. Before this case proceeded to summary judgment, this Court entered judgment in an earlier-filed case challenging the Amendment's replacement of the 1995 Eastside Screens' 21-inch diameter limit with a more flexible guideline, *Greater Hells Canyon Council v. Wilkes*, 2:22-cv-00859-HL (D. Or.), Dkt. Nos. 104, 105. The Order in *Greater Hells Canyon Council* vacated the Amendment other than the snag and green tree provisions, which plaintiffs in that case did not challenge. Dkt. No. 104 at 5. As a result of the Order, the Eastside Screens' 21-inch diameter limit is back in place. The Forest Service accordingly amended the Decision Memo for the South Warner Project to clarify that, in implementing the Project, the agency would apply only the non-vacated portions of the Amendment, meaning that the 1995 Eastside Screens' 21-inch diameter limit applied to the Project activities.

As explained below, the near-complete vacatur of the Amendment and corresponding Project Decision Memo Amendment render this action moot because the Court can grant no effective relief. The only non-vacated portion of the Amendment, composed of the snag and green tree provisions, does not harm Plaintiff's interests (indeed, these provisions improve wildlife habitat and benefit species). Accordingly, this action should be dismissed for lack of subject matter jurisdiction.

United States' Mem. in Supp. of Mot. to Dismiss
*Blue Mountains Biodiversity Project v. Wilkes, et al.*
Case No. 1:22-cv-01500-CL (D. Oregon)                                                                                           2

### III.   FACTUAL BACKGROUND

This action concerns the 2021 Eastside Screens Amendment, which amended the Forest Plans for six national forests in Eastern Oregon and Southeastern Washington. *See* Compl. ¶ 2. Dkt. 1. Although Plaintiff nominally also challenges the South Warner Project, the only alleged deficiency Plaintiff identifies in that Project is that it implements the Eastside Screens Amendment. *Id*. ¶¶ 2-4.

In December 2021, the U.S. Forest Service issued a Decision Memo approving the South Warner Project on the Fremont-Winema National Forest. *See* Decision Memo, attached as Ex. 1. The Project authorized prescribed fire, stream restoration treatments, non-commercial thinning, and commercial timber harvest "to restore and enhance a healthy, diverse, and resilient forest ecosystem that can endure human and natural disturbance, improve and restore health and viability of native wildlife habitats and sensitive species . . . and maintain weed-free native vegetation that provides high-quality habitat for fish and wildlife." *Id*. at 1. Consistent with the Eastside Screens Amendment, the Project included the harvest of trees over 21 inches in diameter. *Id*. at 2, n.1.

Plaintiff filed this action, alleging three claims. Compl. Plaintiff's First Claim alleges that the Forest Service violated Department of Agriculture regulations and the Administrative Procedure Act ("APA") by not holding an objection period for the Eastside Screens Amendment. *Id*. ¶ 65. Plaintiff's Second Claim alleges that the Forest Service violated Departmental regulations and the APA by allegedly failing to provide an adequate explanation for why the Forest Service did not hold an objection period for the Eastside Screens Amendment. *Id*. ¶ 66. Plaintiff's Third Claim alleges that Defendants violated the National Forest Management Act and

United States' Mem. in Supp. of Mot. to Dismiss
*Blue Mountains Biodiversity Project v. Wilkes, et al.*
Case No. 1:22-cv-01500-CL (D. Oregon)                                                             3

the APA by approving the South Warner Project because the Project relies on the Eastside Screens Amendment. *Id.* ¶ 67.

Before summary judgment briefing in this case was scheduled, this Court, in another case challenging the Eastside Screens Amendment, *Greater Hells Canyon Council v. Wilkes*, 2:22-cv-00859-HL (D. Or.), Dkt. Nos. 104, 105, vacated the Amendment other than the snag and green tree provisions (which plaintiffs in that case did not challenge), and enjoined the Forest Service from implementing the vacated portions of the Amendment. Dkt. No. 104 at 5. This resulted in the Eastside Screens' diameter limit springing back into place. The Forest Service then amended the South Warner Project Decision Memo to ensure the retention of any trees over 21 inches in diameter, consistent with the 1995 Eastside Screens. Project Decision Memo Amendment, attached as Ex. 2; Declaration of Donald Ashcraft ("Ashcraft Decl.") ¶ 6, attached as Ex. 3.

The only portion of the Eastside Screens Amendment that is still in place—and the only portion that the South Warner Project or any other project relies on—is the snag and green tree retention portion. *Greater Hells Canyon Council*, 2:22-cv-00859-HL, Dkt. No. 104 at 5. The 1995 Eastside Screens required retention of snags and green trees (for future snags) greater than 21-inches in diameter when implementing timber sales.[1] Excerpt from Eastside Screens Amendment Environmental Assessment ("EA"), attached as Ex. 5; Cavanaugh Decl. ¶ 6. The

---

[1] In this context, "green trees" refer to the limited context of sustaining enough living trees on the landscape so that those living trees will turn into snags in great enough numbers to meet snag standards. Thus, management of green trees in the South Warner Project and elsewhere on the Forest is pursuant to the 1995 Eastside Screens (including its diameter limit) in addition to the Amendment's green tree provision for snag recruitment. Declaration of Cheran Cavanaugh ("Cavanaugh Decl.") ¶ 4 ("management of snags on the Fremont-Winema must be consistent with the Amendment, and management of green trees must be consistent with the 1995 Eastside Screens (including the restriction on the harvest of trees ≥ 21-inch DBH) and the Amendment's green tree provision for snag recruitment."), attached as Ex. 4. "Snags" are standing dead trees that provide habitat for certain wildlife (often called "cavity excavators").

United States' Mem. in Supp. of Mot. to Dismiss
*Blue Mountains Biodiversity Project v. Wilkes, et al.*
Case No. 1:22-cv-01500-CL (D. Oregon)                                                           4

Amendment's snag standard differs from the 1995 Eastside Screens because it applies to all authorized project activities (not just timber sales), and requires either retention of all snags over *20 inches* in diameter <u>or</u> preparation of a comprehensive snag analysis and maintenance or increase in snag composition, size, structure, and distribution.[2] Excerpt from Eastside Screens Amendment Decision Notice, attached as Ex. 6; Cavanaugh Decl. ¶ 6. The Amendment also added a guideline requiring consideration of certain factors when the Forest Service must cut a snag for operational safety. Ex. 6. The Amendment's green tree retention provision differs from the 1995 Eastside Screens only by adding a standard requiring retention of green and hollow trees to meet future snag recruitment and adding guidelines to prioritize retention of green trees that will make good snag habitat for wildlife in the future. *Id*.

The South Warner Project currently has one timber sale being implemented. Ashcraft Decl. ¶ 7. That timber sale is set to be completed by summer of 2026. *Id*. There is one other timber sale authorized under the Project that is awaiting award to a contractor. *Id*. As for snag management, the Project retains all snags (of all sizes), and the Forest Service completed a snag analysis to confirm that the Project will maintain or increase diverse snag composition, size, structure, and distribution for a diverse composition of wildlife species and ecological site conditions. Cavanaugh Decl. ¶ 7.

## IV. STANDARD OF REVIEW

"Judicial review of administrative action, like all exercises of the federal judicial power, is limited by the requirement that there be an actual, live controversy to adjudicate." *Dep't of Fish & Game v. Fed. Subsistence Bd.*, 62 F.4th 1177, 1181 (9th Cir. 2023) (quoting *Campesinos*

---

[2] The Amendment requires the retention of snags over 20 inches or over the representative diameter of the overstory layer if that diameter is less than 20 inches. Cavanaugh Decl. ¶ 6.

United States' Mem. in Supp. of Mot. to Dismiss
*Blue Mountains Biodiversity Project v. Wilkes, et al.*
Case No. 1:22-cv-01500-CL (D. Oregon)    5

*Unidos, Inc. v. U.S. Dep't of Lab.*, 803 F.2d 1063, 1067 (9th Cir. 1986)). This live controversy must exist throughout litigation to preserve federal jurisdiction. *Doe v. Madison Sch. Dist. No. 321*, 177 F.3d 789, 797 (9th Cir. 1999) (en banc). "If an action or a claim loses its character as a live controversy, then the action or claim becomes 'moot,' and [a court] lack[s] jurisdiction to resolve the underlying dispute." *Id.* at 797-98.

Federal Rule of Civil Procedure 12(h)(3) also provides that a court "must dismiss" an action "[i]f the court determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). Consequently, "the deadline for making a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is prolonged by Rule 12(h)(3)." *Wood v. City of San Diego*, 678 F.3d 1075, 1082 (9th Cir. 2012); *see also Cassidy v. Colvin*, No. CV-16-08286-PCT-ESW, 2017 WL 2335690, at *2 (D. Ariz. May 30, 2017) (explaining that a defendant "may file a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(h)(3)" after responding to the complaint (citing *Augustine v. United States*, 704 F.2d 1074, 1075 n.3 (9th Cir. 1983))). "The same standards that govern a Rule 12(b)(1) motion apply to a Rule 12(h)(3) motion." *Est. of Elkins v. Pelayo*, No. 1:13-CV-1483-AWI-SAB, 2020 WL 2571387, at *1 (E.D. Cal. May 21, 2020) (citations omitted).

"Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss claims over which it lacks subject matter jurisdiction." *Dodev v. D.R. Horton Inc.*, No. CV-25-00356-PHX-MTL, 2025 WL 886906, at *1 (D. Ariz. Mar. 21, 2025). A challenge under Rule 12(b)(1) "may be either facial or factual." *Id.* (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). While a facial attack challenges the sufficiency of the allegations on their face, a factual attack disputes the truth of the allegations themselves. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a factual attack, the court "may review evidence beyond the complaint

United States' Mem. in Supp. of Mot. to Dismiss
*Blue Mountains Biodiversity Project v. Wilkes, et al.*
Case No. 1:22-cv-01500-CL (D. Oregon)                                                                 6

without converting the motion to dismiss into a motion for summary judgment" and "need not presume the truthfulness of the plaintiff's allegations." *Id.* (citing *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n. 2 (9th Cir.2003); *White*, 227 F.3d at 1242).

## V. ARGUMENT

"Generally, an action is mooted when the issues presented are no longer live and therefore the parties lack a legally cognizable interest for which the courts can grant a remedy." *Dep't of Fish & Game*, 62 F.4th at 1181 (quoting *Alaska Ctr. for Env't v. U.S. Forest Serv.*, 189 F.3d 851, 854 (9th Cir. 1999)). In such circumstances, "it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Native Vill. of Nuiqsut v. BLM*, 9 F.4th 1201, 1208 (9th Cir. 2021) (quoting *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012)). But a court can still consider an otherwise moot claim if an exception to the mootness doctrine applies. *Dep't of Fish & Game*, 62 F.4th at 1181. One such exception relates to the voluntary cessation of the challenged practice. "[A] defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000).

Another exception applies if a plaintiff can show that the challenged action is "capable of repetition, yet evading review." *Dep't of Fish & Game*, 62 F.4th at 1181. This requires a plaintiff to show that "(1) the duration of the challenged action is too short to allow full litigation before it ceases or expires, and (2) there is a reasonable expectation that the plaintiffs will be subjected to the challenged action again." *Id.* (quoting *Karuk Tribe of Cal. v. U.S. Forest Serv.*, 681 F.3d 1006, 1018 (9th Cir. 2012)).

United States' Mem. in Supp. of Mot. to Dismiss
*Blue Mountains Biodiversity Project v. Wilkes, et al.*
Case No. 1:22-cv-01500-CL (D. Oregon)                                                                 7

A. **<u>Plaintiff's claims are moot.</u>**

The challenged Amendment has been almost entirely vacated and enjoined, and the Project will not apply the vacated parts of the Amendment. *Greater Hells Canyon Council v. Wilkes*, 2:22-cv-00859-HL (D. Or.), Dkt. Nos. 104 at 5; Ex. 2. The vacatur in *Greater Hells Canyon Council* and the Project Decision Memo Amendment mean that it is impossible for the Court to grant any effectual relief even if Plaintiff were to prevail on its claim. As such, Plaintiff's claims are moot and this case should be dismissed for lack of subject matter jurisdiction.

The fact that the Amendment's snag and green tree retention provisions are still in place does not alter this conclusion. Plaintiff specifically alleges that it will be injured by the Project's logging of large trees, which the vacated Amendment no longer allows and the Project no longer includes. Compl. ¶ 10 ("If the Forest Service implements the South Warner Project as described in the Decision Memo, the logging, and especially the logging of large trees, will negatively affect the hunting, naturalistic landscape, and other recreational activities in the area, which will cause BMBP supporters to avoid the project area."); *id*. ¶¶ 4-5 (alleging that the South Warner Project is illegal because it "rel[ies] upon the illegally-approved Eastside Screens Amendment for the logging of trees ≥21" DBH."). Otherwise, Plaintiff only generally alleges that its members use the Forest and Project area as a whole and that Project activities will cause unspecified harm to "wildlife habitat and water quality, impacting not only wildlife and scenic values, but also potentially human health and well-being." *Id*. ¶ 10.

None of Plaintiff's allegations connects any interests or alleged injuries to the snag and green tree provisions, which is the only part of the Amendment that remains in effect and that will be applied through the Project. Thus, there is nothing to be redressed. Indeed, the

United States' Mem. in Supp. of Mot. to Dismiss
*Blue Mountains Biodiversity Project v. Wilkes, et al.*
Case No. 1:22-cv-01500-CL (D. Oregon)                                                                                      8

Amendment's snag and green retention provisions will result in a more environmentally-protective South Warner Project than if the 1995 Eastside Screens snag and green tree retention provisions were in place. Cavanaugh Decl. ¶ 8. In accordance with the Amendment's provisions, the Project will retain all snags of all sizes unless it is necessary to remove them for safety reasons. *Id*. at ¶¶ 7-9. The Amendment also encouraged the Forest Service to do a comprehensive snag analysis in the Project area, which confirmed that the Project maintains or increases diverse snag composition, size, structure, and distribution. *Id*. at ¶ 8. Plaintiff has not and cannot show how these environmentally beneficial provisions could injure their interests.[3]

Any attempt by Plaintiff to establish an exception to mootness would fail. The voluntary cessation exception does not apply because this Court already vacated and enjoined implementation of the alleged injury-causing provisions of the Amendment. *Greater Hells Canyon Council*, 2:22-cv-00859-HL (D. Or.), Dkt. 104 at 5. And the Forest Service then confirmed that this vacatur and injunction applied to the South Warner Project. Ex. 2. As for the Amendment's snag and green tree provisions, the voluntary cessation exception does not apply because those provisions are still in force. As explained above, Plaintiff's challenge to those provisions is moot because Plaintiff has not alleged an interest in, or injury from, them.

Nor does the capable of repetition yet evading review exception apply. The Project is not of the sort that are "inherently of such limited duration that they will always become moot before judicial review can be accomplished." *Friends of the Bitterroot v. Anderson*, No. 20-cv-105-M-

---

[3] And, even if they could, they would be unable to obtain relief because this Court has already ordered those provisions to remain in place while the Forest Service prepares an Environmental Impact Statement for the Amendment. *Greater Hells Canyon Council*, 2:22-cv-00859-HL (D. Or.), Dkt. No. 104 at 5 ("The Forest Service *shall maintain* the 'snag and green tree retention' portions of the Amendment, which replaced Sections 4(a) and 4(a)(1) of the Eastside Screens, while the Service prepares an Environmental Impact Statement." (emphasis added)).

United States' Mem. in Supp. of Mot. to Dismiss
*Blue Mountains Biodiversity Project v. Wilkes, et al.*
Case No. 1:22-cv-01500-CL (D. Oregon)                                                                 9

DLC, 2020 WL 6888564, at *6 (D. Mont. Nov. 24, 2020).  Instead, "[a]ctions challenging the validity of Forest Service projects are well recognized and routinely last long enough for complete adjudication."  *Id*. (citing *All. for the Wild Rockies v. U.S. Forest Serv.*, 907 F.3d 1105, 1109-10 (9th Cir. 2018)).

This Court's vacatur of the alleged injury-causing provisions of the Amendment, and the Forest Service's subsequent change to the Project Decision Memo, rendered the claim challenging the Project moot.  Neither of the mootness exceptions applies, and Plaintiff's case should be dismissed for lack of subject matter jurisdiction.

## VI.   CONCLUSION

For the above stated reasons, vacatur of the large majority of the Eastside Screens Amendment, and the Service's subsequent confirmation that the South Warner Project will not rely on the vacated portions of the Amendment, render this action moot.  Therefore, the Court should dismiss this case for lack of subject matter jurisdiction.

Respectfully submitted this 19th day of December, 2025.

>ADAM R.F. GUSTAFSON
>Principal Deputy Assistant Attorney General
>U.S. Department of Justice
>Environment and Natural Resources Division
>
>/s/      *Hayley A. Carpenter*
>HAYLEY A. CARPENTER (CA Bar No. 312611)
>Trial Attorney
>Natural Resources Section
>P.O. Box 7611
>Washington, DC  20044
>(202) 305-0242
>hayley.carpenter@usdoj.gov
>
>*Attorneys for Defendants*

United States' Mem. in Supp. of Mot. to Dismiss
*Blue Mountains Biodiversity Project v. Wilkes, et al.*
Case No. 1:22-cv-01500-CL (D. Oregon)                                                                          10