# Exhibit 4
# Cavanaugh Declaration

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division

HAYLEY A. CARPENTER (CA Bar No. 312611)
Trial Attorney
Natural Resources Section
150 M St. NE, Washington, D.C.
Washington, DC  20002
(202) 598-3362
hayley.carpenter@usdoj.gov

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## MEDFORD DIVISION

| | |
|---|---|
| **BLUE MOUNTAINS BIODIVERSITY PROJECT**, an Oregon non-profit corporation, <br><br> Plaintiff, <br><br> v. <br><br> **HOMER WILKES,** in his official capacity as Undersecretary for Natural Resources and Environment, United States Department of Agriculture; **JACQUELINE BUCHANAN**,[1] in her official capacity as Regional Forester for Region 6; **JEFFREY MARSZAL**, in his official capacity as Forest Supervisor of the Ochoco National Forest; **DONALD "J.R." ASHCRAFT**, in his official capacity as District Ranger for the Lakeview Ranger District, Fremont Winema National Forest; and the **UNITED STATES FOREST SERVICE**, <br><br> Defendants. | Case No. 1:22-cv-01500-CL <br><br><br> **DECLARATION OF CHERAN CAVANAUGH** |

I, Cheran Cavanaugh, declare as follows:

1. I am the Eastside Wildlife Biologist for the Fremont-Winema National Forest. I have been in this position since January 10, 2016. I graduated with a B.S. in Ecology from Humboldt State University in 2004 and began working on the Fremont-Winema National Forest in the summer of 2004. I have spent my entire Forest Service career on the Fremont-Winema, working as a seasonal employee for Botany from 2004-2010, a permanent seasonal Wildlife Technician from 2010-2016, and a District Wildlife Biologist from 2016 to the present.

2. As a District Wildlife Biologist, I have completed and/or implemented approximately a dozen Biological Evaluations for CE, EA, and EIS landscape vegetation management projects, including the South Warner Habitat Restoration Project. I have also worked on implementing numerous projects that involve the Interim Wildlife Standard and have given presentations to Forest staff to explain how the Eastside Screens amended the Fremont Land and Resource Management Plan regarding snags, dead wood, and green tree retention for future snags. As a member of the Interdisciplinary Team for the South Warner project, I worked closely with the team Silviculturist to ensure the Interim Wildlife Standard of the Eastside Screens as amended was incorporated into the proposed action, project design, and project design criteria.

3. In January 2021, the Forest Service issued the Decision Notice for the *Forest Plans Amendment: Forest Management Direction for Large Diameter Trees in Eastern Oregon and Southeastern Washington* ("Amendment"). Among other changes, the Amendment replaced standards for timber sales that prohibited the harvest of trees ≥ 21-inches diameter and breast height ("DBH") with a guideline that emphasized the recruitment of old and large trees and modified the snag and green tree retention standards that had been in Sections 4(a) and 4(a)(1) of the 1995 Eastside Screens. The Amendment did not change the standards for down logs.

4. In March 2024, the district court vacated the Decision Notice but ordered the Forest Service to maintain the snag and green tree retention portions of the Amendment. *Greater Hells Canyon Council v. Wilkes*, No. 22-cv-859 (D. Or.), Dkt. No. 104 (March 29, 2024). Accordingly, management of snags on the Fremont-Winema must be consistent with the Amendment, and management of green trees must be consistent with the 1995 Eastside Screens (including the restriction on the harvest of trees ≥ 21-inch DBH) and the Amendment's green tree provision for snag recruitment.

5. The Fremont-Winema developed the South Warner project to be consistent with the Amendment. Following the court's vacatur of the Decision Notice, the Forest corrected the Decision Memo for the project to require the retention of all live (green) trees ≥ 21-inch DBH. The snag provisions of the project were not affected by the vacatur and therefore remain the same as originally designed.

6. Under the 1995 Eastside Screens, the project would have retained all snags ≥ 21-inch DBH. The Amendment, however, requires (a) the retention of snags ≥ 20-inch DBH, or whatever the representative DBH of the overstory layer is if it is less than 20-inches or (b) the completion of a snag analysis using best available science on species ecological requirements as applied through current snag tools, models, or other documented procedures to maintain or increase diverse snag composition, size, structure, and distribution for a diverse composition of wildlife species and ecological site conditions.

7. . The Amendment also applies these requirements to all activities, whereas the 1995 Eastside Screens apply only to timber sales.

8. Consistent with the Amendment, the South Warner project retains all snags ≥ 20-inch DBH. The project therefore requires the retention of smaller snags than it would have if the

provisions of the 1995 Eastside Screens applied, which will result in more snags across the project area. Additionally, this requirement applies to all authorized project activities – not just the timber sales – including non-commercial thinning, wildlife and aquatics habitat improvements, and roadwork. The Forest also completed a snag analysis that confirmed the project will maintain or increase diverse snag composition, size, structure, and distribution for a diverse composition of wildlife species and ecological site conditions.

9. In addition to these restrictions, the project includes Project Design Criteria ("PDC") that require the retention of **all** snags unless it is necessary to fell them for safety concerns. Any snags felled for safety that are ≥ 20-inch DBH would be left on site for down wood. Other snag-related PDC for the project that are based on the Amendment guidelines include:

- Reducing snag loss from operations to the extent possible by placing skid trails and landings away from snag clumps and avoiding operational danger trees as much as possible by including individual snags and snag clumps in retention areas.

- Protecting large diameter snags and down wood from operational, felling, and burning operations and retaining any felled large hazard/danger trees on site as downed wood.

- Retaining open-crown trees with large limbs, poor form or stem damage, mistletoe, and evidence of use for wildlife habitat.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Signed December 15, 2025, in Lakeview, Oregon.

CHERAN CAVANAUGH
Digitally signed by CHERAN CAVANAUGH
Date: 2025.12.15 17:43:45 -08'00'

Cheran Cavanaugh
Eastside Wildlife Biologist
Fremont-Winema National Forest