Thomas Buchele, OSB No. 081560
Earthrise Law Center
Lewis & Clark Law School
10101 S. Terwilliger Blvd.
Portland, OR 97219-7799
Tel: 503-768-6736
Fax: 503-768-6642
Email: tbuchele@lclark.edu

Austin Starnes, OSB No. 224970
Blue Mountains Biodiversity Project
4520 SW View Point Ter Uppr
Portland, OR 97239
Tel: 317-964-3776
Email: austin@bmbp.org

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## MEDFORD DIVISION

| | |
|---|---|
| **BLUE MOUNTAINS BIODIVERISTY PROJECT,** an Oregon nonprofit corporation, <br><br> Plaintiff, <br><br> v. <br><br> **HOMER WILKES**, in his official capacity as Undersecretary for Natural Resources and Environment, United States Department of Agriculture, et al. <br><br> Defendants. | Case No. 1:22-cv-01500-CL <br><br> **PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY IN RESPONSE TO DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS** |

## I.     <u>MOTION</u>

Plaintiff Blue Mountains Biodiversity Project ("BMBP") moves for leave to file a

surreply in response to Defendants' Reply in Support of their Motion to Dismiss (ECF No. 70).

The proposed surreply is filed as an exhibit to this motion, which is supported by the argument

below.

Pursuant to Local Rule 7-1, counsel for the parties conferred about the contents of this

motion via telephone on February 12, 2026, but were unable to reach a resolution. Counsel for

Defendants indicated that Defendants will oppose this motion.

## II.     <u>ARGUMENT</u>

Defendants Reply in Support of their Motion to Dismiss (ECF No. 70) warrants a

surreply due to arguments either raised for the first time in detail or not fully briefed in

Defendants opening brief. *See Smith v. City of Medford*, 2020 WL 12969189, at *3 (D. Or. Apr.

13, 2020)( a surreply is permitted only when new arguments are raised in the reply). Although

Defendants bear the substantial burden of establish that plaintiffs' claims must be dismissed as

moot, Defendants' ten-page opening brief in support of their Motion to Dismiss only contained

an argument section consisting of less than four pages—in effect sandbagging BMBP. As such,

Defendants' Reply represents their first real effort to meet their burden and was the first time

BMBP  had an opportunity to see Defendants fully explain in any meaningful detail why they

believe BMBP's case to be moot.

Although perhaps alluded to in Defendants' muddling of the standards for standing and

mootness throughout their opening brief, *see generally* ECF No. 70, and despite BMBP

clarifying the applicable standards in its Response, ECF No. 71 at 13–15, for the first time in

their Reply, Defendants put forth their actual argument that "the standing inquiry—whether a

plaintiff has a redressable injury caused by the challenged conduct—if addressed *based on facts*

Plaintiff's Motion for Leave to File Surreply,
*Blue Mountains Biodiversity Project v. Wilkes, et al.*, Case No. 1:22-cv-01500-CL          1

*that developed after the commencement of the litigation*, is considered the mootness inquiry."

ECF No. 76 at 2 (emphasis added). Although BMBP initially believed Defendants' to simply be

confusing the standards and associated burdens of proof for standing and mootness doctrines, it

now appears, for the first time in their reply, that Defendants are advancing the argument that

BMBP must establish its Article III standing based on facts that developed after the

commencement of litigation. Further, in support of this incorrect legal assertion, Defendants cite

seven new cases that were not cited in earlier briefing, leaving BMBP without an opportunity to

respond to these myriad new references. BMBP's proposed surreply responds to this new

argument and provides the appropriate context for these new caselaw citations.

Additionally, Defendants reply presses  an argument that the Court's Order and Judgment

in *Greater Hells Canyon v. Wilkes*, 790 F. Supp. 3d 1029 (D. Or. 2024)—a case which BMBP

was not a party to—somehow forecloses Plaintiffs from seeking, and this Court from ordering,

the effective relief BMBP requested in its Complaint, vacatur of the entire 2021 Amendment.

ECF No. 76 at 6. Defendants only briefly mentioned this argument in a footnote in their actual

motion. See ECF No. 70 at 9, n. 3. Now in their reply Defendants elevate this argument into the

actual text of their Reply, criticize BMBP for arguing against the "strawman" of collateral

estoppel, and, citing inapposite  cases not mentioned in their motion, offer the remarkable legal

conclusion that somehow BMBP is bound by an injunction and judgment in a case where it was

not a party. *Id*. at 6–7. They also suggest in their Reply, again for the first time, that somehow

BMBP should have sought relief under FRCP 60 from this judgment to which it was not a party.

*Id.* at 6, n.2. BMBP's proposed surreply addresses this now-cognizable, if still ultimately

unsuccessful, argument.

### III.     CONCLUSION

For the foregoing reasons, BMBP respectfully requests the Court's permission to file the attached surreply.

Respectfully submitted this 12th day of February, 2026.

s/Thomas Buchele
Thomas Buchele, OSB No. 081560
Earthrise Law Center
Lewis & Clark Law School
10101 S. Terwilliger Blvd.
Portland, OR 97219-7799
Tel: 503-768-6736
Fax: 503-768-6642
Email: tbuchele@lclark.edu

s/ Austin Starnes
Austin Starnes, OSB No. 224970
Blue Mountains Biodiversity Project
4520 SW View Point Ter Uppr
Portland, OR 97239
Tel: 317-964-3776
Email: austin@bmbp.org

*Attorneys for Plaintiff*