Thomas Buchele, OSB No. 081560
Earthrise Law Center
Lewis & Clark Law School
10101 S. Terwilliger Blvd.
Portland, OR 97219-7799
Tel: 503-768-6736
Fax: 503-768-6642
Email: tbuchele@lclark.edu

Austin Starnes, OSB No. 224970
Blue Mountains Biodiversity Project
4520 SW View Point Ter Uppr
Portland, OR 97239
Tel: 317-964-3776
Email: austin@bmbp.org

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## MEDFORD DIVISION

| | |
|---|---|
| **BLUE MOUNTAINS BIODIVERISTY PROJECT,** an Oregon nonprofit corporation, <br><br> Plaintiff, <br><br> v. <br><br> **HOMER WILKES**, in his official capacity as Undersecretary for Natural Resources and Environment, United States Department of Agriculture, et al. <br><br> Defendants. | Case No. 1:22-cv-01500-CL <br><br> **PLAINTIFF'S [PROPOSED] SURREPLY IN RESPONSE TO DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS** |

## I. INTRODUCTION

Defendants' initial Motion confused the relevant standards for standing and mootness, but, for the first time in their Reply, Defendants clearly claim, incorrectly, that BMBP must satisfy standing based on factual developments after the commencement of litigation in order to survive a Motion to Dismiss for mootness. ECF No. 76 at 2. Further, Defendants claim for the first time in their Reply that they are not relying on collateral estoppel in claiming that the Order in *Greater Hells Canyon v. Wilkes*, 790 F. Supp. 3d 1029 (D. Or. 2024) prevents this Court from providing BMBP with effectual relief. ECF No. 76 at 6–7. Instead, Defendants now essentially argue for the application of a universal injunction where a litigant is barred from obtaining relief due to an Order in a case to which they were not a party. *Id.* Because Defendants raised these two arguments with a level of detail sufficient to actually respond to for the first time in their Reply, BMBP addresses them now in this Surreply.

## II. ARGUMENT

### A. The only standard for mootness is whether this Court can still provide BMBP effectual relief.

Mootness, not standing, is the only jurisdictional issue contested by Defendants in their Motion. ECF No. 70. But in their Reply, Defendants contest subject matter jurisdiction incorrectly by using post-Complaint facts to argue that BMBP cannot now prove that it has Article III standing.

BMBP's Response to Defendants' unclear motion explained why BMBP had Article III standing based on the well-established three-part test and based on facts that existed when it filed its Complaint. ECF No. 71 at 16 (citing *Am. C.L. Union of Nevada v. Lomax*, 471 F.3d 1010, 016 (9th Cir. 2006) ("[S]tanding is evaluated by the facts that existed when the complaint was filed.")). Defendants' Reply does not challenge that BMBP had standing at the time it filed its Complaint to seek the relief sought by that complaint. And in its Complaint, BMBP specifically

Plaintiff's [Proposed] Surreply in Opposition to Defendants' Motion to Dismiss,
*Blue Mountains Biodiversity Project v. Wilkes, et al.*, Case No. 1:22-cv-01500-CL     1

asks this Court to vacate and declare illegal the entire procedurally invalid 2021 Eastside Screens Amendment to the Fremont Winema National Forest ("FWNF") Forest Plan. ECF No. 1 at 22.

If a defendant believes a case before a federal court has become moot based on post-complaint developments, it is then that defendant's burden to show "it is impossible for a court to provide any effectual relief whatever to the prevailing party." *Native Vill. Of Nuiqsut v. Bureau of Land Mgmt.*, 9 F.4th 1201, 1208 (9th Cir. 2021); ECF No. 70 (Def.'s Motion to Dismiss) at 9; ECF No. 71 at 14. So long as any portion of the illegal 2021 Eastside Screens Amendment remains in the FWNF Forest Plan—and there is no dispute that a part of that Amendment does remain in the FWNF Forest Plan—the effectual relief BMBP requested in its Complaint is available and there is no colorable argument that BMBP's case is moot.

Instead of using their Reply to try to meet their heavy burden to establish mootness, *see Cantrell v. City of Long Beach*, 241 F.3d 674, 678 (9th Cir. 2001), Defendants instead attempt to shift both the burden and the inquiry by cobbling together out-of-context quotes from mootness cases and arguing incorrectly that "the standing inquiry—whether a plaintiff has a redressable injury caused by the challenged conduct—if addressed *based on facts that developed after the commencement of the litigation*, is considered the mootness inquiry," ECF No 76 at 2–3 (emphasis added). In doing so, Defendants attempt to inappropriately shift the burden to BMBP to establish standing after years of litigation, and based on factual developments since the initiation of litigation. That, however, is not the law.

Defendants Reply cites multiple Article III subject-matter jurisdiction cases that address standing or mootness, or sometimes both, and many of those cases appear for the first time in Defendants' Reply. ECF No. 76 at 2-7. None of these cases, however, apply Defendants' "new" test when addressing mootness. When these cases actually address the mootness question, the

inquiry is always whether there is a possibility a court can provide effectual relief. E.g., *Cook Inlet Treaty Tribes v. Shalala*, 166 F.3d 986, 990 (9th Cir. 1999) (federal legislation enacted after the commencement of litigation rendered the court unable to "grant the Villages any effective declaratory relief."); *Coastal Env't Rts. Found. v. Naples Rest. Grp., LLC*, 115 F.4th 1217, 1224 (9th Cir. 2024), *withdrawn and superseded on denial of reh'g en banc*, 158 F.4th 1052, 1057 (9th Cir. 2025) ("[W]hen it is impossible for a court to grant any effectual relief whatever to the prevailing party[,] there is nothing left for the court to do and the case becomes moot.") (cleaned up). And even where courts do not specifically apply the "effectual relief" standard, the inquiry is still one of whether relief is available and not, as Defendants propose, whether Plaintiff can again prove standing based on post-Complaint facts. *Matter of Bunker Ltd. P'ship*, 820 F.2d 308, 311 (9th Cir. 1987) ("The parties concede that there is no relief this court can provide[.]"); *United States v. Alder Creek Water Co.*, 823 F.2d 343, 345 (9th Cir. 1987) (framing the mootness inquiry as whether or not a court has been deprived of its ability to provide relief to a prevailing party).

The clear difference between the standing and mootness inquiries in terms of the test applied, facts considered, and party with the burden of proof, is illustrated by the cases cited in Defendants' Reply that address both issues, separately, using different tests, applying different burdens, and considering different facts. *Cantrell,* 241 F.3d at 678–79 (addressing mootness using " any effective relief" test, then separately addressing standing using three-part test); *Friends of the Earth, Inc. v. Laidlaw Env't Serv.,* 528 US 167, 180–90 (addressing two issues separately using different tests and burdens); *see also Lomax,* 471 F.3d at 1015–16 (addressing standing first then mootness using separate tests); *Davis v. FCC,* 554 U.S. 724, 734 (2008) (same).

Finally, Defendants chide BMBP for its failure to engage with *Summers v. Earth Island Institute*, 555 U.S. 488 (2009), ECF No. 76 at 5—a case which Defendants themselves had the opportunity to engage with in their opening brief in support of their Motion to Dismiss, yet failed to do so. However, BMBP did not engage with *Summers* because it is not a mootness case—the Supreme Court never even mentions the term "moot" in its opinion, leaving little for BMBP to discuss when facing a Motion to Dismiss due to mootness. *See generally* 555 U.S. at 488–510.[1]

As Defendants' cited cases explain, the mootness inquiry is not "whether a plaintiff [still] has a redressable injury," ECF No. 76 at 2, but rather, whether this Court can still provide BMBP with any effectual relief whatever. *Native Vill.*, 9 F.4th at 1208. Because this Court can vacate the remaining portions of the 2021 Eastside Screens Amendment from the FWNF Forest Plan, effectual relief is possible and BMBP's case is not moot.

### B. An Order in a case to which BMBP was not a party does not preclude the possibility of effectual relief.

Defendants have provided no legal basis for their claim that the injunction[2] in *Greater Hells Canyon*—that "[t]he Forest Service shall maintain the 'snag and green tree retention' portions of the [2021 Eastside Screens] Amendment … while the Service prepares an [EIS]"—somehow bars BMBP from obtaining its requested relief in this separate challenge to the entire 2021 Amendment. Giving Defendants the benefit of the doubt, BMBP made its best argument against the application of collateral estoppel in its Response. ECF No. 71 at 25. However, Defendants now claim that "the doctrine of collateral estoppel is irrelevant," and, without any on

---

[1] The same is true for *Cottonwood Env't L. Ctr. v. U.S. Forest Serv.*, 789 F.3d 1075, 1079-83 (9th Cir. 2015) (addressing only standing).

[2] As a technical matter, this Order may have inadvertently run afoul of the Supreme Court's ruling in *Monsanto Co. v. Geertson Seed Farms* in issuing such an injunction given that partial vacatur of the 2021 Eastside Screens would have the same practical effect in terms of redressing plaintiffs' injuries in that case. 561 U.S. 139, 165–66 (2010) (an injunction should not be granted when a less drastic remedy such as vacatur or partial vacatur is available).

Plaintiff's [Proposed] Surreply in Opposition to Defendants' Motion to Dismiss,
*Blue Mountains Biodiversity Project v. Wilkes, et al.*, Case No. 1:22-cv-01500-CL                    4

point legal support assert the Order in *Greater Hells Canyon* "leaves no room for this Court to fashion effective relief connected to those provisions." ECF No. 76 at 6.

     Defendants' framing of this Order as essentially a universal injunction—binding BMBP without being a party to the case—goes beyond a federal court's authority to bind non-parties, and runs counter to the United States' position (and the Supreme Court's holding) in *Trump v. CASA, Inc.*, 606 U.S. 831 (2025). *CASA* held that such universal injunctions are beyond "a federal court's equitable authority under the Judiciary Act," and are unnecessary to provide complete relief to a successful plaintiff. *Id.* at 847, 852 ("[T]he question is not whether an injunction offers complete relief to *everyone* potentially affected by an allegedly unlawful act; it is whether an injunction will offer complete relief *to the plaintiffs before the court*.") (emphasis in original). Just because the plaintiffs in *Greater Hells Canyon* were awarded partial vacatur of the 2021 Amendment does not mean that BMBP is barred from seeking complete vacatur in this separate case. Defendants cannot use the *Greater Hells Canyon* order as a shield to bar BMBP from obtaining the complete vacatur of the illegal 2021 Amendment requested in its Complaint.[3]

     Finally, Defendants Reply inexplicably faults BMBP for its failure to file a motion under FRCP 60(b) seeking relief from the final judgment in *Greater Hells Canyon*. ECF No. 76 at 7 n.2. On its face, however, FRCP 60(b) only provides such relief from a final judgment for parties to that case and that judgment. Because BMBP was not a party to the *Greater Hells Canyon* case, this option is not and never has been available to BMBP. The only option for BMBP to obtain complete vacatur of the illegal 2021 Amendment is for this Court to set aside the entire illegal 2021 Amendment to the FWNF Forest Plan, as expressly requested in its Complaint.

---

[3] The injunction binding only the parties in *Greater Hells Canyon* is thus easily distinguishable from the universally binding legislation that caused mootness in *Cook Inlet,* 166 F.3d at 989 and *Bunker, Ltd.,* 820 F.2d at 311.

Plaintiff's [Proposed] Surreply in Opposition to Defendants' Motion to Dismiss,
*Blue Mountains Biodiversity Project v. Wilkes, et al.*, Case No. 1:22-cv-01500-CL     5

### III.    CONCLUSION

BMBP respectfully requests that the Court consider these additional arguments as a surreply in opposition to Defendants' Motion to Dismiss, ECF No. 70.

Respectfully submitted this __ day of _____, 2026.

[Proposed]_____
Thomas Buchele, OSB No. 081560
Earthrise Law Center
Lewis & Clark Law School
10101 S. Terwilliger Blvd.
Portland, OR 97219-7799
Tel: 503-768-6736
Fax: 503-768-6642
Email: tbuchele@lclark.edu

[Proposed]_____
Austin Starnes, OSB No. 224970
Blue Mountains Biodiversity Project
4520 SW View Point Ter Uppr
Portland, OR 97239
Tel: 317-964-3776
Email: austin@bmbp.org

*Attorneys for Plaintiff*