ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division

HAYLEY A. CARPENTER (CA Bar No. 312611)
Trial Attorney
Natural Resources Section
150 M St. NE, Washington, D.C.
Washington, DC  20002
(202) 305-0242
hayley.carpenter@usdoj.gov

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF OREGON
# MEDFORD DIVISION

| | |
|---|---|
| **BLUE MOUNTAINS BIODIVERSITY PROJECT**, an Oregon non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>**MICHAEL BOREN**,[1] in his official capacity as Undersecretary for Natural Resources and Environment, United States Department of Agriculture; **JACQUELINE BUCHANAN**, in her official capacity as Regional Forester for Region 6; **JEFFREY MARSZAL**, in his official capacity as Forest Supervisor of the Ochoco National Forest; **DONALD "J.R." ASHCRAFT**, in his official capacity as District Ranger for the Lakeview Ranger District, Fremont Winema National Forest; and the **UNITED STATES FOREST SERVICE**,<br><br>Defendants. | Case No. 1:22-cv-01500-CL<br><br>**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SURREPLY (DKT. NO. 77)** |

---

[1] Michael Boren is substituted for Homer Wilkes under Federal Rule of Civil Procedure 25(d).

Plaintiff seeks leave to file a Surreply Brief in Opposition to Defendants' Motion to Dismiss. Pl.'s Mot. for Surreply ("Pl.'s Mot."), Dkt. No. 77. Plaintiff argues a surreply is needed to respond "to arguments either raised for the first time in detail or not fully briefed in Defendants [*sic*] opening brief." *Id*. at 1 (citation omitted). But what Plaintiff really seeks is an opportunity to have the last word. That is not a basis for a surreply. As explained below, Defendants' opening brief addressed the interplay between the standing and mootness doctrines, as well as the effect of this Court's Order vacating the Amendment at issue in all material respects in *Greater Hells Canyon Council v. Wilkes*, 2:22-cv-00859-HL (D. Or.), Dkt. No. 104. In arguing otherwise, Plaintiff resorts to mischaracterizing Defendants' arguments. Such mischaracterizations do not warrant a surreply, and the Court should deny Plaintiff's motion.

As an initial matter, Plaintiff claims that Defendants "in effect sandbagg[ed]" Plaintiff by having an argument section of less than four pages in Defendants' Motion to Dismiss opening brief. Pl.'s Mot. 1. But the length of Defendants' opening brief is meaningless for purposes of Plaintiff's surreply motion unless Defendants raised new arguments in their Reply, which as explained below, they did not. Further, Defendants' opening brief was short because their argument is simple: vacatur of the Amendment and the Project Decision Memo Amendment renders Plaintiff's case moot. But Plaintiff expended over 11 pages responding to that straightforward argument, Pl.'s Resp. 10-22, naturally leading to a longer argument section in Defendants' Reply to respond to Plaintiff's new arguments. Far from "sandbagging," this is simply a natural product of the adversarial process

As to Plaintiff's specific claims, Defendants' opening brief argued that "the near-complete vacatur of the Amendment and corresponding Project Decision Memo Amendment render this action moot because the Court can grant no effective relief." Defs.' Mot. to Dismiss

United States' Reply in Supp. of Mot. to Dismiss
*Blue Mountains Biodiversity Project v. Wilkes, et al.*
Case No. 1:22-cv-01500-CL (D. Oregon)                                                                1

("Defs.' Mot."), Dkt. No. 70 at 2. In doing so, Defendants explained that "[i]f an action or a claim loses its character as a live controversy, then the action or claim becomes 'moot,' and [a court] lack[s] jurisdiction to resolve the underlying dispute." *Id.* at 6 (quoting *Doe v. Madison Sch. Dist. No. 321*, 177 F.3d 789, 797-98 (9th Cir. 1999) (en banc)). Plaintiff responded, in part, by acknowledging that "[t]he requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." Pl.'s Resp. to Defs.' Mot. to Dismiss ("Pl.'s Resp."), Dkt. No. 71 (quoting *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 68 n.22 (1997)). Now, Plaintiff claims that the following argument in Defendants' reply—remarkably similar to what Plaintiff already acknowledged in its Response, as explained above—is new: "the standing inquiry—whether a plaintiff has a redressable injury caused by the challenged conduct—if addressed *based on facts that developed after the commencement of the litigation*, is considered the mootness inquiry."[2] Pl.'s Mot. 1-2 (citing Defs.' Reply in Supp. of Mot. to Dismiss ("Defs.' Reply") 1-2, Dkt. No. 76). As explained above, Defendants have clearly and consistently made this argument since their opening brief. Defs.' Mot. 6-7. Plaintiff is wrong to argue otherwise, and the Court should deny Plaintiff's request for a surreply to further address this issue. *See Smith v. City of Medford*, 2020 WL 12969189, at *3 (D. Or. Apr. 13, 2020) ("Moreover, under general standards, a sur-reply is permitted only when new arguments are raised in the reply." (citations omitted)); *Miller v. Soto*, 2022 WL 3718308, at *1 (E.D. Cal. Aug. 29, 2022) ("Plaintiff's simple desire to have the final word is not an adequate basis upon which to allow him to file a surreply.").

---

[2] Plaintiff also suggests that Defendants' new case citations on this subject entitle Plaintiff to a surreply. Pl.'s Mot. 2. Not so. "[A] sur-reply is permitted only when new *arguments* are raised in the reply." *Smith*, 2020 WL 12969189, at *3 (emphasis added).

United States' Reply in Supp. of Mot. to Dismiss
*Blue Mountains Biodiversity Project v. Wilkes, et al.*
Case No. 1:22-cv-01500-CL (D. Oregon)                                                                 2

Attempting to confuse the issues, Plaintiff goes further, claiming without citation that "for the first time in their reply, . . . Defendants are advancing the argument that BMBP must establish its Article III standing based on facts that developed after the commencement of litigation." Pl.'s Mot. 2. Defendants advanced no such argument. Rather, Defendants have consistently stated from the opening brief that the "live controversy" required by Article III "must exist throughout litigation to preserve federal jurisdiction" and that "[i]f an action or a claim loses its character as a live controversy, then the action or claims becomes 'moot,' and [a court] lack[s] jurisdiction to resolve the underlying dispute." Defs.' Mot. 6 (citing *Madison Sch. Dist. No. 321*, 177 F.3d at 797-98). Defendants have never made the claim that Plaintiff lacked standing at the time the case was filed, and Plaintiff's suggestions to the contrary are a red herring.

Plaintiff also claims that Defendants improperly argued for the first time in reply "that the Court's Order and Judgment in *Greater Hells Canyon* . . . —a case which BMBP was not a party to—somehow forecloses Plaintiffs [*sic*] from seeking, and this Court from ordering, the effective relief BMBP requested in its Complaint, vacatur of the entire 2021 Amendment." Pl.'s Mot. 2. But this argument is far from new—Defendants argued in their opening brief that "even if [Plaintiff] could [show how the snag and green tree retention guidelines injured its interests], [it] would be *unable to obtain relief because this Court has already ordered those provisions to remain in place* while the Forest Service prepares an Environmental Impact Statement for the Amendment. *Greater Hells Canyon Council*, 2:22-cv-00859-HL (D. Or.), Dkt. No. 104 at 5." Defs.' Mot. 9, n.3 (emphasis added). And Plaintiff plainly acknowledged and responded to this argument with a full page of content. Pl.'s Resp. 20 ("Defendants' mootness claim relies heavily on the argument that the 'shall maintain' language of Judge Aiken's order must be read in such a

United States' Reply in Supp. of Mot. to Dismiss
*Blue Mountains Biodiversity Project v. Wilkes, et al.*
Case No. 1:22-cv-01500-CL (D. Oregon)                                             3

way that no other litigation could produce a judgment contrary to that order, in effect, arguing collateral estoppel."). Plaintiff's misguided attempt to morph Defendants' argument into an argument based on collateral estoppel in its response brief does not render Defendants' argument—made in the opening brief—new. Any other conclusion would unfairly reward parties who mischaracterize arguments made in an opening brief to get the last word in a surreply. *Miller*, 2022 WL 3718308, at *1 ("Plaintiff's simple desire to have the final word is not an adequate basis upon which to allow him to file a surreply.").

Plaintiff also misconstrues Defendants' argument in their reply to be "that somehow BMBP should have sought relief under FRCP 60 from [the *Greater Hells Canyon Council*] judgment to which it was not a party." Pl.'s Mot. 2. Defendants made no such argument. In response to Plaintiff's argument in its response brief that the *Greater Hells Canyon Council* Order does not "completely foreclose" the Court in this case from "considering" enjoining implementation of the Amendment's snag and green tree provisions, Pl.'s Resp. 20, n.8, Defendants stated that "final judgment in that case has been entered and relief from that judgment could be granted only upon a motion and for the reasons set forth in Rule 60(b) of the Federal Rules of Civil Procedure. No such relief has been sought or granted," Defs.' Reply 6, n.2. Nowhere did Defendants argue or suggest that BMBP should have sought relief under Rule 60. Defendants were merely responding to a misguided argument that Plaintiff raised in its response brief—that somehow the *Greater Hells Canyon Council* vacatur and injunction could be simply altered by an order in this case.

As explained above, Plaintiff had ample opportunity to—and did—address these two allegedly new issues in its response brief. Accordingly, Plaintiff's request to file a surreply to address the two arguments should be denied. *See Kimball v. United States*, 2015 WL 893079, at

United States' Reply in Supp. of Mot. to Dismiss
*Blue Mountains Biodiversity Project v. Wilkes, et al.*
Case No. 1:22-cv-01500-CL (D. Oregon)                                        4

*7 (D. Idaho Mar. 2, 2015) (noting one reason surreply would not be permitted was because "no showing was made why the arguments included in the brief could not have been included in [plaintiff's] response brief.").

Respectfully submitted this 26th day of February, 2026.

        ADAM R.F. GUSTAFSON
        Principal Deputy Assistant Attorney General
        U.S. Department of Justice
        Environment and Natural Resources Division

        /s/     *Hayley A. Carpenter*
        HAYLEY A. CARPENTER (CA Bar No. 312611)
        Trial Attorney
        Natural Resources Section
        P.O. Box 7611
        Washington, DC  20044
        (202) 305-0242
        hayley.carpenter@usdoj.gov

        *Attorneys for Defendants*

United States' Reply in Supp. of Mot. to Dismiss
*Blue Mountains Biodiversity Project v. Wilkes, et al.*
Case No. 1:22-cv-01500-CL (D. Oregon)                                                                 5