Thomas Buchele, OSB No. 081560
Earthrise Law Center
Lewis & Clark Law School
10101 S. Terwilliger Blvd.
Portland, OR 97219-7799
Tel: 503-768-6736
Fax: 503-768-6642
Email: tbuchele@lclark.edu

Austin Starnes, OSB No. 224970
Blue Mountains Biodiversity Project
4520 SW View Point Ter Uppr
Portland, OR 97239
Tel: 317-964-3776
Email: austin@bmbp.org

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## MEDFORD DIVISION

| | |
|---|---|
| **BLUE MOUNTAINS BIODIVERSITY PROJECT,** an Oregon nonprofit corporation, <br><br> Plaintiff, <br><br> v. <br><br> **MICHAEL BOREN**, in his official capacity as Undersecretary for Natural Resources and Environment, United States Department of Agriculture, et al. <br><br> Defendants. | Case No. 1:22-cv-01500-CL <br><br> **PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY (ECF NO. 77)** |

Rather than seeking the last word, in seeking leave to file its proposed surreply (ECF No. 77-1), Plaintiff Blue Mountains Biodiversity Project's ("BMBP") intent is to fully brief issues for

the Court that Defendants continue to confuse or obfuscate in part by filing an opening Motion and brief, ECF No. 70, that did not fully disclose their legal arguments and instead raised significant arguments for the first time in their Reply, ECF No. 76.

Defendants claim that their argument—supposedly fully disclosed in their opening brief—is that "vacatur of the Amendment and the Project Decision Memo Amendment renders Plaintiff's case moot." ECF No. 78 at 2. However, in their Reply in Support of Defendants' Motion to Dismiss, Defendants' affirmatively stated for the first time, albeit incorrectly, that the redressability inquiry for Article III standing and the mootness inquiry are one in the same. ECF No. 76 at 2–3. BMBP's Motion for Leave to File a Surreply directly quoted this new and incorrect argument. ECF No. 77 at 2–3 (directly quoting from ECF No. 76 at 2–3). In their Response in Opposition to BMBP's Motion for Leave to File a Surreply, Defendants insist this argument appeared "clearly and consistently" since their opening motion and brief. ECF No. 78 at 3 (citing "Defs.' Motion 6–7"). But significantly, Defendants offer no actual quote from their motion and no such argument can be found on the pages they cite or anywhere else in Defendants' opening Motion and brief. Given Defendants new affirmative misrepresentation of the mootness inquiry, BMBP felt it was necessary to seek leave to file its proposed surreply in order to clarify for the Court the only applicable mootness inquiry used by controlling Ninth Circuit case law.

BMBP's proposed surreply additionally attempts to respond to Defendants' unsupported argument that BMBP—as a non-party to the *Greater Hells Canyon v. Wilkes* litigation—and this Court are somehow bound by the affirmative injunction in that case. 790 F. Supp. 3d 1029 (D. Or. 2024). Giving Defendants the benefit of the doubt in making a good faith argument, BMBP initially briefed this issue as though Defendants were relying on a defensive use of collateral

estoppel. ECF No. 71 at 25. In their Reply, Defendants stated they are not relying on collateral estoppel, but still failed to articulate any legal authority for their claim that BMBP is prohibited from seeking—and this Court is prohibited from providing—BMBP's requested relief in this case because of an injunction in a case to which BMBP was not a party. ECF No. 76 at 6–7. As such, BMBP's proposed surreply addresses what it believes to be the only other potential, if still unsuccessful, legal rationale for Defendants' claim: interpreting Judge Aiken's order in *Greater Hells Canyon* as a universal injunction. Because Defendants have provided no legal support for their argument, and because Defendants are claiming to not rely on collateral estoppel, BMBP's proposed surreply is necessary to provide the Court with some bare minimum of briefing on the issues on which it must rule.

BMBP therefore respectfully requests that the Court grant BMBP's Motion for Leave to File a Surreply.

Respectfully submitted this 3rd day of March, 2026.

s/Thomas Buchele_____
Thomas Buchele, OSB No. 081560
Earthrise Law Center
Lewis & Clark Law School
10101 S. Terwilliger Blvd.
Portland, OR 97219-7799
Tel: 503-768-6736
Fax: 503-768-6642
Email: tbuchele@lclark.edu

s/Austin Starnes_____
Austin Starnes, OSB No. 224970
Blue Mountains Biodiversity Project
4520 SW View Point Ter Uppr
Portland, OR 97239
Tel: 317-964-3776
Email: austin@bmbp.org

*Attorneys for Plaintiff*