**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**MEDFORD DIVISION**

**BLUE MOUNTAINS BIODIVERSITY PROJECT,**

Plaintiff,

v.

**HOMER WILKES; UNITED STATES DEPARTMENT OF AGRICULTURE; GLENN CASAMASSA; SHANE JEFFRIES; MICHAEL RAMSEY; UNITED STATES FOREST SERVICE,**

Defendants.

No. 1:22-cv-01500-CL

**OPINION & ORDER**

AIKEN, District Judge.

This case comes before the Court on a Findings and Recommendation ("F&R") filed by Magistrate Judge Mark D. Clarke. ECF No. 87. Judge Clarke recommends that the Court grant Defendants' Motion to Dismiss. ECF No. 70.

## LEGAL STANDARD

Under the Federal Magistrates Act, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."). Although no review is required in the absence of objections, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Id.* at 154. The Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the court should review the recommendation for "clear error on the face of the record."

## DISCUSSION

Here, Plaintiff filed Objections, ECF No. 89, and Defendants filed a Response to Objections, ECF No. 90. The Court has reviewed the filings and the record. For the reasons that follow, the Court REJECTS the F&R and DENIES Defendants' Motion to Dismiss.

Defendants contend that Plaintiff's claims are moot and move to dismiss them under Federal Rule of Civil Procedure 12(b)(1). Defendants contend that Plaintiff's NFMA, NEPA, and APA challenges to the 2021 Eastside Screens Amendment (the "Amendment") are moot because "the Amendment has been vacated *in all material aspects* by this Court in a different case." Def. Mot. at 1, ECF No. 70 (emphasis added) (citing *Greater Hells Canyon v. Wilkes*, 790 F. Supp. 3d 1029, 1039, 1058 (D. Or. 2024)). Plaintiff contends that its claims are not moot because Plaintiff challenges the Amendment's snag and green tree retention provisions—the part of the

Amendment that *Greater Hells Canyon* did not vacate. Pl. Obj. at 2–3. Plaintiff challenges the application of the Amendment's snag and green tree retention provisions to the South Warner Habitat Modification Project (the "South Warner Project") in the Fremont-Winema National Forest of eastern Oregon. *Id.*

"Article III of the Constitution restricts the power of federal courts to 'Cases' and 'Controversies.'" *Chafin v. Chafin*, 568 U.S. 165, 171 (2013). "There is . . . no case or controversy, and a suit becomes moot, when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 172 (internal citation and quotation marks omitted). So, a case "becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party[.]" *Id.* (internal citation omitted). "As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Id.* Further, "[t]he party asserting mootness bears the burden of establishing that there is no effective relief that the court can provide." *Forest Guardians v. Johanns*, 450 F.3d 455, 461 (9th Cir. 2006). Government defendants asserting mootness must meet that "formidable burden" just like any private defendant. *Fed. Bureau of Investigation v. Fikre*, 601 U.S. 234, 241–42 (2024).

In *Greater Hells Canyon*, this Court vacated the 2021 Amendment, which modified the Forest Service's Eastside Screens, the longstanding timber harvest policy for Eastern Oregon and Southeast Washington. *Greater Hells Canyon*, 790 F. Supp. 3d at 1039, 1058; *see also* Compl. ¶¶ 48, 49, ECF No. 1 (describing the Forest Service's Eastside Screens timber harvest rules that screened from timber sales the

harvest of trees greater than 21" in diameter at breast height ("DBH") because the dry and fragile "eastside ecosystems are stressed and unstable"). The Court vacated the Amendment after determining that the Environmental Assessment ("EA") and Finding of No Significant Impact ("FONSI") were arbitrary and capricious under the APA. *Id.* at 1057. And the Court ordered the Forest Service to prepare an Environmental Impact Statement ("EIS"). *Id.* at 1039, 1058. However, the Court did not vacate all portions of the Amendment. At the request of the federal defendants and absent objection from the plaintiffs, the Court left intact the Amendment's snag and green tree provisions for the duration of the remand period. *Id.*

Here, the parties do not dispute that this Court ordered a partial vacatur. Pl. Obj. at 7 ("The *Greater Hells Canyon* order . . . is best read as a partial vacatur."); Def. Mot. at 1 (explaining that after *Greater Hells Canyon*, the agency amended the South Warner Project Decision Memo "to authorize action that would only rely on the non-vacated portion of the Amendment[.]").

Plaintiff challenges the Amendment's non-vacated snag and green tree provisions.[1] Plaintiff also challenges the South Warner Project, which allegedly uses the Amendment's snag and green tree provisions to subvert the Eastside Screens rule

[1] Plaintiff contends that the Amendment replaced the Eastside Screens' snag and green tree provisions to allow the logging of large trees and large snags—actions that were prohibited under the Eastside Screens. Pl. Resp. at 2–3, ECF No. 71. The plaintiffs in *Greater Hells Canyon* did not challenge the snag and green tree provisions. *Greater Hells Canyon*, 790 F. Supp. 3d at 1058 ("Defendants argue that if vacatur is ordered, the Court should only vacate the 21 inch-rule Amendment and leave intact the parts of the EA and FONSI that relate to the snag and green tree amendments, which replaced Sections 4(a) and 4(a)(1) of the Eastside Screens, AR34754-55, and were not challenged.").

that is currently still in place.[2] Pl. Obj. at 10; Buchele Decl., Ex. 1, July 15, 2025, USFS Screens Guidance Memo, ECF No. 72-1. Plaintiff seeks full vacatur of the Amendment or an order that prohibits or restricts the agency from using the snag and green tree provisions until a proper EIS is prepared. Pl. Resp. at 19, ECF No. 71; Pl. Obj. at 12; *see also* Compl. at 22 (seeking full vacatur of the Amendment).

Defendants argue that vacatur of the Amendment's snag and green tree provisions would not provide effectual relief to Plaintiff because the provisions are "environmentally friendly" and thus presumably aligned with Plaintiff's interests. Def. Mot. at 1, 3. Plaintiff responds that the provisions are not environmentally friendly. Pl. Obj. at 6; Pl. Resp. at 2. Plaintiff maintains that the Amendment's snag and green tree provisions would adversely affect the "ecological health of the Fremont-Winema National Forest." Pl. Resp. at 2. Plaintiff further maintains that Defendants plan to use the provisions to subvert the Eastside Screens' protection of old growth trees by "allowing the logging of ecologically valuable and rare large trees throughout the region[.]" Pl. Obj. at 9 (citing Ex. 1, July 15, 2025, USFS Screens Guidance Memo). Finally, Plaintiff argues that the Amendment's snag and green

[2] Plaintiff alleges that the Forest Service's July 15, 2025, Screens Guidance Memo, which it obtained through a FOIA request, shows that "the Forest Service believes that the [Amendment's] snag and green tree retention portions . . . authorize the logging of large trees greater than or equal to 21" DBH with impunity." Pl. Resp. at 19. The Memo provides that, given the *Greater Hells Canyon* order to retain the Amendment's snag and green tree retention provisions, the agency is "not bound to the [Eastside Screens] requirements" that "restrict[] removal of live green trees 21-inches and larger for any type of sale activity" in the Northwest Forest Plan area. Buchele Decl., Ex. 1 at 2–3, July 15, 2025, USFS Screens Guidance Memo, ECF No. 72-1 (citing Section 6(d)(4)(a)(1), *Revised Environmental Assessment for the Continuation of Interim Management Direction Establishing Riparian, Ecosystem, and Wildlife Standards for Timber Sales* (USDA Forest Service, Region 6, 1995)).

tree provisions, which were not challenged in *Greater Hells Canyon*, were promulgated unlawfully, as were the other Amendment provisions, because the agency failed to provide an administrative objections process.[3] *Id.* at 6. Plaintiff contends that Defendants mischaracterize the provisions as "environmentally friendly" yet "illegally prevented [Plaintiff] from raising its objections to [the] amendment" and "offer[ing] evidence of just how environmentally unfriendly all portions of [the] amendment actually are." *Id.* at 6 n.5. Plaintiff thus contends that its substantive and procedural challenges to the snag and green tree provisions and the application of those provisions to the South Warner Project remain to be litigated.

Defendants argue that in *Greater Hells Canyon,* this Court ordered a "mandatory injunction" that "requires the Forest Service to retain the snag and green tree provisions[.]" Def. Resp. to Obj. at 1–2. Defendants rely on the fact that the Order contains the words "shall maintain" under a heading titled "INJUNCTION[.]" *Id.* at 2. Defendants contend that "such an injunction would squarely foreclose the relief Plaintiff belatedly seeks in this case (i.e. vacatur of those same provisions)[.]" *Id.*

In *Greater Hells Canyon*, this Court did not issue an injunction as to the Amendment's snag and green tree provisions. The Court simply excluded the provisions from vacatur and left them intact. *Greater Hells Canyon*, 790 F. Supp. 3d.

[3] As Plaintiff notes, Magistrate Judge Clarke and this Court (which adopted Judge Clarke's reasoning and conclusion) have already determined that, in formulating the Amendment, the Forest Service violated the NFMA by failing to provide an objection process. Pl. Obj. at 6 (citing *Greater Hells Canyon*, 790 F. Supp. 3d. at 1038, 1046–47 (citing *Blue Mountains Biodiversity Project v. Wilkes et al.*, 1:22-cv-01500-CL, ECF No. 39)).

at 1039, 1058. As the Court explained in *Greater Hells Canyon*, the federal defendants requested that the snag and green tree provisions be left intact, and the plaintiffs did not object. *Id.* at 1058. No party requested a mandatory injunction as to the provisions, and the Court did not undertake the requisite injunction analysis. *Id.*

The *Greater Hells Canyon* F&R recommended the following relief, which was headed "INJUNCTION":

> 1. A declaration that the Service violated NEPA by failing to conduct an EIS or taking a hard look at the effect of the Screens Amendment as a guideline and on aquatic species, NFMA by failing to hold the objection period, and the ESA by failing to address the effects of the Amendment on aquatic species;
> 2. An injunction requiring the Service to prepare an EIS for the Screens Amendment;
> 3. An injunction vacating the EA and FONSI; and
> 4. An order allowing the Service to maintain the snag and green tree retention portions of the Amendment, which replaced Sections 4(a) and 4(a)(1) of the Eastside Screens, while the Service prepares an EIS.

*Id.* at 1058. The Court adopted the F&R in full, provided the recommended declaratory relief, and ordered the other recommended relief, under the same "INJUNCTION" heading:

> 1. Defendant shall prepare an Environmental Impact Statement for the Amendment.
> 2. The Forest Service's Environmental Assessment and Finding of No Significant Impact is VACATED.
> 3. The Forest Service shall maintain the "snag and green tree retention" portions of the Amendment, which replaced Sections 4(a) and 4(a)(1) of the Eastside Screens, while the Service prepares an Environmental Impact Statement.

*Id.* Despite the INJUNCTION heading, the *Greater Hells Canyon* F&R did not recommend, nor did this Court order, an injunction as to the snag and green tree

provisions. The second entry under the INJUNCTION heading effectively vacates the Amendment and the third entry excludes from vacatur the snag and green tree portions of the Amendment. Neither entry is an injunction.

There are "meaningful differences" between a vacatur and an injunction. *Nat'l TPS All. v. Noem*, 773 F. Supp. 3d 807, 826 (N.D. Cal. 2025), *aff'd,* 150 F.4th 1000 (9th Cir. 2025) (quoting *Texas v. United States*, 40 F.4th 205, 219 (5th Cir. 2022)). A vacatur is a judicial ruling under the APA § 706 and differs from an injunction, which is a "drastic and extraordinary remedy." *Id.* "A court's decision to issue an injunction constitutes an unwarranted 'extraordinary remedy' if a less drastic remedy, such as vacatur, could sufficiently redress plaintiff's injury." *Klamath-Siskiyou Wildlands Ctr. v. Nat'l Marine Fisheries Serv.*, 109 F. Supp. 3d 1238, 1247 (N.D. Cal. 2015) (citing *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165–66 (2010)). Further, "a vacatur does nothing but re-establish the status quo absent the unlawful agency action." *Texas*, 40 F.4th at 220. Unlike an injunction, "[a]part from the constitutional or statutory basis on which the court invalidated an agency action, vacatur neither compels nor restrains further agency decision-making." *Id.*

In *Greater Hells Canyon*, this Court reviewed the agency decisions that resulted in the Amendment under NEPA and the APA. *Greater Hells Canyon*, 790 F. Supp. 3d at 1043–44. The Court determined that the decisions were arbitrary and capricious under APA 5 U.S.C. § 706(2). *Id.* at 1057. Accordingly, the Court vacated the Amendment except for the snag and green tree provisions, which were left intact. Contrary to Defendants' assertion, the Court did not issue a mandatory injunction to

require the Forest Service to retain the Amendment's snag and green tree provisions.[4]

In sum, Defendants have failed to carry their formidable burden to show that Plaintiff's claims are moot. Plaintiff's substantive and procedural challenges to the Amendment's snag and green tree provisions and its challenge to the South Warner Project are live and remain to be litigated. The Court can provide effectual relief during the remand period such as vacatur of the Amendment's snag and green tree provisions—which would provide vacatur of the entire Amendment—or interim injunctive relief that prohibits the agency from using the Amendment's snag and green tree provisions. Since vacatur of the snag and green tree provisions during the remand period would provide effectual relief, interim injunctive relief would likely not be necessary.

Accordingly, Defendants' Motion to Dismiss for lack of subject matter jurisdiction, ECF No. 70, is DENIED.

---

[4] Even if the Court had issued an injunction in *Greater Hells Canyon*, that injunction would not prevent the Court from providing effectual relief. A court has equitable authority to modify an injunction. *See United States v. Swift & Co.*, 286 U.S. 106, 114−15 (1932) ("[A] court does not abdicate its power to revoke or modify its mandate, if satisfied that what it has been doing has been turned through changing circumstances into an instrument of wrong."); *see also Armstrong v. Brown*, 768 F.3d 975, 980 (9th Cir. 2014) ("[A] district court may *sua sponte* order or modify injunctive relief."); *Brown v. Plata*, 563 U.S. 493, 542 (2011) ("The power of a court of equity to modify a decree of injunctive relief is long-established, broad, and flexible.").

**CONCLUSION**

For the reasons explained above, the Findings and Recommendation, ECF No. 87, is rejected. Defendant's Motion to Dismiss, ECF No. 70, is DENIED.

It is so ORDERED and DATED this 9th day of October 2026.

/s/Ann Aiken
ANN AIKEN
United States District Judge